# Exhibit B

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 19

SPACE EXPLORATION TECHNOLOGIES
CORPORATION d/b/a SPACEX

and                                                                                     Case 19-CA-309274

6,7(C)   an Individual

## COMPLAINT AND NOTICE OF HEARING

This Complaint and Notice of Hearing is based on a charge filed by 6,7(C) 6,7(C) ("Charging Party" or 6,7(C) ), an Individual. It is issued pursuant to § 10(b) of the National Labor Relations Act (the "Act"), 29 U.S.C. § 151 *et seq.*, and § 102.15 of the Rules and Regulations of the National Labor Relations Board (the "Board"), and alleges that Space Exploration Technologies Corporation d/b/a SpaceX ("Respondent") has violated the Act as described below.

1.

The charge in this proceeding was filed by the Charging Party on December 20, 2022, and a copy was served on Respondent by U.S. mail on December 21, 2022.

2.

(a)     At all material times, Respondent has been a for-profit corporation with an office and place of business in Redmond, Washington (the "Redmond facility"), where it is engaged in the business of manufacturing satellite communication systems.

(b)     In conducting its operations described above in paragraph 2(a) during the past twelve months, which period is representative of all material times, Respondent received gross revenues in excess of $500,000.

1

(c)    In conducting its operations described above in paragraph 2(a) during the past twelve months, which period is representative of all material times, Respondent purchased and received goods valued in excess of $50,000 at its Redmond facility directly from points outside the State of Washington.

(d)    At all material times, Respondent has been an employer engaged in commerce within the meaning of §§ 2(2), (6) and (7) of the Act.

3.

At all material times, the following individuals held the positions set forth opposite their respective names and have been supervisors of Respondent within the meaning of § 2(11) of the Act and/or agents of Respondent within the meaning of § 2(13) of the Act, acting on behalf of Respondent:

**6,7(C)**

4.

(a)    Since at least 6,7(C) 2022, Respondent has offered and entered into with each of its separated employees nationwide a severance agreement (the "Agreement") containing the following provisions:

> (i)    **Confidentiality.** The provisions of this Agreement will be held in strictest confidence by you and will not be publicized or disclosed by you in any manner whatsoever; *provided, however,* that: (a) you may disclose this Agreement in confidence to your attorneys, accountants, tax preparers and financial advisors; and (b) you may disclose this Agreement insofar as such disclosure may be necessary to enforce its terms or as otherwise required by law.  In particular, and without limitation, you agree not to disclose the terms of this Agreement to any current or former Company employee.

2

      (ii)    **Non-disparagement.** You agree not to disparage the Company, its officers, directors, employees, shareholders, and agents, in any manner likely to be harmful to its or their business, business reputation, or personal reputation. You shall not make any oral or written derogatory or negative comments about the Company concerning your employment with the Company or separation of employment. You agree not to make, repeat, or authorize any statements, comments, remarks, or publications of any type or of any nature which would tend to disparage or actually disparage the reputation of the Company. Notwithstanding the above, you will respond accurately and fully to any question, inquiry or request for information when required by legal process, and you retain the right to report waste, fraud, abuse, or violations of applicable law or regulations to an appropriate government agency or entity. Nothing in this agreement prevents you from discussing or disclosing information about unlawful acts in the workplace, such as harassment or discrimination or any other conduct that you have reason to believe is unlawful.

      (iii)    **Limits on Participation in Other Claims.** You agree not to provide assistance to any current, former, or future SpaceX employee with respect to any complaints, concerns, claims, or litigation of any kind against the Company, whether individual or class or collective action, unless compelled to do so by a valid subpoena or court order. If compelled to testify or otherwise provide evidence in any proceeding, you will provide SpaceX with immediate notice of receipt of an order or other demand for your participation by giving notice to the SpaceX Legal Team, 1155 F St NW, Suite 475, Washington, DC 20004-1343 in sufficient time for SpaceX to oppose such testimony or participation. To the extent prohibited by law, this section does not prevent you from participating in government investigations.

(b)    On or about 6,7(C), 2022, Respondent notified its employee 6,7(C) that 6,7(C) being terminated.

(c)    On or about 6,7(C) 2022, Respondent offered the Agreement to its employee 6,7(C)

3

5.

(a)    At all material times, Respondent has maintained as a nationwide policy an Employee Arbitration and Dispute Resolution Agreement and Class Action Waiver.

(b)    At all material times, Respondent has required employees, as a condition of employment, to sign the Employee Arbitration and Dispute Resolution Agreement and Class Action Waiver.

(c)    At all material times, Respondent has maintained the following rule in the Employee Arbitration and Dispute Resolution Agreement and Class Action Waiver:

> Nothing in this Agreement precludes either Party from filing a charge or complaint with any government or administrative agency or from participating in the investigation or prosecution of any such charge or complaint. However, the Parties understand and agree that a Party cannot obtain any monetary relief or recovery from such a proceeding.

6.

By the conduct described above in paragraphs 4 and 5, Respondent has been interfering with, restraining, and coercing employees in the exercise of the rights guaranteed in § 7 of the Act in violation of § 8(a)(1) of the Act.

7.

The unfair labor practices of Respondent described above affect commerce within the meaning of §§ 2(6) and (7) of the Act.

**WHEREFORE**, as part of the remedy for the unfair labor practices allegations alleged above, the General Counsel seeks an Order requiring that Respondent:

(a)     physically post for 60 days at all of its facilities nationwide as well as electronically distribute by e-mail, text messaging, and post on internal applications or intranet site, any Notice to Employees that may issue in this proceeding to all employees employed since at least 6,7(C) 2022;

(b)     at a recorded videoconference meeting scheduled to ensure the widest possible attendance by its employees nationwide, a representative of Respondent shall read the Notice to employees during work time in the presence of a Board agent in English and make that recording available for 60 days electronically;

(c)     remove from its files any reference to the unlawful provisions of any severance agreement entered into with separated employees since 6,7(C) 2022, and notify each separated employee in writing that this has been done and that Respondent will not seek to enforce those provisions; and

(d)     rescind and/or revise the unlawful provision of the Employee Arbitration and Dispute Resolution Agreement and Class Action Waiver, and notify each employee who was required to sign the Agreement in writing that this has been done and that Respondent will not seek to enforce the unlawful provision.

The General Counsel further seeks all other relief as may be just and proper to remedy the unfair labor practices alleged.

## ANSWER REQUIREMENT

Respondent is notified that, pursuant to §§ 102.20 and 102.21 of the Board's Rules and Regulations, it must file an answer to the Complaint.   The answer must be **received by this office on or before April 3, 2024**.   Respondent also must serve a copy of the answer on each of the other parties.

5

The answer must be filed electronically through the Agency's website. To file electronically, go to www.nlrb.gov, click on **E-File Documents**, enter the NLRB Case Number, and follow the detailed instructions. Responsibility for the receipt and usability of the answer rests exclusively upon the sender. Unless notification on the Agency's website informs users that the Agency's E-Filing system is officially determined to be in technical failure because it is unable to receive documents for a continuous period of more than 2 hours after 12:00 noon (Eastern Time) on the due date for filing, a failure to timely file the answer will not be excused on the basis that the transmission could not be accomplished because the Agency's website was off-line or unavailable for some other reason. The Board's Rules and Regulations require that an answer be signed by counsel or non-attorney representative for represented parties or by the party if not represented. *See* § 102.21. If the answer being filed electronically is a pdf document containing the required signature, no paper copies of the answer need to be transmitted to the Regional Office. However, if the electronic version of an answer to the Complaint is not a pdf file containing the required signature, then the E-filing rules require that such answer containing the required signature continue to be submitted to the Regional Office by traditional means within three (3) business days after the date of electronic filing. Service of the answer on each of the other parties must still be accomplished by means allowed under the Board's Rules and Regulations. The answer may not be filed by facsimile transmission. If no answer is filed, or if an answer is filed untimely, the Board may find, pursuant to a Motion for Default Judgment, that the allegations in the Complaint are true.

## **NOTICE OF HEARING**

PLEASE TAKE NOTICE THAT, beginning at 9 a.m. on **the 29th day of October, 2024,** in a hearing room in the Jackson Federal Building, 915 Second Avenue, Seattle, Washington, and on consecutive days thereafter until concluded, a hearing will be conducted before an administrative law judge of the National Labor Relations Board. At the hearing, Respondent and any other party to this proceeding have the right to appear and present testimony regarding the allegations in this Complaint. The procedures to be followed at the hearing are described in the attached Form NLRB-4668. The procedure to request a postponement of the hearing is described in the attached Form NLRB-4338.

Dated at Seattle, Washington, this 20th day of March, 2024.

*/s/ Ronald K. Hooks*
Ronald K. Hooks, Regional Director
National Labor Relations Board, Region 19
915 2nd Ave., Ste. 2948
Seattle, WA 98174-1006

Attachments

Form NLRB-4668
(6-2014)

# Procedures in NLRB Unfair Labor Practice Hearings

The attached complaint has scheduled a hearing that will be conducted by an administrative law judge (ALJ) of the National Labor Relations Board who will be an independent, impartial finder of facts and applicable law. **You may be represented at this hearing by an attorney or other representative**. If you are not currently represented by an attorney, and wish to have one represent you at the hearing, you should make such arrangements as soon as possible. A more complete description of the hearing process and the ALJ's role may be found at Sections 102.34, 102.35, and 102.45 of the Board's Rules and Regulations. The Board's Rules and regulations are available at the following link: www.nlrb.gov/sites/default/files/attachments/basic-page/node-1717/rules_and_regs_part_102.pdf.

The NLRB allows you to file certain documents electronically and you are encouraged to do so because it ensures that your government resources are used efficiently. To e-file go to the NLRB's website at www.nlrb.gov, click on "e-file documents," enter the 10-digit case number on the complaint (the first number if there is more than one), and follow the prompts. You will receive a confirmation number and an e-mail notification that the documents were successfully filed.

**Although this matter is set for trial, this does not mean that this matter cannot be resolved through a settlement agreement**. The NLRB recognizes that adjustments or settlements consistent with the policies of the National Labor Relations Act reduce government expenditures and promote amity in labor relations and encourages the parties to engage in settlement efforts.

## I.   BEFORE THE HEARING

The rules pertaining to the Board's pre-hearing procedures, including rules concerning filing an answer, requesting a postponement, filing other motions, and obtaining subpoenas to compel the attendance of witnesses and production of documents from other parties, may be found at Sections 102.20 through 102.32 of the Board's Rules and Regulations. In addition, you should be aware of the following:

- **Special Needs:** If you or any of the witnesses you wish to have testify at the hearing have special needs and require auxiliary aids to participate in the hearing, you should notify the Regional Director as soon as possible and request the necessary assistance. Assistance will be provided to persons who have handicaps falling within the provisions of Section 504 of the Rehabilitation Act of 1973, as amended, and 29 C.F.R. 100.603.

- **Pre-hearing Conference:** One or more weeks before the hearing, the ALJ may conduct a telephonic prehearing conference with the parties. During the conference, the ALJ will explore whether the case may be settled, discuss the issues to be litigated and any logistical issues related to the hearing, and attempt to resolve or narrow outstanding issues, such as disputes relating to subpoenaed witnesses and documents. This conference is usually not recorded, but during the hearing the ALJ or the parties sometimes refer to discussions at the pre-hearing conference. You do not have to wait until the prehearing conference to meet with the other parties to discuss settling this case or any other issues.

## II.   DURING THE HEARING

The rules pertaining to the Board's hearing procedures are found at Sections 102.34 through 102.43 of the Board's Rules and Regulations. Please note in particular the following:

- **Witnesses and Evidence**: At the hearing, you will have the right to call, examine, and cross-examine witnesses and to introduce into the record documents and other evidence.

- **Exhibits: Each exhibit offered in evidence must be provided in duplicate to the court reporter and a copy of each of each exhibit should be supplied to the ALJ and each party when the exhibit is offered in evidence.** If a copy of any exhibit is not available when the original is received, it will be the responsibility of the party offering such exhibit to submit the copy to the ALJ before the close of hearing.

(OVER)

Form NLRB-4668
(6-2014)

- If a copy is not submitted, and the filing has not been waived by the ALJ, any ruling receiving the exhibit may be rescinded and the exhibit rejected.

- **Transcripts**:  An official court reporter will make the only official transcript of the proceedings, and all citations in briefs and arguments must refer to the official record. The Board will not certify any transcript other than the official transcript for use in any court litigation.  Proposed corrections of the transcript should be submitted, either by way of stipulation or motion, to the ALJ for approval.  Everything said at the hearing while the hearing is in session will be recorded by the official reporter unless the ALJ specifically directs off-the-record discussion.  If any party wishes to make off-the-record statements, a request to go off the record should be directed to the ALJ.

- **Oral Argument:**  You are entitled, on request, to a reasonable period of time at the close of the hearing for oral argument, which shall be included in the transcript of the hearing.  Alternatively, the ALJ may ask for oral argument if, at the close of the hearing, if it is believed that such argument would be beneficial to the understanding of the contentions of the parties and the factual issues involved.

- **Date for Filing Post-Hearing Brief**:  Before the hearing closes, you may request to file a written brief or proposed findings and conclusions, or both, with the ALJ.  The ALJ has the discretion to grant this request and to will set a deadline for filing, up to 35 days.

## III.   AFTER THE HEARING

The Rules pertaining to filing post-hearing briefs and the procedures after the ALJ issues a decision are found at Sections 102.42 through 102.48 of the Board's Rules and Regulations.  Please note in particular the following:

- **Extension of Time for Filing Brief with the ALJ:**  If you need an extension of time to file a post-hearing brief, you must follow Section 102.42 of the Board's Rules and Regulations, which requires you to file a request with the appropriate chief or associate chief administrative law judge, depending on where the trial occurred.  You must immediately serve a copy of any request for an extension of time on all other parties and furnish proof of that service with your request.  You are encouraged to seek the agreement of the other parties and state their positions in your request.

- **ALJ's Decision:**  In due course, the ALJ will prepare and file with the Board a decision in this matter. Upon receipt of this decision, the Board will enter an order transferring the case to the Board and specifying when exceptions are due to the ALJ's decision.  The Board will serve copies of that order and the ALJ's decision on all parties.

- **Exceptions to the ALJ's Decision**:  The procedure to be followed with respect to appealing all or any part of the ALJ's decision (by filing exceptions with the Board), submitting briefs, requests for oral argument before the Board, and related matters is set forth in the Board's Rules and Regulations, particularly in Section 102.46 and following sections.  A summary of the more pertinent of these provisions will be provided to the parties with the order transferring the matter to the Board.

FORM NLRB 4338
(6-90)

UNITED STATES GOVERNMENT
NATIONAL LABOR RELATIONS BOARD
**NOTICE**

Case 19-CA-309274

The issuance of the notice of formal hearing in this case does not mean that the matter cannot be disposed of by agreement of the parties. On the contrary, it is the policy of this office to encourage voluntary adjustments. The examiner or attorney assigned to the case will be pleased to receive and to act promptly upon your suggestions or comments to this end.

An agreement between the parties, approved by the Regional Director, would serve to cancel the hearing. However, unless otherwise specifically ordered, the hearing will be held at the date, hour, and place indicated. Postponements ***will not be granted*** unless good and sufficient grounds are shown ***and*** the following requirements are met:

(1) The request must be in writing. An original and two copies must be filed with the Regional Director when appropriate under 29 CFR 102.16(a) or with the Division of Judges when appropriate under 29 CFR 102.16(b).

(2) Grounds must be set forth in ***detail***;

(3) Alternative dates for any rescheduled hearing must be given;

(4) The positions of all other parties must be ascertained in advance by the requesting party and set forth in the request; and

(5) Copies must be simultaneously served on all other parties (listed below), and that fact must be noted on the request.

Except under the most extreme conditions, no request for postponement will be granted during the three days immediately preceding the date of hearing.

**E-Service**

Christopher Cardaci, Vice President, Legal
Space Exploration Technologies
Corporation d/b/a SpaceX
23020 NE Alder Crest Dr.
Redmond, WA 98053
   christopher.cardaci@spacex.com

Harry I. Johnson III, Esq.
Morgan, Lewis & Bockius LLP
2049 Century Park E, Ste. 700
Los Angeles, CA 90067-3109
   harry.johnson@morganlewis.com

**E-Service**

Hope A Jacobson, Attorney
Law Office of Hope Jacobson
315 W. 3rd St., Unit 605
Long Beach, CA 90802
   hope@hopejacobson.com



6,7(C)

FORM NLRB 4338
    (6-90)

Lauren M. Emery, Attorney
Morgan, Lewis & Bockius, LLP
110 North Wacker Dr., Ste. 4800
Chicago, IL 60606-1511
    lauren.emery@morganlewis.com

Matthew A. Harper, Attorney
Morgan Lewis & Bockius LLP
1000 Louisiana St., Ste. 4000
Houston, TX 77002-5048
    matt.harper@morganlewis.com