UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SPACE EXPLORATION TECHNOLOGIES CORP., <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board, LAUREN M. McFERRAN, in her official capacity as the Chairman of the National Labor Relations Board, MARVIN E. KAPLAN, GWYNNE A. WILCOX, and DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board, and JOHN DOE in his official capacity as an Administrative Law Judge of the National Labor Relations Board, <br><br> Defendants. | Civil Action No. <br> 6:24-cv-00203-ADA-DTG |

**DEFENDANTS' OPPOSED MOTION
FOR TWO-WEEK EXTENSION OF TIME TO FILE RESPONSE
TO PRELIMINARY INJUNCTION MOTION**

Pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure, Defendants (hereinafter "NLRB") move this Court for a two-week extension of time, through and including May 23, 2024, to respond to Plaintiff Space Exploration Technologies Corp ("SpaceX")'s motion for a preliminary injunction motion in this matter. Counsel for The NLRB consulted SpaceX counsel regarding this request but were unable to reach an agreement by the time of filing. In support of this motion, the NLRB says as follows.

1

1. This case is a collateral attack on an administrative complaint issued by the NLRB's Regional Office in Seattle, Washington (Region 19) against SpaceX, a California corporation. Dkt. 11-3. That administrative complaint, in turn, is based on a charge filed by an individual with Region 19 in NLRB Case No. 19-CA-309274. *Id*. at 1.

2. The NLRB's Regional Office in Seattle issued that administrative complaint on March 20, 2024. *Id*. at 8. That same day, Region 19 also issued a Notice of Hearing, setting an administrative hearing that is scheduled to begin in Seattle on October 29, 2024. *Id*.

3. On April 17, 2024, SpaceX filed its answer to the NLRB's administrative complaint. Dkt. 11 at 1.

4. On April 19, 2024, SpaceX filed the instant district court suit, which principally alleges that its action "stems from an unlawful attempt by the [NLRB] to subject SpaceX to an administrative proceeding . . . whose structure violates Article II of the Constitution of the United States." Dkt. at 1, ¶1. In essence, SpaceX attacks the constitutionality of an 88-year-old agency whose structure has been found constitutional by express decision of the Supreme Court. *NLRB v. Jones & Laughlin Steel Corp.,* 301 U.S. 1 (1937).

5. On April 25, 2024, SpaceX filed a Motion for a Preliminary Injunction ("Motion"). Dkt. 25. SpaceX's Motion seeks a preliminary injunction to enjoin an administrative hearing that is more than six months away.

6. SpaceX claims that it "needs this Court's intervention now as administrative discovery could issue at any point." Dkt. 11 at 1. But the NLRB's administrative proceedings, as a general rule, do not permit pre-hearing discovery. *See* NLRB Bench Book § 7-200 (April 2024), available at https://www.nlrb.gov/sites/default/files/attachments/pages/node-174/2024-bench-book-updated.pdf ("It is well established that pretrial discovery does not apply in Board

proceedings."); *see also NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 236–37 (1978) (approving this policy).

7. SpaceX has presented no evidence or argument that it will be compelled to produce any evidence prior to October 29, 2024.

8. Pursuant to Local Rule CV-7(d)(2), the NLRB's response to SpaceX's Motion is due on May 9, 2024. But "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time" if the request is made before the time expires. Fed. R. Civ. P. 6(b)(1).

9. Because of the press of other litigation and previously scheduled leave, counsel for NLRB are unavailable to respond to SpaceX's preliminary injunction motion within the present due date. Deputy Assistant General Counsel Kevin Flanagan has previously scheduled leave from March 3-10. Primary counsel David Boehm is also preparing a surreply in related litigation discussed below, and will likely be required to submit further briefing in that case relating to a preliminary injunction. And the primary supervisory attorney on the case, Paul Thomas, is supervising preparations for the filing of a motion for attorney fees in *NLRB v. Alaris Health at Rochelle Park*, No. 22-1151 (3d Cir.), due May 17, and associated settlement discussions, as well as supervising a compliance deposition in *Pain Relief Centers*, NLRB Case No. 10-CA-266324 et al. Accordingly, the NLRB seeks a two-week extension of time to file its response to SpaceX's Motion for a Preliminary Injunction, such that its response would be due by May 23, 2024.

10. Because the hearing SpaceX seeks to enjoin is more than six months away and because SpaceX has identified no discovery obligation requiring production prior to October 29, 2024, SpaceX will suffer no prejudice from a two-week extension.

11. The NLRB additionally notes that a matter involving the same parties and issues is currently pending before the Southern District of Texas. *See Space Expl. Techs. Corp. v. NLRB*, No. 1:24-cv-00001 (S.D. Tex.). That court has determined that it lacked proper venue of the case, and has ordered it transferred to the Central District of California. [S.D. Tex. Case No. 1:24-cv-00001 (S.D. Tex.), ECF No. 82.] SpaceX attempted to overturn that decision by seeking a writ of mandamus and, when that was denied, filing a petition for en banc rehearing. [Case No. 24-40103 [5th Cir.], ECF Nos. 2-2; 71.] When that, too, was denied, SpaceX filed a motion for reconsideration with the district court, which the NLRB has opposed. [S.D. Tex. Case No. 1:24-cv-00001 (S.D. Tex.), ECF Nos. 112, 116, 117.] SpaceX has also moved for a preliminary injunction in that case, which motion remains pending. [S.D. Tex. Case No. 1:24-cv-00001 (S.D. Tex.), ECF No. 37.] Resolution of those disputes may bear on matters before the Court in this case.

## CONCLUSION

Because good cause exists to extend the time for which the NLRB may respond to SpaceX's motion, this Court should grant the NLRB's request and grant them until May 23, 2024 to file their response.

Respectfully submitted,

                        NATIONAL LABOR RELATIONS BOARD

KEVIN P. FLANAGAN
*Deputy Assistant General Counsel*

PAUL A. THOMAS
*Supervisory Attorney*

DAVID P. BOEHM
*Trial Attorney*
(application for admission to be filed)
D.C. Bar No. 1033755
National Labor Relations Board
1015 Half Street, S.E. - 4th Floor
Washington, DC 20003
Telephone: (202) 273-4202
Email: David.boehm@nlrb.gov

s/Maxie Gallardo Miller
MAXIE GALLARDO MILLER
*Field Attorney*
National Labor Relations Board, Region 16
819 Taylor Street, Room 8A24
Fort Worth, Texas 76102
Telephone: (682) 703-7222
Email: Maxie.miller@nlrb.gov

Dated this 26th day of April, 2024.