UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SPACE EXPLORATION TECHNOLOGIES CORP., <br><br> Plaintiff, <br> v. <br><br> NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board, LAUREN M. McFERRAN, in her official capacity as the Chairman of the National Labor Relations Board, MARVIN E. KAPLAN, GWYNNE A. WILCOX, and DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board, and JOHN DOE in his official capacity as an Administrative Law Judge of the National Labor Relations Board, <br><br> Defendants. | Case No. 6:24-cv-00203-ADA-DTG |

**MOTION OF DEFENDANTS TO STAY FURTHER PROCEEDINGS**

1

## INTRODUCTION AND MOTION

The National Labor Relations Board ("NLRB") files this motion to stay further proceedings on Space Exploration Technologies Corp.'s ("SpaceX") Complaint, in the interests of justice. An action involving the same parties and the exact same legal issues (plus two others not raised here) was filed first and is currently still before the United States District Court for the Southern District of Texas. *See Space Exploration Technologies Corp. v. National Labor Relations Board, et. al.*, Case No. 24-cv-0001 (S.D. Tex., filed Jan. 4, 2024). That court has, in turn, ruled that the case should be transferred to the Central District of California, although various procedural obstacles have so far prevented that transfer order from being fully effectuated. If this motion is granted, and once the Southern District of Texas determines how to move forward with the matter before it, the NLRB will move this Court to lift the requested stay and transfer the action to the appropriate venue.

## BACKGROUND

SpaceX filed the instant complaint in the United States District Court for the Western District of Texas on April 19, 2024, collaterally attacking NLRB proceedings on an Unfair Labor Practice ("ULP") charge filed on December 20, 2022, by a former employee working at a SpaceX facility in Redmond, Washington (NLRB Case No. 19-CA-309274). After the ULP charge was investigated, the Regional Director of Region 19 of the NLRB found merit to portions of the charge, issuing an administrative complaint ("ULP Complaint") on behalf of the General Counsel on

March 20, 2024.[1] The ULP Complaint set a hearing date before an Administrative Law Judge ("ALJ") on October 26, 2024. On April 30, 2024, the Regional Director postponed that hearing date indefinitely.[2] SpaceX's Complaint before this Court challenges the legitimacy of the ULP proceeding, alleging that the NLRB's ALJs and Board members are unconstitutionally insulated from removal.

This is not SpaceX's first time raising these legal issues before a United States District Court. On January 4, 2024, SpaceX filed a complaint ("*SpaceX I*") in the Southern District of Texas alleging, *inter alia*, precisely the same notional constitutional infirmities as to a hearing due to take place in NLRB Cases No. 31-CA-307446 et al.[3] The NLRB moved to transfer that case to the Central District of California because venue was both improper and inconvenient. Shortly afterward, SpaceX filed a motion for a preliminary injunction. On February 15, that court granted the NLRB's motion to transfer the case, finding that it was an improper venue under 28 U.S.C. § 1406(a). SpaceX moved the Fifth Circuit to reverse that finding via an extraordinary writ of mandamus.[4] That relief was denied on March 5, and the Fifth Circuit declined to rehear the matter en banc on April 17.[5]

---

[1] Doc. 11-3.

[2] "RD's Order to Reschedule Hearing," Apr. 30, 2024, https://www.nlrb.gov/case/19-CA-309274.

[3] 24-cv-0001 (S.D. Tex.) ECF 1.

[4] 24-40103 (5th Cir.) ECF 2-2.

[5] 24-40103 (5th Cir.) ECF 59, 111-1.

3

Immediately thereafter, SpaceX moved the district court to reconsider the transfer order, or alternatively, rule on its pending preliminary injunction motion.[6] Then, when the district court did not act quickly enough for SpaceX's liking, it filed an interlocutory appeal, claiming the district court had effectively denied its preliminary injunction motion.[7] It subsequently sought an injunction pending appeal, which the Fifth Circuit granted on May 2.[8]

Without in any way conceding the correctness of SpaceX's arguments, in an effort to eliminate obstacles to the issuance of final judgment in the proper court, the NLRB has now moved the Southern District of Texas for an indicative ruling that would enter a consented-to order requiring the NLRB to cease processing NLRB Cases 31-CA-307446 et al. until final judgment is rendered by whichever district court is determined to be the proper venue in that case.[9] SpaceX has stated that it opposes entry of such relief, but it has not yet filed a formal opposition to the NLRB's indicative-ruling motion.

Following the NLRB's filing of its motion for indicative ruling, the Southern District of Texas issued an order on May 17 denying reconsideration of its earlier decision finding venue improper and ordering transfer to the Central District of

---

[6] 24-cv-0001 (S.D. Tex.) ECF 112.

[7] 24-cv-0001 (S.D. Tex.) ECF 119; 24-40315 (5th Cir.) ECF 10-1 at 1.

[8] *See* 24-40315 (5th Cir.) ECF 10-1; 40.

[9] 24-cv-0001 (S.D. Tex.) ECF 119.

4

California.[10] However, that order was apparently issued prematurely, as the court on May 20 rescinded the order "awaiting input from the Fifth Circuit."[11]

## ARGUMENT

### I. This case is subject to the first-to-file rule because its claims are completely encompassed in *SpaceX I*.[12]

The first-to-file rule controls these proceedings because SpaceX previously filed a lawsuit containing identical claims in another jurisdiction. The first-to-file rule provides that, when two lawsuits sharing a "substantial overlap" of issues are pending in separate federal courts, the court where the first-filed suit is pending is the court of dominant jurisdiction. *See W. Gulf Mar. Ass'n v. ILA Deep Sea Loc. 24*, 751 F.2d 721, 728-30 (5th Cir. 1985). "The court with 'prior jurisdiction over the common subject matter' should resolve all issues presented in related actions." *Id.* at 730 (quoting *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971)). The first-to-file rule exists, as the Fifth Circuit explained in *West Gulf*, "[t]o avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." 751 F.2d at 729.

---

[10] 24-cv-0001 (S.D. Tex.) ECF 123.

[11] 24-cv-0001 (S.D. Tex.) ECF 125.

[12] For reasons of expedition, this motion addresses only the first-to-file rule; the NLRB does not concede that venue is otherwise proper in this Court, or that transfer would not be warranted for the convenience of the parties in the interests of justice.

The "second-filed court plays a limited role when presented with a motion to transfer or stay based on the first-to-file rule." *Platt v. Nash*, No. 4:16-cv-294, 2016 WL 6037856, at *1 (E.D. Tex. Oct. 14, 2016). That role is to decide whether the movant has shown a "likelihood of substantial overlap between the two suits." *Mann Mfg.*, 439 F.2d at 408; *accord Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 606 (5th Cir. 1999) (second-filed court should determine only whether "the issues might substantially overlap"). Once the second-filed court finds that the issues in the two suits may substantially overlap, it must defer to the first-filed court to decide the question of whether both should be allowed to proceed. *Mann Mfg.* at 407; *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 948 (5th Cir. 1997).

Put differently, the first-to-file rule dictates not just where the merits of substantially similar cases must be heard, but also *which forum should decide* whether the second suit filed must be dismissed, stayed, or consolidated. *Save Power Ltd.*, 121 F.3d at 948; *Stutter Corp v. P & P Indus., Inc.*, 125 F.3d 914, 920 (5th Cir. 1997). Here, SpaceX's action in the Southern District of Texas was filed well before its complaint currently before this Court. Accordingly, the only question that this Court needs to resolve at this time is whether there is "substantial overlap" between the actions in the Southern District of Texas and this one. *W. Gulf*, 751 F.2d at 730.

Fortunately, that question has an easy answer here. SpaceX's action before this Court is almost identical to *SpaceX I*. Its Complaint here contains two Counts alleging that NLRB Administrative Law Judges (Count I) and Board members

6

(Count II) are unconstitutionally insulated from removal. Both counts were also raised in SpaceX's first-filed complaint before the Southern District of Texas, and nothing about the legal merits (or, in the NLRB's view, lack thereof) of its claim turns in any way on the specifics of the underlying Board proceedings.[13] Indeed, it is only the "wholly collateral" nature of the suit that allows any district court to have subject-matter jurisdiction of it at all.[14]

Nor are there any other material differences between the suits. The only difference between the parties involved is that this case lists a "John Doe" as the relevant administrative law judge because no judge has yet been assigned to the Region 19 ULP case—but the judge is merely an official-capacity defendant, and the NLRB is the only real defendant in interest here. And while the action before the Southern District of Texas also involves two additional claims, the claims before this Court are entirely encompassed in the action before the Southern District. This case doesn't just "substantial[ly] overlap" *SpaceX I*; it's a virtual carbon copy. The first-to-file rule applies here.

## II. This Court should stay these proceedings until the issue of venue in *SpaceX I* is resolved.

Until *SpaceX I* reaches its destination venue, this case should be stayed. The principal reason for this is economy, both of the courts and of the parties. An immediate transfer of this action to the Southern District of Texas while that court

---

[13] *See* 24-cv-0001 (S.D. Tex.) ECF 1, ¶¶ 51-64 (ALJ removability claim); 65-82 (Board member removability claim).

[14] *Axon Enter., Inc. v. FTC*, 598 U.S. 175, 193 (2023).

7

sorts out any remaining venue issues in *SpaceX I* would result in delay and confusion.

The basic rule here is that jurisdiction over the first-filed action moves with that action, and controls the proper venue to dispose of the second-filed action. In particular, where the first-filed case is transferred from the court where that action was initially filed, the "second-filed court should defer to that court's choice and transfer to the court where the [initial] action is pending." *Tidel Techs., Inc. v. Corp. Safe Specialists, Inc.*, No. 2:05-CV-260, 2005 WL 8161338, at *2 (E.D. Tex. Aug. 15, 2005).[15]

The facts of this case, however, are unusual, and call for a stay rather than an immediate transfer. As noted above, the Southern District of Texas has indicated (and the Fifth Circuit has rejected calls to overrule) its intent to transfer *SpaceX I* to the Central District of California. It has even indicated, albeit in a now-rescinded order, its rejection of SpaceX's arguments for reconsideration of that order. The transfer process, however, has been stalled by SpaceX's filing of an interlocutory appeal in *SpaceX I*. In consenting to entry of essentially the very order sought by SpaceX on appeal, the NLRB has sought to prioritize expediency and swift resolution of the merits over full vindication of its legal position, but SpaceX has

---

[15] The court of the second-filed action need not and should not attempt to determine whether jurisdiction and venue are proper in the first-filed action prior to transfer; such matters are for the first-filed court to resolve. *Cadle Co.*, 174 F.3d at 603. We observe, however, that venue of both of these actions is indisputably proper in the Central District of California; SpaceX is headquartered in Hawthorne, California, and thus resides there. 28 U.S.C. § 1391(e)(1)(C).

refused to cooperate. As such, it is presently unclear when the Southern District of Texas's decision to transfer *SpaceX I* to the Central District of California will actually be effectuated.

Given the unusual procedural thicket that *SpaceX I* has become, staying these proceedings is appropriate. The objective of the first-to-file rule is to prevent duplication of judicial efforts and the possibility of conflicting judicial resolutions. *Save Power*, 121 F.3d at 950. Courts liberally interpret their mandate to ensure that legal issues—and the parties arguing those issues—can be heard in nonduplicative fashion. *See, e.g., Chamber of Com. of U.S. v. FTC*, ---- F. Supp. ----, No. 6:24-CV-00148, 2024 WL 1954139, at *8 (E.D. Tex. May 3, 2024) (staying second-filed case challenging agency action under "first-to-file" rule where court's authority to transfer case was unclear). The best way to do so here is to stay this case until the venue questions in *SpaceX I* are resolved; otherwise, it is likely that this case would need to be transferred twice, first to the Southern District of Texas and then to the Central District of California, with all the attendant delays and logistical work involved in doing so.

Moreover, the underlying agency proceedings that SpaceX complains of in this action have been indefinitely postponed. There is no urgent need, even on SpaceX's own terms, for action from this Court; the wiser course is simply to wait for further developments in the Southern District of Texas.

Accordingly, we respectfully request that this Court enter a stay of all further proceedings in this case pursuant to the first-filed rule until venue over SpaceX's first-filed suit is properly determined.

Respectfully submitted,

NATIONAL LABOR RELATIONS BOARD
*Contempt, Compliance, and*
 *Special Litigation Branch*

KEVIN P. FLANAGAN
*Deputy Assistant General Counsel*

GRACE L. PEZZELLA
*Trial Attorney*

MATHEUS TEIXEIRA
*Trial Attorney*

DAVID P. BOEHM
*Trial Attorney*
(application for admission pending)
D.C. Bar No. 1033755
National Labor Relations Board
1015 Half Street, S.E. - 4th Floor
Washington, DC 20003
Telephone: (202) 273-4202
Email: David.boehm@nlrb.gov

s/Maxie Gallardo Miller
MAXIE GALLARDO MILLER
*Field Attorney*
National Labor Relations Board,
Region 16
819 Taylor Street, Room 8A24
Fort Worth, Texas 76102
Telephone: (682) 703-7222
Email: Maxie.miller@nlrb.gov

Dated this 23d day of May, 2023.