# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| SPACE EXPLORATION TECHNOLOGIES CORP., <br><br>           Plaintiff, <br><br>    v. <br><br> NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board, LAUREN M. McFERRAN, in her official capacity as the Chairman of the National Labor Relations Board, MARVIN E. KAPLAN, GWYNNE A. WILCOX, and DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board, and JOHN DOE in his official capacity as an Administrative Law Judge of the National Labor Relations Board, <br><br>           Defendants. | Case No. 6:24-cv-00203-ADA-DTG |

# DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

# TABLE OF CONTENTS

Background ................................................................................................................. 1

Legal Standard........................................................................................................... 4

Argument .................................................................................................................... 5

   I. SpaceX cannot establish irreparable harm as to ALJ or Board Member
   removability, which is fatal................................................................................... 5

      A. Axon does not establish per se irreparable harm................................. 6

      B. SpaceX fails to allege causal harm, which is a prerequisite to prevailing on its
      irreparable-harm claim............................................................................ 7

      C. The availability of severance bars injunctive relief............................ 10

      D. Harms incident to litigation are not irreparable injury as a matter of law. ...... 12

   II. SpaceX is unlikely to succeed on the merits. ............................................ 13

      A.    Board members' removal protections are constitutional under Humphrey's
      Executor and Fifth Circuit Precedents. ................................................ 13

      B. SpaceX fails to show that any ALJ would have been removed but for removal
      protections. ............................................................................................... 16

   III. The balance of the equities and the public interest factors counsel against
   granting a preliminary injunction. ................................................................. 19

Conclusion ............................................................................................................... 20

Plaintiff Space Exploration Technologies Corp.'s ("SpaceX") motion for a preliminary injunction fails in the first instance because it demonstrates no likelihood of irreparable harm arising from Defendant National Labor Relations Board's ("NLRB")[1] administrative proceeding. To begin with, one of its claims (relating to the removability of administrative law judges) is wholly speculative; the hearing in this case has been postponed indefinitely and taken off the calendar, such that there is no agency action at present for this Court to enjoin, and no urgency to Plaintiff's request. As to both claims, Plaintiff makes no showing of causal harm, which necessarily negates any possibility that such harm could be irreparable. And severance—not an injunction—would be the only proper remedy for the allegedly excessive tenure of officers even if harm were actually shown. SpaceX fares no better on the merits due to the same inability to show causation, and also because its claim as to Board member removability is foreclosed by binding Supreme Court precedent. Finally, SpaceX also fails to show that the balance of hardships and public interest favor injunctive relief. For these reasons, SpaceX's motion for a preliminary injunction should be denied.

## BACKGROUND

The NLRB adjudicates allegations that an employer or union has committed an "unfair labor practice" ("ULP").[2] To help it do so, the NLRB employs Administrative Law Judges ("ALJs") appointed in accordance with the Civil Service

---

[1] References to "Defendant" or "NLRB" encompass all Defendants.

[2] 29 U.S.C. § 160.

Reform Act[3] and the National Labor Relations Act ("NLRA").[4] But the Board is not bound to accept the ALJ's findings of fact or conclusions of law.[5]

Board members serve five-year, staggered terms, and may only be removed "for neglect of duty or malfeasance in office."[6] Once the Board—the final word for the Executive Branch—issues a decision, that decision is reviewable in courts of appeals.[7] By virtue of the NLRA's design, district courts generally lack jurisdiction to review or supervise the conduct of NLRB proceedings.[8]

With a handful of exceptions, ALJs may be removed "only for good cause established and determined by the Merit Systems Protection Board [("MSPB")] on the record after opportunity for hearing before the [MSPB]."[9] Accordingly, removal of an NLRB ALJ is a two-step process: (1) the Board must bring an action to remove an ALJ; and (2) the MSPB must determine that good cause for removal has been established. The MSPB has applied "good cause" to remove or suspend ALJs for a

---

[3] 5 U.S.C. § 3105.

[4] 29 U.S.C. § 154(a); *see WestRock Services, Inc.*, 366 NLRB No. 157, slip op. at 3 (2018).

[5] 29 U.S.C. § 160(c).

[6] *Id.*

[7] *Id.* § 160(e), (f).

[8] *Bokat v. Tidewater Equip. Co.*, 363 F.2d 667, 673 (5th Cir. 1966) (district courts "have a very very minor role to play in this statutory structure"); *see also Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 48 (1938) (cited in *Axon Enter., Inc. v. FTC*, 598 U.S. 175 (2023)).

[9] 5 U.S.C. § 7521(a).

variety of reasons.[10] MSPB members also can only be removed for cause.[11] The Fifth Circuit has opined that SEC ALJ removal protections are unconstitutional, without granting relief, but other circuit courts have disagreed.[12]

This case stems from a ULP charge filed on December 20, 2022, by a former employee (the "Charging Party") working at the SpaceX facility in Redmond, Washington.[13] Following an investigation, the Regional Director of Region 19 of the NLRB in Seattle, Washington, found merit to portions of the ULP charge and issued an administrative complaint ("ULP Complaint") on behalf of the General Counsel on March 20, 2024. The complaint alleges that specific provisions of SpaceX's severance agreement and its "Employee Arbitration and Dispute Resolution Agreement and Class Action Waiver" were in violation of Section 8(a)(1) of the National Labor Relations Act ("NLRA"). On April 30, 2024, the hearing in the ULP Complaint initially scheduled for October 29, 2024, was postponed indefinitely.[14]

---

[10] *See, e.g., HHS v. Jarboe*, 2023 MSPB 22, ¶ 3 (Aug. 2, 2023) ("failure to follow instructions"); *SSA v. Anyel*, 58 MSPR 261, 269 (1993) ("ignor[ing] binding agency interpretations of law"); *SSA v. Burris*, 39 MSPR 51, 57 (1988) ("disrespectful conduct"); *SSA v. Goodman*, 19 MSPR 321, 328 (1984) ("poor performance").

[11] *See* 5 U.S.C. § 1202(d) ("Any member of the Board may be removed by the President, upon notice and hearing, for neglect of duty or malfeasance in office, but for no other cause.").

[12] *Compare Jarkesy v. SEC*, 34 F.4th 446 (5th Cir. 2022), *cert. granted*, No. 22-859 (argued Nov. 29, 2023), *with Decker Coal Co. v. Pehringer*, 8 F.4th 1123 (9th Cir. 2021), *and Calcutt v. FDIC*, 37 F.4th 293 (6th Cir. 2022), *rev'd per curiam on other grounds*, 598 U.S. 623 (2023).

[13] Doc. 11-3 at 1.

[14] "RD's Order to Reschedule Hearing," Apr. 30, 2024, https://www.nlrb.gov/case/19-CA-309274.

On April 19, SpaceX filed the instant Complaint in the United States District Court for the Western District of Texas, alleging that the NLRB's ALJs and Board members are unconstitutionally insulated from removal.[15]

This is not SpaceX's first time raising these issues before a Texas district court. It previously filed a complaint and motion for preliminary injunction in the Southern District of Texas challenging a different administrative complaint on the precise same grounds raised here as well as two others.[16] A full recitation of the procedural history of that case ("*SpaceX I*") appears in Defendants' Motion to Stay Further Proceedings.[17]

## LEGAL STANDARD

A preliminary injunction is "an extraordinary and drastic remedy" that should "never [be] awarded as of right."[18] A plaintiff must make "a clear showing"[19] of four elements: (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury absent injunction, (3) that the threatened injury to plaintiff outweighs the threatened harm the injunction may do to defendant, and (4) that granting the preliminary injunction will not disserve the

---

[15] Doc. 1 ("Compl.") ¶¶ 6-7, 32-36, 46-55; PI Mot. at 6-12.

[16] No. 24-cv-00001 (S.D. Tex. filed Jan. 4, 2024), ECF 1. SpaceX followed that complaint with a motion for preliminary injunctive relief on January 12.

[17] ECF No. 23 (asking this Court to stay the instant proceedings under the first-filed rule). As stated in that motion, the NLRB does not concede that venue is otherwise proper in this Court. If and when it becomes appropriate, the NLRB will raise venue arguments as an issue within the timeframe set forth in the Federal Rules of Civil Procedure.

[18] *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008).

[19] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

public interest.[20] The third and fourth factors "merge when the Government is the opposing party."[21]

Harm to the movant must be "likely" and not a mere possibility.[22] "A showing of irreparable harm is the *sine qua non* of injunctive relief."[23] Even where plaintiffs have demonstrated a strong likelihood of success, a court "cannot give the other factors short shrift."[24]

## ARGUMENT

### I. SpaceX cannot establish irreparable harm as to ALJ or Board Member removability, which is fatal.

SpaceX fails to offer "independent proof" of irreparable harm, let alone establish that such harm is likely to occur.[25] SpaceX's request seems to turn exclusively on the assertion that because there is no "preliminary declaratory" relief, a preliminary injunction is somehow mandated here[26]—but that does not follow, and SpaceX shows no circumstances, such as bankruptcy or having to

---

[20] *See, e.g., Anibowei v. Morgan*, 70 F.4th 898, 902 (5th Cir. 2023), *cert. denied*, No. 23-199 (U.S. Jan. 8, 2024).

[21] *Nken v. Holder*, 556 U.S. 418, 435 (2009); *see also Benisek v. Lamone*, 138 S. Ct. 1942, 1944 (2018) (per curiam) (equities and public interest may overcome other two factors in constitutional cases).

[22] 555 U.S. 7, 20 (2008).

[23] *Ne. Fla. Chapter of the Ass'n of Gen. Contractors of Am. v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990) (cleaned up).

[24] *Mock v. Garland,* 75 F.4th 563, 587 n.60 (5th Cir. 2023).

[25] *See White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989).

[26] PI Mot. at 16.

suspend its business, that could preclude reaching judgment on an action for declaratory relief.[27]

### A. *Axon does not establish per se irreparable harm.*

SpaceX does not allege the kind of constitutional injury warranting injunctive relief.[28] Instead, SpaceX primarily asserts that the Supreme Court's decision in *Axon Enterprises, Inc. v. FTC* makes such proof unnecessary.[29] But *Axon* did not address injunctive relief and does not bear on the question of irreparable harm. Rather, the narrow question decided in that case was whether the district court had subject-matter jurisdiction to adjudicate a collateral attack on ongoing agency proceedings; unsurprisingly, courts have not read *Axon* to permit enjoining agency proceedings upon the barest assertion of harm.[30] Doing so would not only disrupt

---

[27] *Contra* PI Mot. at 16 (and cases cited).

[28] *Contra* PI Mot. at 12 (citations omitted). Courts have "expressly declined to find that the irreparable harm requirement for injunctive relief is automatically satisfied by a plaintiff's allegation that his constitutional rights have been violated." *Sheffield v. Bush*, 604 F. Supp. 3d 586, 609 (S.D. Tex. 2022); *see, e.g., Siegel v. Lepore*, 234 F.3d 1163, 1178 (11th Cir. 2000) (en banc) (the "only areas of constitutional jurisprudence where we have said that an ongoing violation may be presumed to cause irreparable injury" involve "privacy and certain First Amendment claims"); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 682 (7th Cir. 2012) ("[E]quitable relief depends on irreparable harm, even when constitutional rights are at stake.").

[29] PI Mot. at 12-14 (citing *Axon*, 598 U.S. 175 (2023)). *Axon* recognized a "here-and-now" injury stemming from "subjection to an unconstitutionally structured decisionmaking process" and concluded that this kind of injury supports the exercise of district court jurisdiction notwithstanding a statutory review scheme that channels review of agency action to the courts of appeals. 598 U.S. at 192.

[30] *Meta Platforms, Inc. v. FTC*, No. 1:23-cv-03562-RDM, 2024 WL 1121424, at *10 (D.D.C. Mar. 15, 2024) ("*Axon*, of course, had nothing to do with whether and when courts should grant preliminary injunctive relief."); *Leachco, Inc. v. Consumer Prod. Safety Comm'n*, No. CIV-22-232-RAW, 2023 WL 4934989, at *2 (E.D. Okla. Aug. 2,

timely law-enforcement efforts by federal agencies across the government, but also overwhelm the courts with preliminary injunction requests amounting to a judicial preclearance process. That would contravene the baseline principle that a "preliminary injunction is an extraordinary remedy" and "[t]he decision to grant [one] is to be treated as the exception rather than the rule."[31]

### B. SpaceX fails to allege causal harm, which is a prerequisite to prevailing on its irreparable-harm claim.

SpaceX alleges that ALJs and the NLRB's members are unconstitutionally insulated from removal by the President.[32] But in *Collins v. Yellen*, the Supreme Court held that invalid removal restrictions do not necessarily show entitlement to a remedy.[33] Rather, a plaintiff must show that the removal restriction actually "cause[d] harm" to the plaintiff.[34] The Fifth Circuit subsequently explained that there are "three requisites for proving harm" for a removal claim: "(1) a substantiated desire by the President to remove the unconstitutionally insulated actor; (2) a perceived inability to remove the actor due to the infirm provision; and

---

2023) ("*Axon* simply answered a jurisdictional question; it did not include an injunction analysis" and "a violation of a constitutional right alone constitutes irreparable harm [only in] cases involving individual rights); *accord Kim v. FINRA*, ---F. Supp. 3d---, 2023 WL 6538544, at *13 & n.19 (D.D.C. Oct. 6, 2023), *appeal docketed*, No. 23-7136 (D.C. Cir. Oct. 19, 2023).

[31] *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985).

[32] Compl. ¶¶ 32-36, 46-55; PI Mot. at 6-12.

[33] *Collins v. Yellen*, 141 S. Ct. 1761, 1788-89 (2021).

[34] *Id.* at 1789.

(3) a nexus between the desire to remove and the challenged actions taken by the insulated actor."[35]

Unlike appointment challenges, removability challenges affect "the conditions under which those officers might someday be removed [rather than] the validity of any officer's continuance in office."[36] Every reported case on this issue since *Collins* thus requires a challenger to specifically show that a removal protection actually harmed that very challenger.[37] And post-*Collins*, district courts have routinely denied preliminary injunctions sought on ALJ-removability grounds, including courts within the Fifth Circuit.[38]

SpaceX's authorities are not to the contrary.[39] And a Fifth Circuit motions panel's one-line order granting an injunction pending appeal in *Space Exploration*

---

[35] *Cmty. Fin. Servs. Ass'n of Am., Ltd. v. CFPB*, 51 F.4th 616, 632 (5th Cir. 2022) ("*CFSA*"), *rev'd on other grounds*, No. 22-448, 2024 WL 2193873 (U.S. May 16, 2024); *see also Collins v. Dep't of Treasury*, 83 F.4th at 970, 982 (5th Cir. 2023).

[36] *Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*, 561 U.S. 477, 508 (2010); *cf. Lucia v. SEC*, 585 U.S. 237, 239 (2018) (remedy for Appointments Clause violation is "hearing before a properly appointed" official).

[37] *See, e.g., Collins v. Dep't of Treasury*, 83 F.4th at 982-84; *CFSA*, 51 F.4th at 632-33.

[38] *See Manis v. U.S. Dep't of Agric.*, No. 1:24-cv-175, 2024 WL 1770775, at *6 (M.D.N.C. Apr. 24, 2024*); Space Expl. Techs. Corp. v. Bell*, --- F. Supp. 3d ---, No. 1:23-cv-00137, 2023 WL 8885128, at *4-5 (S.D. Tex. Nov. 8, 2023); *Care One, LLC v. NLRB*, No. 3:23-cv-00831 (RNC), 2023 WL 6457641, at *3-4 (D. Conn. Oct. 4, 2023), *appeal docketed*, No. 23-7475 (2d Cir. Oct. 20, 2023); *Leachco*, 2023 WL 4934989, at *2; *Burgess v. FDIC*, 639 F. Supp. 3d 732, 747 (N.D. Tex. 2022), *appeal docketed sub nom. Burgess v. Whang*, No. 22-11172 (5th Cir. Dec. 5, 2022).

[39] *Jarkesy v. SEC* avoided the causal-harm issue because other constitutional violations made it unnecessary to decide what relief would be appropriate based on unlawful removal restrictions. 34 F.4th at 463 n.17. SpaceX also relies on Judge Walker's statement concurring in a per curiam order enjoining pending appeal an

*Technologies Corp. v. NLRB* offers no real help to SpaceX here.[40] Before the Fifth

Circuit, SpaceX argued that it was entitled to an injunction on both ALJ-removal-

protections and Seventh Amendment grounds. Because the Fifth Circuit did not

explain the basis for its order, the injunction there may have been predicated

entirely on Seventh Amendment grounds, and there is no Seventh Amendment

claim here.[41]

It does not matter that SpaceX seeks prospective relief. *Collins v. Yellen*'s

"remedial inquiry focused on whether a harm occurred that would create an

entitlement to a remedy, rather than the nature of the remedy, and [the]

determination as to whether an unconstitutional removal protection inflicted harm

remains the same whether the petitioner seeks retrospective or prospective relief."[42]

SpaceX cannot evade this holding by distinguishing between ongoing and past

---

enforcement action brought by a self-regulatory organization ("SRO") in *Alpine Securities Corp. v. FINRA*, No. 23-5129, 2023 WL 4703307 (D.C. Cir. July 5, 2023) (Cir. ECF 10-1 at 23). But Alpine faced expulsion from its industry, a "corporate death penalty," *id.* at *1, and raised several constitutional issues involving SROs not present here. And Judge Walker's statement is not binding even within the D.C. Circuit. *See Kim*, 2023 WL 6538544, at *9 (disagreeing with Judge Walker's analysis). Furthermore, the Tenth Circuit denied a virtually identical motion for injunction pending appeal targeting another SRO's enforcement action. *Alpine Sec. Corp. v. Nat'l Sec. Clearing Corp.*, No. 24-4027 (10th Cir. Mar. 15, 2024).

[40] No. 24-40315 (May 2, 2024), ECF 40-2.

[41] *Compare Burgess*, 639 F. Supp. 3d at 747-49 (denying a preliminary injunction on ALJ-removability grounds but granting it on Seventh Amendment grounds).

[42] *CFSA*, 51 F.4th at 631 (cleaned up); *accord Crystal Moroney*, 63 F.4th at 180-81; *Calcutt*, 37 F.4th at 316.

administrative proceedings.[43] Rather, it must demonstrate actual prejudice from removal restrictions.

Here, SpaceX has not established that the President sought to remove any ALJ or Board members, or that, but for the removal restrictions, "the challenged actions taken by" these individuals would not have occurred.[44] Nor has SpaceX explained which precise actions by the ALJ or Board members it is challenging.[45] Therefore, because "the Court could 'dispose of the case' on the harm requirement," SpaceX is not entitled to a preliminary injunction on either asserted ground.[46]

### C. The availability of severance bars injunctive relief.

Severance, not injunctive relief, would be the appropriate remedy for any unconstitutional removal restrictions. Generally, statutes are severable if "the remainder of the law is capable of functioning independently and thus would be fully operative as a law."[47]

Here, for example, a court could sever the second half of the sentence in § 7521(a) after "good cause," as to any ALJ presiding over SpaceX's case. The same principle applies as to NLRB members' removability. If this Court finds their removal protections unconstitutional, it could sever the "for cause" provision in 29

---

[43] PI Mot. at 16-17.

[44] *CFSA*, 51 F.4th at 632; *see Collins v. Yellen*, 141 S. Ct. at 1789.

[45] *See, e.g.,* Compl. ¶¶ 8-9, 32-37, 46-56 (no challenge to actual ALJ or Board member actions).

[46] *Cortes v. NLRB*, No. 1:23-cv-02954, 2024 WL 1555877, at *7 (D.D.C. Apr. 10, 2024) (quoting *Bond v. United States*, 572 U.S. 844, 855 (2014))).

[47] *Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 140 S. Ct. 2335, 2353 (2020).

U.S.C. § 153(a).[48] The administrative proceedings could thus proceed without the alleged constitutional defects.[49]

The Supreme Court has frequently relied upon severance to remedy unlawful removal protections. In *Free Enterprise Fund*, the Court found the agency's removal protections unconstitutional, but granted declaratory relief only, severing the offending statutory provisions.[50] Likewise, in both *Seila Law LLC v. Consumer Finance Protection Bureau*[51] and *Collins v. Yellen*,[52] the Court found removal protections for the agency's Director unconstitutional, and severed that protection rather than awarding injunctive relief.

Indeed, SpaceX has previously been denied a preliminary injunction on the basis that severance would be the appropriate remedy for a potentially meritorious removability challenge. In *Space Exploration Technologies Corp. v. Bell*, Plaintiff sought to enjoin a hearing to be held by an ALJ employed by the Department of Justice's Office of the Chief Administrative Hearing Officer (OCAHO). The district court refused to enjoin the hearing on that basis, finding that severance would

---

[48] *See* 29 U.S.C. §§ 153(a) ("Any member of the Board may be removed by the President, upon notice and hearing, for neglect of duty or malfeasance in office, but for no other cause."); *id.* § 166 (NLRA severability clause).

[49] This Court need not decide now precisely how it would sever the statute in order to find that SpaceX is not entitled to its requested injunctive relief.

[50] 561 U.S. at 508, 513.

[51] 140 S. Ct. 2183, 2209 (2020).

[52] 141 S. Ct. 1761, 1788 (2021).

provide a full remedy "so there is no need to stay proceedings an OCAHO ALJ may conduct." [53]

To halt the ULP proceedings altogether, as SpaceX suggests, would do more violence to congressional intent than severing removal protections. SpaceX is not entitled to enjoin this administrative proceeding.[54]

### D. Harms incident to litigation are not irreparable injury as a matter of law.

SpaceX's chief irreparable harm argument concerns the burdens of litigation,[55] but this is insufficient to justify immediate court intervention.[56] Neither the "expense and annoyance of litigation" nor "substantial and unrecoupable cost… constitute irreparable injury."[57] The Fifth Circuit has long recognized that these supposed harms are part of the social burden of living under government.[58] SpaceX

---

[53] *Space Expl. Techs. Corp. v. Bell*, --- F. Supp. 3d ----, No. 1:23-cv-00137, 2023 WL 8885128, at *4-5 (S.D. Tex. Nov. 8, 2023).

[54] Courts "limit the solution to the problem" when confronting a statute's constitutional flaw. *Ayotte v. Planned Parenthood of N. New England*, 546 U.S. 320, 328 (2006); *see also Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 222 (1974) (when "the relief sought produces a confrontation with one of the coordinate branches of the Government," the "framing of relief" may be "no broader than required" to address any "concrete injury"). *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975) [Cir. ECF 10-1 at 23], is inapposite because there, the defendant conceded that absent preliminary relief, plaintiffs would suffer a substantial loss of business, even bankruptcy. *Id.* at 932.

[55] PI Mot. at 14-15.

[56] 598 U.S. at 192.

[57] *FTC v. Standard Oil Co. of Cal.*, 449 U.S. 232, 244 (1980) (cleaned up).

[58] *See Bradley Lumber Co. of Ark. v. NLRB*, 84 F.2d 97, 100 (5th Cir. 1936) (distraction of NLRB proceeding was "not the irreparable damage which equity will interfere to prevent").

also speculates that NLRB proceedings will tarnish its reputation and will give the government settlement leverage.[59] But these are simply burdens incident to litigation:

> Obviously, the rule requiring exhaustion of the administrative remedy cannot be circumvented by asserting that…the mere holding of the prescribed administrative hearing would result in irreparable damage. Lawsuits [] often prove to have been groundless; but no way has been discovered of relieving a defendant from the necessity of a trial to establish that fact.[60]

Regardless, SpaceX's concern over reputational harm rings hollow, as filing this lawsuit draws further attention to the ULP charges pending against it. SpaceX cites to no case indicating that such a burden warrants emergency relief.

## II. SpaceX is unlikely to succeed on the merits.

### A. *Board members' removal protections are constitutional under* Humphrey's Executor *and Fifth Circuit Precedent.*

SpaceX's Article II challenge to Board member removability fails as a matter of law. Here, SpaceX argues that *Humphrey's Executor* should be overturned,[61] a point that the Fifth Circuit has rejected twice in recent months.[62] SpaceX attempts to distinguish *Humphrey's Executor* on two grounds.[63] First, SpaceX alleges that Board members are unconstitutionally insulated from removal because they "wield substantial executive power."[64] Second, SpaceX claims that the NLRB members'

---

[59] PI Mot. at 14.

[60] *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 51-52 (1938).

[61] PI Mot. at 12.

[62] *Consumers' Rsch. v. Consumer Prod. Safety Comm'n*, 91 F.4th 342, 352 (5th Cir. 2024); *Illumina, Inc. v. FTC*, 88 F.4th 1036, 1046-47 (5th Cir. 2023).

[63] Compl. ¶ 53; PI Mot. at 8-10.

[64] PI Mot. at 2, 9; Compl. ¶¶ 7-11, 46-52, 55-56.

removal protections are stricter than those insulating commissioners of the Federal Trade Commission ("FTC"), since unlike those commissioners, Board members cannot be removed for "inefficiency."[65]

But the Fifth Circuit's recent decision in *Consumers' Research v. Consumer Prod. Safety Commission* easily disposes of both of these arguments.[66] There, the Fifth Circuit held that *Humphrey's Executor* remains good law and broadly "protects *any* 'traditional independent agency headed by a multimember board.'"[67] *Humphrey's Executor* "permitted Congress to give for-cause removal protection to a multimember body of experts who were balanced along partisan lines, appointed to staggered terms, performed only quasi-legislative and quasi-judicial functions, and were said not to exercise any executive power."[68] Indeed, the Fifth Circuit was clear that *Humphrey's Executor* extends further still, shielding what today would be deemed *substantial* executive power by a multimember expert agency.[69]

*Consumers' Research* also answers SpaceX's claim that *Humphrey's Executor* does not apply because NLRB members "are removable only 'for neglect of duty or

---

[65] Compl. ¶ 53; PI Mot. at 2, 9-10.

[66] 91 F.4th 342, 351-52.

[67] *Id.* (quoting *Seila Law*, 140 S. Ct. at 2198) (emphasis added); *see also Illumina*, 88 F.4th at 1047.

[68] 91 F.4th at 352 (quoting *Seila Law*, 140 S.Ct. at 2187).

[69] *Id.* at 353-54; *see also Illumina,* 88 F.4th at 1047 (although the FTC's powers may have changed since *Humphrey's Executor* was decided, it does not run afoul of Article II because it is not vested with "*purely* executive authority") (emphasis added).

malfeasance in office,' but not for other causes like inefficiency."[70] CPSC commissioners have precisely the same tenure protections as the NLRB Members: "[t]he President may remove [CPSC members] *only* for 'neglect of duty or malfeasance in office'—that is, only for cause."[71] Thus, as *Consumers' Research* shows, *Humphrey's Executor* applies even if those serving on a multimember board are not removable for inefficiency.

In any event, the NLRA's removal protections, with exceptions for neglect of duty and malfeasance, do not interfere with the President's removal authority, but rather leave

> room for the President's constitutional obligations by permitting the President to remove unfaithful administrators. Congress keyed the President's removal authority to long-established grounds for official liability—neglect of duty and malfeasance in office. And it is no coincidence that in the case of the NLRB [and several other agencies], Congress limited the President's removal authority to those two causes alone. Article II, under *Myers [v. United States]*, could be said to require this minimum delegation— but nothing more.[72]

While Congress could have added "inefficiency" as an additional ground for Board member removal, this goes beyond what is required by the Take Care clause. The two grounds for removal protections specified by the NLRA are both

---

[70] PI Mot. at 9-10 (quoting 29 U.S.C. § 153(a) and contrasting that with *Humphry's Ex'r*, 295 U.S. at 620, which quotes 15 U.S.C. § 41).

[71] 91 F.4th at 346 (emphasis added) (quoting 15 U.S.C. § 2053(a), which states, "Any member of the Commission may be removed by the President for neglect of duty or malfeasance in office but for no other cause.").

[72] Jane Manners & Lev Menand, *The Three Permissions: Presidential Removal and the Statutory Limits of Agency Independence*, 121 Colum. L. Rev. 1, 69 (2021) (citing James Madison, Daily Advertiser, June 22, 1789).

commonplace across federal agencies.[73] That standard is broad enough to accommodate the President's constitutional duty to ensure that the law is faithfully executed.

### B. SpaceX fails to show that any ALJ would have been removed but for removal protections.

SpaceX cannot succeed under its ALJ-removal theory because it has not shown necessary prejudice traceable to the challenged ALJ-removal protections.[74] In the Fifth Circuit, a complaint will be dismissed for failure to state a claim if the plaintiff fails to allege that an assertedly unconstitutional removal restriction caused harm, as defined by applicable precedent.[75]

Here, SpaceX relies upon *Jarkesy v. SEC*,[76] in which a split Fifth Circuit panel found removal protections for SEC ALJs unconstitutional.[77] The NLRB preserves, for merits briefing, its arguments that Board ALJs are unlike those addressed in *Jarkesy*. And to the extent this Court thinks *Jarkesy* applies here, Defendants respectfully note their disagreement with that decision, which remains pending before the Supreme Court, and preserve their arguments below for appeal.[78]

---

[73] Id.

[74] *See, e.g.,* above at 7-10 (discussing SpaceX's failure to show irreparable harm as to ALJ removability due to lack of showing of causal harm).

[75] *Collins v. Dep't of the Treasury,* 83 F.4th 970, 982 (5th Cir. 2023).

[76] 34 F.4th at 463-65; *see also* 51 F.4th 644, 646-47 (5th Cir. 2022) (Haynes, J., dissenting from denial of petition for rehearing en banc).

[77] Compl. ¶¶ 1-6, 51-56; Doc. 37 at 1-2, 7-8.

[78] *See SEC v. Jarkesy*, 143 S. Ct. 2688 (2023).

Article II grants the President the power to appoint "lesser officers," "includ[ing] the ability to remove" them.[79] However, "the power of Congress to regulate removals" is "incidental to the exercise of its constitutional power to vest appointments."[80] The key inquiry in removal cases like this one is whether Congress has "interfere[d] with the President's exercise of the 'executive power' and his …duty to 'take care that the laws be faithfully executed' under Article II."[81]

Here, Congress has not violated presidential authority under Article II. The Supreme Court has recognized that the scope of the President's constitutional power to remove and control adjudicators differs from the scope of his power to remove and control other executive officers. For example, in *Morrison*, the Court observed that tenure protection may be "necessary to the proper functioning" of "an official performing 'quasijudicial' functions."[82]

The limited restriction announced in *Free Enterprise Fund* as to removal does not change this.[83] SpaceX misreads that case, asserting that it establishes a categorical rule that multiple levels of removal protection are always

---

[79] *Seila Law LLC v. CFPB*, 140 S. Ct. 2183, 2197 (2020).

[80] *Myers v. United States*, 272 U.S. 52, 161 (1926); *see United States v. Perkins*, 116 U.S. 483, 485 (1886).

[81] *Morrison v. Olson*, 487 U.S. 654, 689 (1988).

[82] *Id.* at n.30; *see also Humphrey's Ex'r*, 295 U.S. at 629 (finding it "plain under the Constitution that illimitable power of removal is not possessed by the President in respect of officers" charged with "quasi-judicial" duties).

[83] 561 U.S. 477 (2010).

unconstitutional.[84] Not so.[85] *Free Enterprise* held unconstitutional the "highly unusual" and "sharply circumscribed" dual-layer removal protections of the leadership of a particular agency.[86] It "did not broadly declare all two-level for-cause protections for inferior officers unconstitutional."[87] Nor did it rule on the constitutionality of ALJ or other civil service protections.[88]

Further, unlike the "novel" and "rigorous" removal limitations in *Free Enterprise*,[89] the removal protection scheme for NLRB's ALJs does nothing to strip the President of executive power. ALJs' duties do not overlap with the NLRB's "enforcement or policymaking functions."[90] Nor do the removal protections afforded to MSPB and NLRB members change this analysis. The Supreme Court has repeatedly upheld statutory removal restrictions that provide for review by the federal courts, whose judges are not removable by the President *at all*.[91] If review by Article III judges—who are clearly less accountable to the President than MSPB or NLRB members—is constitutionally permissible, it strains the imagination to

---

[84] PI Mot. at 8.

[85] *Free Enter. Fund*, 561 U.S. at 505-07, 507 n.10.

[86] 561 U.S. at 505.

[87] *Decker Coal Co. v. Pehringer*, 8 F.4th 1123, 1132 (9th Cir. 2021).

[88] *Free Enter. Fund*, 561 U.S. at 506-07 & n.10.

[89] *Id.* at 496, 503 (PCAOB members were removable only under "an unusually high standard" that would preclude removal for violations of all but a handful of laws).

[90] *Id.* at 507 n.10.

[91] *See Morrison*, 487 U.S. at 663-64; *Perkins*, 116 U.S. at 484-85.

think that removal protections for MSPB or NLRB members would be unconstitutional.

For these reasons, Congress's longstanding grant of qualified decisional independence to ALJs through for-cause removal protections does not violate the Constitution. And for the reasons discussed above in Sec. I.A, SpaceX fails to state a claim under *Jarkesy*. Because it cannot show that the mere presence, without more, of removal restrictions for ALJs inflicts any causal harm, SpaceX has no likelihood of success on that claim.

### III. The balance of the equities and the public interest factors counsel against granting a preliminary injunction.

SpaceX cannot show that its alleged harm outweighs the harm an injunction would inflict on the public and those not before the Court.[92] The standard burdens of administrative litigation cannot justify an injunction that would preclude the public's "strong interest in enforcing the federal labor laws."[93]

What's more, absent a statutory exception, Congress has jurisdictionally barred all "court[s] of the United States" from issuing injunctions "in any case involving or growing out of a labor dispute."[94] This limitation applies "regardless of whether or not the disputants stand in the proximate relation of employer and employee."[95] Even where permitted, any such injunction also requires a hearing "in

---

[92] *See Def. Distributed v. U.S. Dep't of State*, 838 F.3d 451, 457 (5th Cir. 2016).

[93] *See Bill Johnson's Rests., Inc. v. NLRB*, 461 U.S. 731, 747 n.14 (1983).

[94] 29 U.S.C. § 113; *see Boys Markets, Inc. v. Retail Clerks Union*, 398 U.S. 235, 253 (1970).

[95] 29 U.S.C. § 113.

open court" and specific findings that SpaceX could not meet here.[96] And here, the requested injunction would frustrate Congress's intent to protect the Act's public rights enforceable only by the Board.[97]

Furthermore, granting an injunction would encourage any employer or labor union unhappy with scrutiny of their labor practices to seek preliminary injunctions against NLRB proceedings. As the Fifth Circuit has repeatedly held, interfering with the enforcement of "statutes enacted by representatives of [the] people" is a "form of irreparable injury" to the government.[98] Depriving employees of the sole mechanism to vindicate their NLRA rights cannot serve the public interest, especially when SpaceX may obtain an adequate legal remedy if the Board ultimately issues an adverse decision.

## CONCLUSION

For the foregoing reasons, SpaceX's motion for an injunction pending appeal should be denied.

Respectfully submitted,

NATIONAL LABOR RELATIONS BOARD
*Contempt, Compliance, and*
*Special Litigation Branch*

---

[96] *Id.* at §§ 107, 113.

[97] *Nathanson v. NLRB*, 344 U.S. 25, 27 (1953) ("The Board is the public agent chosen by Congress to enforce the [NLRA]."); *Amal. Util. Workers v. Consol. Edison Co. of N.Y.*, 309 U.S. 261, 270 (1940) (Board is the "sole authority to secure" the prevention of ULPs).

[98] *See, e.g., Tex. All. for Ret. Ams. v. Hughs*, 976 F.3d 564, 569 (5th Cir. 2020); *Valentine v. Collier*, 956 F.3d 797, 803 (5th Cir. 2020).

KEVIN P. FLANAGAN
*Deputy Assistant General Counsel*

GRACE L. PEZZELLA
*Trial Attorney*

MATHEUS TEIXEIRA
*Trial Attorney*

s/*David P. Boehm*
DAVID P. BOEHM
*Trial Attorney*
(application for admission pending)
D.C. Bar No. 1033755 – *pro hac vice*
1015 Half Street, S.E. - 4th Floor
Washington, DC 20003
Telephone: (202) 273-4202
Email: David.boehm@nlrb.gov

s/Maxie Gallardo Miller
MAXIE GALLARDO MILLER
*Field Attorney*
National Labor Relations Board,
Region 16
819 Taylor Street, Room 8A24
Fort Worth, Texas 76102
Telephone: (682) 703-7222
Email: Maxie.miller@nlrb.gov

Dated this 23d day of May, 2024.