UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SPACE EXPLORATION TECHNOLOGIES CORP.,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board, LAUREN M. McFERRAN, in her official capacity as the Chairman of the National Labor Relations Board, MARVIN E. KAPLAN, GWYNNE A. WILCOX, and DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board, and JOHN DOE in his official capacity as an Administrative Law Judge of the National Labor Relations Board,<br><br>    Defendants. | Civil Action No. 6:24-cv-00203-ADA-DTG |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS
MOTION FOR A PRELIMINARY INJUNCTION**

**TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................................1
ARGUMENT ..........................................................................................................................1
I.     SpaceX is likely to succeed on the merits of its constitutional claims. ...............................1
     A.     *Jarkesy* ensures SpaceX will prevail on its ALJ removal-protection claim. ...........1
     B.     *Humphrey's Executor* does not bar SpaceX's NLRB Member claim. ....................2
II.    SpaceX will suffer irreparable harm without a preliminary injunction. ..............................4
     A.     Proceedings before unremovable decisionmakers are irreparable harm..................4
     B.     The NLRB proceedings inflict irreparable economic and reputational harm. ..................................................................................................................8
III.   The balance of harms and public interest favor a preliminary injunction. .........................9
IV.   Severability arguments cannot defeat SpaceX's right to a preliminary injunction. ............9
CONCLUSION.......................................................................................................................10

needed

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alpine Sec. Corp. v. FINRA*,
No. 23-5129, 2023 WL 4703307 (D.C. Cir. July 5, 2023) ........................................................5

*Axon Enter., Inc. v. FTC*,
598 U.S. 175 (2023) ............................................................................................4, 5, 7, 10

*BST Holdings, L.L.C. v. OSHA*,
17 F.4th 604 (5th Cir. 2021) ....................................................................................................9

*Burgess v. FDIC*,
639 F. Supp. 3d 732 (N.D. Tex. 2022) ....................................................................................7

*Burgess v. FDIC*,
871 F.3d 297 (5th Cir. 2017) ....................................................................................................9

*Care One v. NLRB*,
2023 WL 6457641 (D. Conn. Oct. 4, 2023) ............................................................................7

*Chi. & N. W. Ry. Co. v. United Transp. Union*,
402 U.S. 570 (1971) ..................................................................................................................9

*Cmty. Fin. Servs. Ass'n of Am., Ltd. v. CFPB*,
51 F.4th 616 (5th Cir. 2022) ....................................................................................................6

*Cochran v. SEC*,
20 F.4th 194 (5th Cir. 2021) (en banc) ..........................................................................5, 6, 8

*Collins v. Department of the Treasury*,
83 F.4th 970 (5th Cir. 2023) ....................................................................................................6

*Collins v. Yellen*,
141 S. Ct. 1761 (2021) ..................................................................................................6, 7, 10

*Consumers' Research v. CPSC*,
91 F.4th 342 (5th Cir. 2024) ..........................................................................................3, 6, 7

*Consumers' Rsch. v. CPSC*,
592 F. Supp. 3d 568 (E.D. Tex. 2022) ....................................................................................6

*Deerfield Med. Ctr. v. City of Deerfield Beach*,
661 F.2d 328 (5th Cir. 1981) ....................................................................................................4

*Doran v. Salem Inn, Inc.*,
　422 U.S. 922 (1975) ......................................................................................................... 9

*Elrod v. Burns*,
　427 U.S. 347 (1976) ......................................................................................................... 4

*Exela Enterprise Solutions, Inc. v. NLRB*,
　32 F.4th 436 (5th Cir. 2022) ............................................................................................ 3

*Free Enter. Fund v. PCAOB*,
　561 U.S. 477 (2010) ..................................................................................................... 6, 7

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
　528 U.S. 167 (2000) ......................................................................................................... 8

*Humphrey's Executor v. United States*,
　296 U.S. 602 (1935) ..................................................................................................... 2, 3

*Illumina, Inc. v. FTC*,
　88 F.4th 1036 (5th Cir. 2023) .......................................................................................... 3

*Jarkesy v. SEC*,
　34 F.4th 446 (5th Cir. 2022) ..................................................................................... 1, 2, 7

*Leachco v. CPSC*,
　2023 WL 4934989 (E.D. Okla. Aug. 2, 2023) ................................................................. 7

*Leachco v. CPSC*,
　2024 WL 2822147 (10th Cir. 2024) ................................................................................ 7

*Louisiana v. Biden*,
　55 F.4th 1017 (5th Cir. 2022) .......................................................................................... 9

*Missouri v. Biden*,
　83 F.4th 350 (5th Cir. 2023) ............................................................................................ 4

*Mock v. Garland*,
　75 F.4th 563 (5th Cir. 2023) ............................................................................................ 1

*Seila Law LLC v. CFPB*,
　140 S. Ct. 2183 (2020) ................................................................................................ 3, 10

*SpaceX v. Bell*,
　2023 WL 8885128 (S.D. Tex. Nov. 8, 2023) .......................................................... 4, 5, 10

*Thomas v. Tex. Dep't of Crim. Just.*,
　297 F.3d 361 (5th Cir. 2002) ........................................................................................... 3

*United Nat. Foods, Inc. v. NLRB*,
    66 F.4th 536 (5th Cir. 2023) ...............................................................................................8

*United States v. Nat'l Treas. Emps. Union*,
    513 U.S. 454 (1995)..........................................................................................................10

*Wenner v. Tex. Lottery Comm'n*,
    123 F.3d 321 (5th Cir. 1997) ..............................................................................................9

**Statutes**

5 U.S.C. § 7521(a) ......................................................................................................................10

29 U.S.C. § 107.............................................................................................................................9

29 U.S.C. § 113.............................................................................................................................9

**Other Authorities**

29 C.F.R. § 102.18 ........................................................................................................................8

**INTRODUCTION**

Rather than focus on SpaceX's likelihood of success on the merits—the "most important of the preliminary injunction factors"—Defendants fixate on the supposed lack of harm to SpaceX. *Mock v. Garland*, 75 F.4th 563, 587 n.60 (5th Cir. 2023). But Defendants' view—that this Court is powerless to protect SpaceX from unconstitutional NLRB proceedings—is contrary to both common sense and Supreme Court and Fifth Circuit precedent. SpaceX readily satisfies every preliminary injunction factor, as the Fifth Circuit confirmed just last month, in granting SpaceX an emergency injunction of separate NLRB proceedings. *See SpaceX v. NLRB*, No. 24-40315, Dkt. 40-2 (5th Cir. May 2, 2024) (Exhibit A). Defendants dismiss the Fifth Circuit's injunction as potentially being "predicated entirely on the Seventh Amendment grounds" asserted in that case in addition to the ALJ removal-protection argument advanced in both cases. PI Opp. 9. But this is nothing but self-serving speculation at odds with their own past arguments. Defendants adamantly insisted in the Fifth Circuit that an injunction on Seventh Amendment grounds was unwarranted. *See* No. 24-40315, Dkt. 30 (5th Cir. May 2, 2024) (Exhibit B). The key point is that under controlling Fifth Circuit and Supreme Court precedent, SpaceX's removal-protection claims readily meet the requirements for preliminary injunctive relief. So, like the Fifth Circuit, this Court should preliminarily enjoin the NLRB proceedings at issue.

**ARGUMENT**

**I.      SpaceX is likely to succeed on the merits of its constitutional claims.**

Defendants give short shrift to the "most important of the preliminary injunction factors": the merits. *Mock*, 75 F.4th at 587 n.60. And when Defendants finally address the merits, they miss their target. SpaceX is likely to succeed on at least one, if not both, of its claims.

    **A.      *Jarkesy* ensures SpaceX will prevail on its ALJ removal-protection claim.**

The Fifth Circuit's opinion in *Jarkesy v. SEC*, 34 F.4th 446 (5th Cir. 2022), *cert. granted*,

1

143 S. Ct. 2688 (2023), is dispositive of Count I. Defendants nearly concede as much. They "note their disagreement" with *Jarkesy* to "preserve their arguments … for appeal," PI Opp. 16, but identify no relevant differences between NLRB and SEC ALJs. There aren't any. PI Mot. 7.

Unable to distinguish *Jarkesy*, Defendants fight it. They argue that multilayer removal protections for agency adjudicators are constitutional by drawing a faulty analogy to the tenure and removal protections of Article III judges. PI Opp. 17–18. As *Jarkesy* explained, however, "that analogy runs out under a little scrutiny" because agency ALJs are not neutral arbiters of federal law but agents of the Executive Branch. *See* 34 F.4th at 465 n.20. Indeed, under the Constitution's separation of powers, agency ALJs must be accountable to the Executive, and multiple layers of removal protection unconstitutionally destroy that accountability. *See id.* at 464–65.

Defendants also contend that "SpaceX cannot succeed under its ALJ-removal theory because it has not shown necessary prejudice traceable to the challenged ALJ-removal protections." PI Opp. 16; *see also* PI Opp. 19. This contention, too, violates *Jarkesy*, which credited the challengers' removal-protection claim without imposing any "prejudice" requirement. *See* 34 F.4th at 463–65. At best, Defendants' prejudice argument challenges SpaceX's *irreparable injury* or the proper *remedy* for it, not the merits of its claim. And, as explained below, §§ II.A, IV, Defendants are wrong: having to proceed before unaccountable agency decisionmakers is an irreparable injury for which a preliminary injunction is proper.

    **B.** ***Humphrey's Executor* does not bar SpaceX's NLRB Member claim.**

NLRB Members are also unconstitutionally insulated from removal. Nothing in *Humphrey's Executor v. United States*, 296 U.S. 602 (1935), or recent Fifth Circuit applications of that decision, analyzes removal protections as strict as those at issue here. Neither the Supreme Court nor the Fifth Circuit has ever applied *Humphrey's Executor* to NLRB Members. Nor should this Court given the Supreme Court's recent guidance in *Seila Law*.

2

Defendants entirely fail to address *Exela Enterprise Solutions, Inc. v. NLRB*, 32 F.4th 436 (5th Cir. 2022), which highlights the NLRB's unique structure, and other Fifth Circuit precedent SpaceX cited recognizing that NLRB Members exercise significant executive power in authorizing Section 10(j) prosecutions. PI Mot. 3, 9–12. Given existing Fifth Circuit precedent on the Board's unique structure, Defendants furnish no justification to extend *Humphrey's Executor*. Defendants' reliance on *Consumers' Research v. CPSC*, 91 F.4th 342 (5th Cir. 2024), is misplaced when *Exela Enterprises* provides NLRB-specific Fifth Circuit precedent. *See* PI Opp. 14–16.

Also, the *Consumers' Research* court did not consider that CPSC Commissioners' removal restrictions (like the NLRB's) are stricter than FTC Commissioners' removal restriction— probably because the parties did not raise that argument as SpaceX did in this case. *See* 91 F.4th at 346; Resp. Br., *Consumers' Research*, 2022 WL 6164656. FTC Commissioners are removable for inefficiency, but NLRB Members are not. *See* PI Mot. 9. *Consumers' Research* thus does not foreclose SpaceX's argument that this difference in removability is material. *Thomas v. Tex. Dep't of Crim. Just.*, 297 F.3d 361, 370 n.11 (5th Cir. 2002) ("Where an opinion fails to address a question squarely, we will not treat it as binding precedent.").

While SpaceX has preserved the argument that *Humphrey's Executor* should be overruled, it recognizes this Court cannot take that step. But that does not mean courts should extend *Humphrey's Executor* when the Supreme Court has limited the case and multiple Justices have criticized it. *See, e.g.*, *Illumina, Inc. v. FTC*, 88 F.4th 1036, 1046–47 (5th Cir. 2023) (recognizing *Seila Law* as limiting *Humphrey's Executor*); *Seila L.*, 591 U.S. at 239–51 (Thomas, J., concurring in part and dissenting in part). Under *Seila Law*, SpaceX is likely to succeed on its NLRB Member removal-protection claim.

**II.     SpaceX will suffer irreparable harm without a preliminary injunction.**

   **A.     Proceedings before unremovable decisionmakers are irreparable harm.**

Deprivation of a constitutional right "unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). Under Fifth Circuit precedent, that satisfies SpaceX's burden. *See, e.g.*, *Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. 1981) (denial of constitutional rights "for even minimal periods of time constitutes irreparable injury"); *Missouri v. Biden*, 83 F.4th 350, 393 (5th Cir. 2023) (holding that deprivation of constitutional rights is sufficient to constitute irreparable harm), *cert. granted sub nom. Murthy v. Missouri*, 144 S. Ct. 7 (2023). Defendants disregard this precedent and assert that "SpaceX does not allege the kind of constitutional injury that warrants injunctive relief." PI Opp. 6. This cut-and-paste argument, citing the same out-of-circuit cases, failed to persuade the Fifth Circuit once already. *See* Ex. B, at 8–9.

The irreparable-injury question is far simpler than Defendants claim. *Axon Enterprises, Inc. v. FTC*, 598 U.S. 175, 191 (2023), is clear that being forced to proceed before an unaccountable agency official "is a here-and-now injury" "that is impossible to remedy once the proceeding is over." Even though an appellate court could "vacate the [agency]'s order" after the proceeding, a "separation-of-powers claim" challenging unconstitutional removal protections "is not about that order" but about avoiding "an illegitimate proceeding." *Id.* Unless a preliminary injunction is granted, SpaceX will be subject to such a proceeding without a meaningful remedy.

Defendants claim *Axon* addresses only subject-matter jurisdiction, not the requirements for an injunction. PI Opp. 6. But this attempt to narrow *Axon* makes no sense. *Axon* states that for jurisdictional purposes, the exact injury suffered here is a legally cognizable injury that is impossible to remedy later. What more could be needed to identify an irreparable injury? Courts have sensibly rejected Defendants' view. *See SpaceX v. Bell*, 2023 WL 8885128, at *2 (S.D. Tex. Nov. 8, 2023) (citing *Axon* and stating that "if Plaintiff can show that OCAHO ALJs are

4

unconstitutionally insulated from removal, Plaintiff will be harmed by having to proceed before an unaccountable ALJ"); *see also Alpine Sec. Corp. v. FINRA*, 2023 WL 4703307, at *3 (D.C. Cir. July 5, 2023) (Walker, J., concurring) (injunction of administrative adjudication appropriate under *Axon* because plaintiff was likely to prevail on claim that officers were unlawfully "shielded from removal"); *cf. Cochran v. SEC*, 20 F.4th 194, 212–13 (5th Cir. 2021) (en banc) (if removal claim is "meritorious," plaintiff should not be "forc[ed] to litigate before an ALJ who is unconstitutionally insulated from presidential control"), *aff'd and remanded sub nom. Axon*, 598 U.S. at 175. Indeed, *Bell* draws directly from *Axon*'s discussion of jurisdiction to find irreparable injury for an ALJ removal-protection claim—precisely the issue raised by Count I. 2023 WL 8885128, at *4 ("Plaintiff is being subjected 'to unconstitutional agency authority,' which 'is impossible to remedy once the proceeding is over.'" (quoting *Axon*, 598 U.S. at 191)).

Defendants claim this reading of *Axon* "would not only disrupt timely law-enforcement efforts by federal agencies across the government, but also overwhelm the courts with preliminary injunction requests." PI Opp. 7; *see also* PI Opp. 20. But constitutional challengers must also show likelihood of success on the merits. If they can do that, the government has no legitimate objection to halting the constitutional violation. The fact that *many* litigants may be able to establish that the government is subjecting them to unconstitutional agency proceedings is no reason to let the government continue. *Axon* recognizes that a party in agency proceedings before an unconstitutionally insulated decisionmaker experiences injury that cannot be repaired later, and it is within the particular expertise of the courts to redress such claims. *Axon*, 598 U.S. at 194–95.

Next, Defendants attempt to add to SpaceX's burden by demanding proof of: "(1) a substantiated desire by the President to remove the unconstitutionally insulated actor; (2) a perceived inability to remove the actor due to the infirm provision; and (3) a nexus between the

5

desire to remove and the challenged actions taken by the insulated actor." PI Opp. 7–8 (quoting *Cmty. Fin. Servs. Ass'n of Am., Ltd. v. CFPB*, 51 F.4th 616, 632 (5th Cir. 2022) ("*CFSA*"), *rev'd on other grounds*, 601 U.S. 416 (2024)). But *CFSA* is inapplicable. It addresses the requirements for invalidating or enjoining enforcement of an agency rule issued by officials who were unconstitutionally shielded from presidential oversight. *See* 51 F.4th at 631–32.[1] As the en banc Fifth Circuit has explained, the Supreme Court case that *CFSA* construed—*Collins v. Yellen*, 141 S. Ct. 1761 (2021)—is inapplicable when the constitutional claimant "does not seek to 'void' the acts of any [administrative] official" but rather "seeks an administrative adjudication untainted by separation-of-powers violations." *Cochran*, 20 F.4th at 210 n.16. That en banc precedent forecloses Defendants' theory. And, tellingly, none of the appellate cases Defendants cite on this point demand a heightened showing to halt ongoing unconstitutionally structured proceedings.

Defendants' lack of support is not surprising. Under Supreme Court precedent, litigants subjected to such proceedings "are entitled to declaratory relief sufficient to ensure that the [administrative] requirements and … standards to which they are subject will be enforced only by a constitutional agency accountable to the Executive." *Free Enter. Fund v. PCAOB*, 561 U.S. 477, 513 (2010). The Fifth Circuit has reiterated the propriety of such relief, without the heightened showing that Defendants demand. *Consumers' Rsch.*, 91 F.4th at 351 ("In a suit seeking to vindicate the President's removal power … , the plaintiff is entitled to declaratory relief sufficient to ensure that the requirements and standards to which it is subject will be enforced only by a constitutional agency accountable to the Executive." (citation and alterations omitted)); *see also Consumers' Rsch. v. CPSC*, 592 F. Supp. 3d 568, 587 (E.D. Tex. 2022) (*Free Enterprise*, not

---

[1] Defendants' citation of *Collins v. Department of the Treasury*, 83 F.4th 970, 982 (5th Cir. 2023), has a similar problem. The issue there was the harm needed for "retrospective relief" against past agency action, not the ongoing harm caused by unconstitutionally structured agency proceedings.

*Collins*, controls declaratory relief for removal-protection claims), *rev'd on other grounds*, 91 F.4th 342; *cf. Jarkesy*, 34 F.4th at 463–65 & n.17 (declaring restrictions unconstitutional).

The same reasoning extends to preliminary injunctive relief, at least until the Court can issue a final judgment. Defendants do not contest SpaceX's assertion that a preliminary injunction is the only tool available at this juncture because there is no such thing as a preliminary declaration. *See* PI Mot. 16–17 (citing *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975); *Wenner v. Tex. Lottery Comm'n*, 123 F.3d 321, 326 (5th Cir. 1997); *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 627 (5th Cir. 1985)).

Rather than grapple with the overwhelming Supreme Court and Fifth Circuit precedent, Defendants rely on select other cases. *See* PI Opp. 8 (citing *Care One v. NLRB*, 2023 WL 6457641 (D. Conn. Oct. 4, 2023); *Leachco v. CPSC*, 2023 WL 4934989 (E.D. Okla. Aug. 2, 2023), *aff'd*, 2024 WL 2822147 (10th Cir. 2024); *Burgess v. FDIC*, 639 F. Supp. 3d 732 (N.D. Tex. 2022)). *Care One* declined to follow the Fifth Circuit's holding in *Jarkesy*. 2023 WL 6457641, at *3–4. *Leachco* is similarly incompatible with *Jarkesy*, *see* 2023 WL 4934989, at *2 & n.2; 2024 WL 2822147, at *12, and as already discussed, its attempt to confine *Axon* to questions of jurisdiction is unpersuasive. Finally, *Burgess* overlooked *Free Enterprise*'s holding (which *Consumers' Research* has since reaffirmed) that litigants raising this sort of claim are entitled to declaratory relief (without *Collins*'s heightened showing). *See* 639 F. Supp. 3d at 749.

By initiating an agency enforcement proceeding against SpaceX, the NLRB began a process before an ALJ and NLRB Members who are unconstitutionally insulated from removal. SpaceX moved, with appropriate haste, to preliminarily enjoin those proceedings. Then, just six days after SpaceX's PI Motion, the Regional Director who had just filed the administrative complaint purported to "postpone[]" the ALJ hearing "indefinitely." Order in No. 19-CA-309274

7

(Exhibit C). Defendants now argue that this unilateral action on their part makes SpaceX's ALJ claim "wholly speculative." PI Opp. 1, 3. The Court should reject this ploy—which seems clearly designed to thwart judicial review.[2] The Regional Director has not *withdrawn* the administrative complaint and *dismissed* the charges (which he is free to do, 29 C.F.R. § 102.18). Nor has the General Counsel, a Defendant here, ordered the Regional Director to do so (which she is free to do, *see United Nat. Foods, Inc. v. NLRB*, 66 F.4th 536, 542–43 (5th Cir. 2023)). The Regional Director has merely postponed the hearing to an unspecified future date. Because SpaceX has shown that this impending hearing, when eventually rescheduled, will cause the irreparable harm this preliminary injunction would prevent, the Court should reject the NLRB's voluntary cessation tactic to avoid judicial review. *Cf. Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) ("A defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." (cleaned up)).

**B.    The NLRB proceedings inflict irreparable economic and reputational harm.**

SpaceX has also demonstrated additional tangible harms inflicted by the ongoing NLRB proceedings. *See* PI Mot. 14–15 (citing Dkt. #11-1 (Mlodzianowksi Decl.) ¶¶ 24–29). Defendants claim that the Court should disregard these harms because they are the "burdens of litigation." PI Opp. 12. But, unlike the plaintiffs in the cases Defendants cite, SpaceX "challenges the entire legitimacy of [the] proceedings, not simply the cost and annoyance." *Cochran*, 20 F.4th at 209–10 (disagreeing with the government that plaintiff complained only about "mere litigation expense[s]"). SpaceX's evidence just underscores how this illegitimate proceeding is harming it.

Defendants' attempt to rebut SpaceX's showing of reputational harm also fails.

---

[2] Although the Regional Director stated that the decision was "[d]ue to the filing of a new, related charge in Case 31-CA-337385," Ex. C, this explanation is not credible. The supposedly "new" charge was filed on March 5, 2024, weeks before the Regional Director issued the complaint here. *Space Exploration Techs. Corp.*, No. 31-CA-337385, https://www.nlrb.gov/case/31-CA-337385.

Reputational harm from constitutionally infirm proceedings is irreparable. *See Burgess v. FDIC*, 871 F.3d 297, 304 (5th Cir. 2017) (holding that a "decision pursuant to a constitutionally infirm hearing that injured petitioner's reputation" was "sufficient to satisfy irreparable injury" (citation omitted)). That Defendants left SpaceX no choice but "filing this lawsuit" (PI Opp. 13) merely compounds the injury that Defendants' proceedings are causing. It does not negate that injury.

**III.    The balance of harms and public interest favor a preliminary injunction.**

The final two factors strongly favor SpaceX. The government will suffer "no harm whatsoever" by having to cease unconstitutional proceedings. *BST Holdings, L.L.C. v. OSHA*, 17 F.4th 604, 618 (5th Cir. 2021) (government suffers no harm from inability to enforce an "an unlawful (and likely unconstitutional)" regulation). Nor will such an injunction "disserve the public interest." *Louisiana v. Biden*, 55 F.4th 1017, 1022 (5th Cir. 2022). It is not in the public interest to allow unconstitutional NLRB proceedings.

Defendants also attempt to extend 29 U.S.C. § 107 of the Norris-LaGuardia Act to argue that Congress barred this Court from issuing the requested injunction. PI Opp. 19. But as reinforced by the Fifth Circuit's issuance of an injunction akin to the one SpaceX requests here, *see* Ex. A, that statutory provision does not apply. Instead, it "expresses a basic policy against the injunction of activities of labor unions" and regulates injunctions against strikes, picketing, and boycotts. *Chi. & N. W. Ry. Co. v. United Transp. Union*, 402 U.S. 570, 581–82 (1971) (citation omitted). There's no union here, and neither the statute nor relevant precedent addresses injunctions (or hearings) for unconstitutional NLRB proceedings. *See* 29 U.S.C. § 113.

**IV.    Severability arguments cannot defeat SpaceX's right to a preliminary injunction.**

Defendants argue that, even if SpaceX is right on the merits, "[s]everance, not injunctive relief, would be the appropriate remedy." PI Opp. 10. This argument conflates preliminary relief (intended to preserve the status quo, *see Doran*, 422 U.S. at 931; *Wenner*, 123 F.3d at 326) and

9

permanent relief (intended to permanently redress the plaintiff's injuries). Even if it were proper at final judgment to sever the unconstitutional removal protections, that does not undermine SpaceX's need for a preliminary injunction now. Without preliminary injunctive relief, SpaceX would have no recourse for the "here-and-now injury" it faces. *Axon*, 598 U.S. at 191.

Even if severability were relevant at this juncture, this case presents a more much difficult severability issue than those addressed in *Seila Law*, *Collins*, and *Bell*. Here, Defendants' own severance proposal—"sever[ing] the second half of the sentence in § 7521(a) after 'good cause,' as to any ALJ presiding over SpaceX's case," PI Opp. 10—would not fix the constitutional problems. Even under that proposal, the ALJ would be removable "by the agency in which the [ALJ] is employed [*i.e.*, the NLRB] only for good cause." 5 U.S.C. § 7521(a). Unless the Court severs the NLRB's removal protection too, two layers of removal protection would remain. And as SpaceX explained in its PI Motion (at 17–18), it is far from clear which of the three removal protections Congress would have wanted to sacrifice. Defendants do not respond to SpaceX's argument on this point or address Congress's intent at all.

These complex severance issues demonstrate why the decision should be left to Congress. *United States v. Nat'l Treas. Emps. Union*, 513 U.S. 454, 479 (1995) (acknowledging the "obligation to avoid judicial legislation"). At a minimum, those issues should be considered after the Court has had a full opportunity for briefing on severability as part of the final remedy at the end of this case. They present no barrier to preliminary relief now to maintain the status quo and preserve the Court's ability to provide a meaningful final remedy.

## CONCLUSION

For all these reasons, the Court should enter a preliminary injunction against the NLRB's administrative proceedings against SpaceX.

Dated: June 6, 2024                                    Respectfully submitted,

                                                       By:     *s/ Catherine L. Eschbach*

                                                       **MORGAN, LEWIS & BOCKIUS LLP**
                                                       Catherine L. Eschbach
                                                       Texas Bar No. 24097665
                                                       1000 Louisiana Street, Suite 4000
                                                       Houston, TX 77002-5006
                                                       catherine.eschbach@morganlewis.com
                                                       T: (713) 890-5719
                                                       F: (713) 890-5001

                                                       Harry I. Johnson, III (*pro hac vice*)
                                                       2049 Century Park East, Suite 700
                                                       Los Angeles, CA 90067-3109
                                                       harry.johnson@morganlewis.com
                                                       (310) 907-1000

                                                       Michael E. Kenneally (*pro hac vice*)
                                                       Amanda L. Salz (*pro hac vice*)
                                                       1111 Pennsylvania Avenue, N.W.
                                                       Washington, DC  20004-2541
                                                       michael.kenneally@morganlewis.com
                                                       amanda.salz@morganlewis.com
                                                       (202) 739-3000

                                                       *Attorneys for Plaintiff*
                                                       *Space Exploration Technologies Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2024, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification to all parties of record.

*s/ Catherine L. Eschbach*
Catherine L. Eschbach
