# Exhibit B

No. 24-40315

<hr>

# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

SPACE EXPLORATION
TECHNOLOGIES CORP.,

Plaintiff – Appellant,

v.

NATIONAL LABOR RELATIONS
BOARD, a federal administrative agency,
JENNIFER ABRUZZO, in her official
capacity as the General Counsel of the
National Labor Relations Board, LAUREN
M. McFERRAN, in her official capacity as
the Chairman of the National Labor
Relations Board, MARVIN E. KAPLAN,
GWYNNE A. WILCOX, and DAVID M.
PROUTY, in their official capacities as
Board Members of the National Labor
Relations Board, and JOHN DOE in his
official capacity as an Administrative Law
Judge of the National Labor Relations
Board.

Defendants – Appellees.

_____

## OPPOSITION TO MOTION FOR
## INJUNCTION PENDING APPEAL

_____

# TABLE OF CONTENTS

Background .................................................................................................. 1

Legal Standard ........................................................................................... 6

Argument ..................................................................................................... 8

  I. SpaceX cannot establish irreparable harm, which is fatal. ................ 8

    A.   There is no irreparable harm as to ALJ removability ..................... 9

    B.   SpaceX's Seventh Amendment claim is too speculative to constitute irreparable harm. ........................................................ 15

    C.   Harms incident to litigation are not irreparable injury as a matter of law. ..................................................................... 16

  II. SpaceX is unlikely to succeed on the merits. ..................................... 16

    A.   This Court lacks appellate jurisdiction. ...................................... 16

    B.   Relief should be denied because venue in the Southern District of Texas is improper. ........................................................... 17

    C. SpaceX fails to show that any ALJ would have been removed but for removal protections. ......................................................... 18

    D. SpaceX's Seventh Amendment claim is beyond this Court's subject-matter jurisdiction and contrary to controlling law. ............... 19

  III. The balance of the equities and the public interest factors counsel against granting a preliminary injunction. ............................................ 23

Conclusion ................................................................................................ 25

Appellant Space Exploration Technologies Corp. ("SpaceX") asks this Court to effectively give private parties which have raised structural challenges to administrative agency proceedings the right to an injunction if those parties might otherwise have to attend a teleconference. Unsurprisingly, SpaceX fails to prove that a phone call will likely cause irreparable harm. Moreover, jurisdiction is lacking to hear SpaceX's Seventh Amendment claim, this lawsuit was filed in an improper venue, and both of SpaceX's pressed claims[1] are foreclosed by binding precedent. Finally, SpaceX also fails to show that the balance of hardships and public interest favor injunctive relief. SpaceX's motion should be denied.

## BACKGROUND

The National Labor Relations Board ("NLRB") adjudicates allegations that an employer or union has committed an "unfair labor practice" ("ULP").[2] To help it do so, the NLRB employs ALJs appointed

---

[1] Cir. ECF 10-1 at 2 n.3. References to the Fifth Circuit Case 24-40315 docket appear as "Cir. ECF," references to Fifth Circuit Case 24-40103 appear as "24-40103 ECF," and references to the district court record appear as "Doc."

[2] *Id.* § 160.

in accordance with the Civil Service Reform Act[3] and the National Labor Relations Act ("NLRA").[4] But the Board is not bound to accept the ALJ's findings of fact or conclusions of law.[5] And once the Board—the final word for the Executive Branch—issues a decision, that decision is reviewable in courts of appeals.[6] District courts generally lack jurisdiction to review or supervise the conduct of NLRB proceedings.[7]

Little need be said here about ALJ removal protections.[8] This Court has already opined that such protections are, in the abstract, unconstitutional, and other circuit courts have disagreed.[9] Eventually, that disagreement will be sorted out by the Supreme Court.

---

[3] 5 U.S.C. § 3105.

[4] 29 U.S.C. § 154(a); *see WestRock Services, Inc.*, 366 NLRB No. 157, slip op. at 3 (2018).

[5] 29 U.S.C. § 160(c).

[6] *Id.* § 160(e), (f).

[7] *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 48 (1938) (cited in *Axon Enter., Inc. v. FTC*, 598 U.S. 175 (2023)).

[8] *See generally* 5 U.S.C. § 7521.

[9] *Compare Jarkesy v. SEC*, 34 F.4th 446 (5th Cir. 2022), *cert. granted*, No. 22-859 (argued Nov. 29, 2023), *with Decker Coal Co. v. Pehringer*, 8 F.4th 1123 (9th Cir. 2021), *and Calcutt v. FDIC*, 37 F.4th 293 (6th Cir. 2022), *rev'd per curiam on other grounds*, 598 U.S. 623 (2023).

This case stems from eight ULP charges filed by or on behalf of employees who reported to or were supervised by managers at the SpaceX facility in Hawthorne, California (the "Hawthorne Facility").[10] SpaceX's principal place of business is the Hawthorne Facility.[11] The ULP charges allege—and the NLRB's prosecutorial employees in its Los Angeles regional office intend to prove—that SpaceX fired the employees in response to their NLRA-protected conduct.[12]

On January 4, SpaceX filed the instant Complaint in the United States District Court for the Southern District of Texas.[13] Only two counts are pressed here: whether NLRB ALJs are unconstitutionally insulated from removal and whether the NLRB's adjudicative process violates the Seventh Amendment.[14]

On January 11, Defendant-Appellee NLRB[15] moved to transfer venue pursuant to 28 U.S.C. § 1406(a) or, in the alternative, § 1404(a),

---

[10] Doc. 29 at 3 n.16.

[11] *Id*. at 3-4 n.17.

[12] Doc. 29 at 4 n.23.

[13] Doc. 1 ("Compl.").

[14] *Id*. at 10, 12, 15, and 19; Cir. ECF 10-1 at 2 n.3.

[15] References to "Defendant" or "NLRB" encompass all Defendants-Appellees.

because the Southern District of Texas was an improper and inconvenient venue.[16] The next day, SpaceX moved for a preliminary injunction.[17] The NLRB asked that transfer briefing be expedited, which SpaceX opposed and the district court denied.[18]

On February 15, the district court granted transfer for lack of venue under 28 U.S.C. § 1406(a) because no substantial part of the events giving rise to the action occurred in the Southern District of Texas; it declined to pass on the Board's alternative request for transfer under § 1404(a) or SpaceX's later-filed preliminary injunction motion.[19]

On February 16, SpaceX moved this Court to reverse that transfer via an extraordinary writ of mandamus.[20] A panel denied SpaceX's petition on March 5, and this Court declined to rehear the case en banc on April 17.[21] During that proceeding, however, the case was re-transferred to the Southern District of Texas at this Court's request.[22]

---

[16] Doc. 29.

[17] Doc. 37.

[18] Docs. 44, 49, 54, 56, 76.

[19] Doc. 82.

[20] 24-40103 ECF 2-2.

[21] 24-40103 ECF 64; 111-1.

[22] 24-40103 ECF 46-1.

Immediately after this Court denied rehearing on SpaceX's mandamus petition, SpaceX moved the district court to reconsider the transfer order, or alternatively, rule on its pending motion for preliminary injunction before transfer.[23] SpaceX did not request expedited briefing.[24]

On April 24, SpaceX learned that on May 2, an ALJ would be holding a teleconference in the ULP case.[25] That underlying administrative proceeding opened on March 5 for attorneys to enter appearances, but was immediately continued to mid-May,[26] and then postponed indefinitely pending resolution of subpoena disputes.[27] The May 2 teleconference is aimed at resolving those disputes.[28] SpaceX is not expected to produce any evidence before or during that call. And SpaceX attended two prior ALJ conferences on February 12 and 23.

---

[23] Doc. 112.

[24] *Id.*

[25] Cir. ECF 10-1 at 2.

[26] Administrative Law Judge's Order ("Order Postponing Hearing Dates"), Apr. 16, 2024, https://www.nlrb.gov/case/31-CA-307446.

[27] *Id.*

[28] Cir. ECF 10-1 at 2.

SpaceX waited two days after learning of the May 2 teleconference, until after the close of business on Friday, April 26, to inform the district court of this fact. In its reply in support of reconsideration, SpaceX added a new demand, asking the district court to rule on its request for preliminary relief "no later than **May 2, 2024**" (emphasis in original). SpaceX presented no evidence that any action would be required at this teleconference, nor did it present evidence that such participation would be impossible or ruinous.[29] The NLRB filed a surreply on Monday, April 29 that also addressed SpaceX's demand for a ruling by May 2.[30] On April 30, two days ***before*** its own claimed May 2 deadline, SpaceX filed the instant interlocutory appeal.[31]

## LEGAL STANDARD

To obtain an injunction pending appeal,[32] SpaceX must satisfy all traditional criteria for injunctive relief,[33] plus the threshold elements of

---

[29] Doc. 117.

[30] Doc. 118.

[31] Doc. 119; Cir. ECF 10-1 at 1.

[32] What SpaceX seeks here (Cir. ECF 10-1 at 1) is, in substance, an injunction against the NLRB, not, as they style it, an "administrative stay." *See Hamilton v. Robertson*, 854 F.2d 740, 741 (5th Cir. 1988).

[33] *Perez v. City of San Antonio*, 98 F.4th 586 (5th Cir. 2024); *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011).

jurisdiction and venue required for a federal court to do anything in a case.[34]

"A preliminary injunction is an extraordinary and drastic remedy" that should "never [be] awarded as of right."[35] A plaintiff must make "a clear showing"[36] of four elements: "(1) a substantial likelihood that plaintiff will prevail on the merits, (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to plaintiff outweighs the threatened harm the injunction may do to defendant, and (4) that granting the preliminary injunction will not disserve the public interest."[37] The third and fourth factors "merge when the Government is the opposing party."[38]

---

[34] *E.g. Ex Parte McCardle*, 74 U.S. 506, 514 (1868) ("Without jurisdiction the court cannot proceed at all in any cause."); *Hendricks v. Bank of Am., N.A.*, 408 F.3d 1127, 1135 (9th Cir. 2005) (venue "bear[s] on the district court's power to issue [an] injunction because the court would lack authority to grant relief if…venue was improper."); *U.S. Golf Ass'n v. U.S. Amateur Golf Ass'n,* 690 F. Supp. 317, 319 (D.N.J. 1988) (collecting cases).

[35] *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008).

[36] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

[37] *Anibowei v. Morgan*, 70 F.4th 898, 902 (5th Cir. 2023), *cert. denied*, No. 23-199 (U.S. Jan. 8, 2024).

[38] *Nken v. Holder*, 556 U.S. 418, 435 (2009); *see also Benisek v. Lamone*, 138 S. Ct. 1942, 1944 (2018) (per curiam) (equities and public interest may overcome other two factors in constitutional cases).

Harm to the movant must be "likely" and not a mere possibility.[39]

"A showing of irreparable harm is the *sine qua non* of injunctive

relief."[40] Even where plaintiffs have demonstrated a strong likelihood of

success, a court "cannot give the other factors short shrift."[41]

## ARGUMENT

### I. SpaceX cannot establish irreparable harm, which is fatal.

SpaceX fails to offer "independent proof" of irreparable harm, let

alone establish that such harm is likely to occur.[42] Accordingly,

SpaceX's request founders because *this Court may not issue a*

*preliminary injunction just because there is no "preliminary declaratory"*

*relief*—SpaceX shows no circumstances, such as bankruptcy or having

to suspend its business, that could preclude reaching judgment.[43] And

SpaceX does not allege the kind of constitutional injury warranting

injunctive relief.[44] Instead, SpaceX primarily asserts that the Supreme

---

[39] 555 U.S. 7, 20 (2008).

[40] *Ne. Fla. Chapter of the Ass'n of Gen. Contractors of Am. v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990) (cleaned up).

[41] *Mock v. Garland,* 75 F.4th 563, 587 n.60 (5th Cir. 2023).

[42] *See White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989).

[43] *Contra* Cir. ECF 10-1 at 23 (and cases cited).

[44] *Contra* Cir. ECF 10-1 at 21 (citations omitted). Courts have "expressly declined to find that the irreparable harm requirement for

Court's decision in *Axon* makes such proof unnecessary.[45] But *Axon* addressed only whether a district court had subject-matter jurisdiction to collaterally attack ongoing agency proceedings; unsurprisingly, courts have not read *Axon* to permit enjoining agency proceedings upon the barest assertion of harm.[46]

### A. There is no irreparable harm as to ALJ removability

injunctive relief is automatically satisfied by a plaintiff's allegation that his constitutional rights have been violated." *Sheffield v. Bush*, 604 F. Supp. 3d 586, 609 (S.D. Tex. 2022); *see, e.g., Siegel v. Lepore*, 234 F.3d 1163, 1178 (11th Cir. 2000) (en banc) (the "only areas of constitutional jurisprudence where we have said that an ongoing violation may be presumed to cause irreparable injury" involve "privacy and certain First Amendment claims"); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 682 (7th Cir. 2012) ("[E]quitable relief depends on irreparable harm, even when constitutional rights are at stake.").

[45] Cir. ECF 10-1 at 21-24 (citing *Axon Enter., Inc. v. FTC*, 598 U.S. 175 (2023)). *Axon* recognized a "here-and-now" injury stemming from "subjection to an unconstitutionally structured decisionmaking process." 598 U.S. at 192.

[46] *Meta Platforms, Inc. v. FTC*, No. 1:23-cv-03562-RDM, 2024 WL 1121424, at *10 (D.D.C. Mar. 15, 2024) ("*Axon*, of course, had nothing to do with whether and when courts should grant preliminary injunctive relief."); *Leachco, Inc. v. Consumer Prod. Safety Comm'n*, No. CIV-22-232-RAW, 2023 WL 4934989, at *2 (E.D. Okla. Aug. 2, 2023) ("*Axon* simply answered a jurisdictional question; it did not include an injunction analysis" and "a violation of a constitutional right alone constitutes irreparable harm [only in] cases involving individual rights, not the allocation of powers among the branches of government."); *accord Kim v. FINRA*, No. 1:23-CV-02420 (ACR), 2023 WL 6538544, at *13 & n.19 (D.D.C. Oct. 6, 2023), *appeal docketed*, No. 23-7136 (D.C. Cir. Oct. 19, 2023).

1. <u>SpaceX fails to allege causal harm, which is a prerequisite to prevailing on its irreparable-harm claim.</u>

SpaceX alleges that ALJs are unconstitutionally insulated from removal by the President.[47] But in *Collins v. Yellen*, the Supreme Court held that invalid removal restrictions do not necessarily show entitlement to a remedy.[48] Rather, a plaintiff must show that the removal restriction actually "cause[d] harm" to the plaintiff.[49] The Fifth Circuit subsequently explained that there are "three requisites for proving harm" for a removal claim: "(1) a substantiated desire by the President to remove the unconstitutionally insulated actor; (2) a perceived inability to remove the actor due to the infirm provision; and (3) a nexus between the desire to remove and the challenged actions taken by the insulated actor."[50]

Unlike appointment challenges, abstract removability challenges affect "the conditions under which those officers might someday be

---

[47] Compl. ¶¶ 51-82; Cir. ECF 10-1 at 4-5, 12-14.

[48] *Collins v. Yellen*, 141 S. Ct. 1761, 1788-89 (2021).

[49] *Id.* at 1789.

[50] *Cmty. Fin. Servs. Ass'n of Am., Ltd. v. CFPB*, 51 F.4th 616, 632 (5th Cir. 2022) ("*CFSA*"), *cert. granted on other grounds*, No. 22-448 (argued Oct. 3, 2023); *see also Collins v. Dep't of the Treasury*, 83 F.4th at 970, 982 (5th Cir. 2023).

removed [rather than] the validity of any officer's continuance in office."[51] Every reported case on this issue since *Collins* thus requires a challenger to specifically show that a removal protection actually harmed that very challenger.[52] And post-*Collins*, courts have routinely denied preliminary injunctions sought on ALJ-removability grounds.[53] SpaceX's authorities are not to the contrary.[54]

---

[51] *Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*, 561 U.S. 477, 508 (2010); *cf. Lucia v. SEC*, 585 U.S. 237, 239 (2018) (remedy for Appointments Clause violation is "hearing before a properly appointed" official).

[52] *See, e.g., Collins v. Dep't of the Treasury*, 83 F.4th at 982-84; *CFSA*, 51 F.4th at 632-33.

[53] *See Manis v. U.S. Dep't of Agric.*, No. 1:24-cv-175, 2024 WL 1770775, at *6 (M.D.N.C. Apr. 24, 2024); *Space Expl. Techs. Corp. v. Bell*, --- F. Supp. 3d ---, No. 1:23-cv-00137, 2023 WL 8885128, at *4-5 (S.D. Tex. Nov. 8, 2023); *Care One, LLC v. NLRB*, No. 3:23-cv-00831 (RNC), 2023 WL 6457641, at *3-4 (D. Conn. Oct. 4, 2023), *appeal docketed*, No. 23-7475 (2d Cir. Oct. 20, 2023); *Leachco*, 2023 WL 4934989, at *2; *Burgess v. FDIC*, 639 F. Supp. 3d 732, 747 (N.D. Tex. 2022), *appeal docketed sub nom. Burgess v. Whang*, No. 22-11172 (5th Cir. Dec. 5, 2022).

[54] *Jarkesy v. SEC* avoided the causal-harm issue because other constitutional violations made it unnecessary to decide what relief would be appropriate based on unlawful removal restrictions. 34 F.4th at 463 n.17. SpaceX also relies on Judge Walker's statement concurring in a per curiam order enjoining pending appeal an enforcement action brought by a self-regulatory organization ("SRO") in *Alpine Securities Corp. v. FINRA*, No. 23-5129, 2023 WL 4703307 (D.C. Cir. July 5, 2023) (Cir. ECF 10-1 at 23). But Alpine faced the "corporate death penalty," *id.* at *1, and raised several constitutional issues involving SROs not present here. And Judge Walker's statement is not binding even within

It does not matter that SpaceX seeks prospective relief. *Collins v. Yellen*'s "remedial inquiry focused on whether a harm occurred that would create an entitlement to a remedy, rather than the nature of the remedy, and [the] determination as to whether an unconstitutional removal protection inflicted harm remains the same whether the petitioner seeks retrospective or prospective relief."[55] SpaceX cannot evade this holding by distinguishing between ongoing and past administrative proceedings.[56] Rather, it must demonstrate actual prejudice from removal restrictions.

Here, SpaceX has not established that the President sought to remove any ALJ, or that, but for the removal restrictions, "the challenged actions taken by" these individuals would not have

---

the D.C. Circuit. *See Kim*, 2023 WL 6538544, at *9 (disagreeing with Judge Walker's analysis). Furthermore, the Tenth Circuit denied a virtually identical motion for injunction pending appeal targeting another SRO's enforcement action. *Alpine Sec. Corp. v. Nat'l Sec. Clearing Corp.*, No. 24-4027 (10th Cir. Mar. 15, 2024).

[55] *CFSA*, 51 F.4th at 631 (cleaned up); *accord Crystal Moroney*, 63 F.4th at 180-81; *Calcutt*, 37 F.4th at 316.

[56] Cir. ECF 10-1 at 22-23.

occurred.[57] Nor has SpaceX explained which precise actions by the ALJ it is challenging.[58] Its entire argument offers nothing but speculation.

2. <u>The availability of severance bars injunctive relief.</u>

Severance, not injunctive relief, would be the appropriate remedy for any unconstitutional removal restrictions. Generally, statutes are severable if "the remainder of the law is capable of functioning independently and thus would be fully operative as a law."[59]

ALJs may statutorily be removed "by the agency in which the [ALJ] is employed only for good cause established and determined by the [MSPB] on the record after opportunity for hearing before the Board."[60] MSPB members "may be removed by the President only for inefficiency, neglect of duty, or malfeasance in office."[61] A court could, for example, sever the second half of the sentence in § 7521(a) after "good cause," as to any ALJ presiding over SpaceX's case.

---

[57] *CFSA*, 51 F.4th at 632; *see Collins v. Yellen*, 141 S. Ct. at 1789.

[58] *See, e.g.,* Compl. ¶¶ 10-11, 51-56 (no challenge to actual ALJ actions).

[59] *Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 140 S. Ct. 2335, 2353 (2020).

[60] 5 U.S.C. § 7521(a).

[61] *Id.* § 1202(d).

The Supreme Court has relied upon severance to remedy unlawful removal protections. In *Free Enterprise Fund*, the Court found the agency's removal protections unconstitutional, but granted declaratory relief only, severing the offending statutory provisions.[62] Likewise, in *Seila Law LLC v. Consumer Finance Protection Bureau*, the Court found removal protections for the agency's Director unconstitutional,[63] and severed that protection rather than awarding injunctive relief.[64]

To halt the ULP proceedings altogether, as SpaceX suggests, would do more violence to congressional intent than severing removal protections. SpaceX is not entitled to enjoin this administrative proceeding.[65]

---

[62] 561 U.S. at 508, 513.

[63] 140 S. Ct. 2183, 2207-08 (2020).

[64] *Id.* at 2209.

[65] Courts "limit the solution to the problem" when confronting a statute's constitutional flaw. *Ayotte v. Planned Parenthood of N. New England*, 546 U.S. 320, 328 (2006); *see also Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 222 (1974) (when "the relief sought produces a confrontation with one of the coordinate branches of the Government," the "framing of relief" may be "no broader than required" to address any "concrete injury"). *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975) [Cir. ECF 10-1 at 23], is inapposite because there, the defendant conceded that absent preliminary relief, plaintiffs would suffer a substantial loss of business, even bankruptcy. *Id.* at 932.

### B. SpaceX's Seventh Amendment claim is too speculative to constitute irreparable harm.

SpaceX alleges that the NLRB's proceeding, and particularly a subset of potential make-whole remedies referenced in *Thryv, Inc.*, 372 NLRB No. 22 (Dec. 13, 2022), *petition for review filed*, No. 23-60132 (5th Cir. argued Feb. 6, 2024), is an effort to adjudicate private rights without a jury.[66] But SpaceX cannot demonstrate that it will suffer irreparable harm from such a such a proceeding.[67]

First, the alleged injury remains entirely speculative. No ALJ has recommended any remedy, let alone the *Thryv*-type remedies of which SpaceX complains. Such speculation "is insufficient" for SpaceX to obtain the relief it seeks.[68]

More importantly, even if the Board lacked authority to order *Thryv*-type remedies, that would not bear on the Board's power to seek other statutory remedies such as back pay.[69] Instead, the appropriate

---

[66] Cir. ECF 10-1 at 15-17.

[67] *Id.* at 24.

[68] *Ashcroft v. Mattis*, 431 U.S. 171, 172 n.2 (1977).

[69] *NLRB v. Jones & Laughlin Steel Corp.*, 301 U.S. 1, 48 (1937) (holding, on review of a Board order providing for backpay, that the Seventh Amendment "has no application to cases where recovery of money damages is an incident to equitable relief"); *Agwilines, Inc. v. NLRB,* 87

relief would be *at most* to enjoin the agency from seeking *Thryv* remedies in its administrative proceedings—and as explained below in Section II-D, courts lack subject-matter jurisdiction to do even that.

### C. Harms incident to litigation are not irreparable injury as a matter of law.

SpaceX's chief irreparable harm argument concerns the burdens of litigation,[70] but this is insufficient to justify immediate court intervention.[71] Neither the "expense and annoyance of litigation" nor "substantial and unrecoupable cost . . . constitute irreparable injury."[72] The Fifth Circuit has long recognized that these supposed harms are part of the social burden of living under government.[73]

## II. SpaceX is unlikely to succeed on the merits.

### A. This Court lacks appellate jurisdiction.

---

F.2d 146, 150-51 (5th Cir. 1936); *see also* below at 22-23 (discussing *Thryv* remedies).

[70] Cir. ECF 10-1 at 24-25.

[71] 598 U.S. at 192.

[72] *FTC v. Standard Oil Co. of Cal.*, 449 U.S. 232, 244 (1980) (cleaned up).

[73] *See Bradley Lumber Co. of Ark. v. NLRB*, 84 F.2d 97, 100 (5th Cir. 1936) (distraction of NLRB proceeding was "not the irreparable damage which equity will interfere to prevent").

Absent a "legitimate basis for the urgency[,]" appellate jurisdiction "cannot be achieved simply by asserting that the trial court has failed to act as promptly as wished by a party seeking an injunction."[74] The NLRB will not repeat arguments from its motion to dismiss this appeal.[75] Because the district court has denied no preliminary injunction, "effectively" or otherwise, this Court lacks jurisdiction to order injunctive relief.[76]

## B. Relief should be denied because venue in the Southern District of Texas is improper.

The district court has already held that the facts SpaceX relied on to support venue in Texas were "incidental," "insubstantial," and fail to "comprise a substantial part of the events giving rise" to SpaceX's claims. [Doc. 82 at 2-4.] SpaceX's motion does not address these findings, which are therefore conceded in this posture. Thus, resolution

---

[74] *In re Fort Worth Chamber of Com.*, 98 F.4th 265, 271 (5th Cir. 2024) (cleaned up).

[75] Cir. ECF 14.

[76] *Ex Parte McCardle*, 74 U.S. at 514.

of a motion for preliminary relief should be left to the proper court,[77] the

Central District of California.[78]

### C. SpaceX fails to show that any ALJ would have been removed but for removal protections.

SpaceX cannot succeed under its ALJ-removal theory because it

has not shown necessary prejudice traceable to the challenged ALJ

removal protections.[79] In *Jarkesy*,[80] a split Fifth Circuit panel found

removal protections for SEC ALJs unconstitutional.[81] The NLRB

preserves, for merits briefing, its arguments that Board ALJs are unlike

those in *Jarkesy*. And to the extent this Court thinks *Jarkesy* applies

---

[77] *See, e.g., Glazier Grp., Inc. v. Mandalay Corp.*, No. CIV.A. H-06-2752, 2007 WL 2021762, at *1 (S.D. Tex. July 11, 2007) (granting motion to transfer under 28 U.S.C. § 1406 and declining to resolve motion for preliminary injunction); *Half Price Books, Recs., Mags., Inc. v. Riepe*, No. CIV.A.3:98-CV-0585-P, 1998 WL 329383, at *7 (N.D. Tex. June 12, 1998) (granting motion to transfer venue and denying without prejudice request to set preliminary injunction hearing).

[78] Doc. 82.

[79] *See, e.g.,* above at 10-13 (discussing SpaceX's failure to show irreparable harm as to ALJ removability due to lack of showing of causal harm).

[80] 34 F.4th at 463-65.

[81] *See also* 51 F.4th 644, 646-47 (5th Cir. 2022) (Haynes, J., dissenting from denial of petition for rehearing en banc).

here, Defendants respectfully note their disagreement with that

decision, which remains pending before the Supreme Court.[82]

For the reasons discussed above (Sec. I.A.), SpaceX fails to state a

claim under *Jarkesy*. Because it cannot show that the mere presence,

without more, of removal restrictions for ALJs inflicts any causal harm,

SpaceX has no likelihood of success on that claim.

### D. SpaceX's Seventh Amendment claim is beyond this Court's subject-matter jurisdiction and contrary to controlling law.

As a threshold matter, SpaceX's Seventh Amendment claim

related to potential NLRA remedies is jurisdictionally barred because

SpaceX cannot meet *Axon*'s requirements for non-statutory review.[83]

First, contesting particular remedies does not amount to a "structural"

challenge to agency decisionmaking, such that meaningful review would

be foreclosed.[84] Second, rather than question the Board's "power

---

[82] *See SEC v. Jarkesy*, 143 S. Ct. 2688 (2023).

[83] 598 U.S. at 189, 191-95 (discussing whether (1) precluding district court jurisdiction would foreclose all meaningful judicial review of the claim, (2) the claim is wholly collateral, and (3) the claim is outside of the area of agency expertise).

[84] *Id.* at 191. Indeed, in *Jones & Laughlin Steel*, 301 U.S. at 22, 48-49, the Supreme Court rejected a similar Seventh Amendment challenge in the normal course of review of final Board orders under Section 10(f) of the Act.

generally," SpaceX's challenge goes only to "how that power [would be] wielded,"[85] and thus is not wholly collateral. And under the third *Axon* factor, the Board's power to fashion remedies is a core area of Board expertise.[86] Accordingly, this Court lacks subject-matter jurisdiction over SpaceX's Seventh Amendment allegation except if considered on review of a final Board order.[87]

Moreover, the Seventh Amendment claim fails on its merits. The Supreme Court has made clear that the Seventh Amendment is "no bar" to the power of Congress to create new rights, "and remedies therefor," and to permit administrative agencies to seek enforcement of such rights.[88] The dispositive inquiry is whether the proceeding involves

---

[85] *Id.* at 193.

[86] "The Board's [remedial] power is a broad discretionary one, subject to limited judicial review . . . . The Board's order will not be disturbed unless it can be shown that the order is a patent attempt to achieve ends other than those which can fairly be said to effectuate the policies of the Act." *Fiberboard Paper Products v. NLRB*, 379 U.S. 203, 216 (1964); *Va. Elec. & Power Co. v. NLRB*, 319 U.S. 533, 539 (1943).

[87] 29 U.S.C. § 160(e), (f).

[88] *Atlas Roofing Co. v. OSHRC*, 430 U.S. 442, 461 (1977). Moreover, the NLRB does not award civil penalties. *Compare* 34 F.4th at 454 ("actions seeking civil penalties are akin to special types of actions in debt from early in our nation's history which were distinctly legal claims").

"public rights" versus "private rights."[89] The Board's proceedings involve quintessential public rights: the Act's prohibitions against interference with employees' protected activities are purely statutory creations designed to advance broader governmental policies.[90]

Over eighty years ago, the Supreme Court held an indistinguishable "contention under the Seventh Amendment [to be] without merit" in *NLRB v. Jones & Laughlin Steel Corp*.[91] The Fifth Circuit earlier reached this same conclusion in *Agwilines,* holding that the NLRA "does not [confer] private rights. It is only to rights and remedies as they were generally known and enforced at common law by jury trial that the amendment applies."[92] Indeed, the NLRA's substantive rights "were not only unknown, they were *obnoxious* to the common law."[93]

---

[89] *Oil States Energy Servs. LLC v. Greene's Energy Grp. LLC*, 138 S. Ct. 1365, 1373 (2018).

[90] *See Va. Elec.*, 319 U.S. at 543 (the Board's orders "vindicate public, not private rights").

[91] 301 U.S. 1, 48-49 (1937). As the Court held, the Board's orders are not like "money judgment[s] . . . under the common law." *Id; accord Atlas Roofing*, 430 U.S. at 453.

[92] 87 F.2d at 150.

[93] *Id*. (emphasis added).

SpaceX quarrels with certain make-whole remedies available under *Thryv*. But the Supreme Court explained that *Jones & Laughlin* provided two "separate ground[s]" for rejecting the Seventh Amendment argument: first, the right to a jury trial does not apply to the Board's administrative enforcement of the Act's public rights; and second, because the Board's award of "monetary relief" is often intertwined with reinstatement, the Seventh Amendment is not implicated.[94] SpaceX's argument ignores the first holding, which does not turn on the type of relief at issue.

But even considering the nature of the relief, make-whole remedies are the type of "affirmative action" the Board may require to effectuate labor policy under the NLRA. Even if the Board eventually orders backpay along with any of the other make-whole remedies from

---

[94] *Atlas Roofing*, 430 U.S. at 453-54 & n.10; *see Jones & Laughlin*, 301 U.S. at 22 (Seventh Amendment is inapplicable where monetary remedies are "incident to equitable relief").

*Thryv*,[95] such remedies are "incident to equitable relief."[96] And SpaceX cannot distinguish *Thryv* from the remedies that the Supreme Court and the Fifth Circuit have long found within *Atlas Roofing*'s compass.[97]

## III. The balance of the equities and the public interest factors counsel against granting a preliminary injunction.

SpaceX cannot show that its alleged harm outweighs the harm an injunction would inflict on the public and those not before the Court, especially the eight fired employees whose right are at stake in the ULP case.[98] The standard burdens of administrative litigation cannot justify an injunction that would preclude the public's "strong interest in enforcing the federal labor laws."[99] What's more, absent a statutory

---

[95] SpaceX refers to *Thryv* remedies as akin to consequential or compensatory damages. Cir. ECF 10-1 at 18. This is wrong; the Board has never purported to award "monetary relief for all losses." *Id.* (citation omitted). As the Board noted in *Thryv*, terms of art like "consequential damages," as used in other areas of the law, are inapt descriptions of make-whole relief designed to undo the effects of an unfair labor practice and advance the policies of the Act. 372 NLRB No. 22, slip op. at 13.

[96] *Jones & Laughlin*, 301 U.S. at 22.

[97] *See, e.g., NLRB v. Strong*, 393 U.S. 357, 359 (1969) (as to payment of fringe benefits, "making the workers whole for losses suffered on account of an unfair labor practice is part of the vindication of the public policy which the Board enforces")

[98] *See Def. Distributed v. U.S. Dep't of State*, 838 F.3d 451, 457 (5th Cir. 2016).

[99] *See Bill Johnson's Rests., Inc. v. NLRB*, 461 U.S. 731, 747 n.14 (1983).

exception, Congress has jurisdictionally barred all "court[s] of the United States" from issuing injunctions "in any case involving or growing out of a labor dispute."[100] This limitation applies "regardless of whether or not the disputants stand in the proximate relation of employer and employee."[101] Even where permitted, any such injunction also requires a hearing "in open court" and specific findings that SpaceX could not meet here.[102] And here, the requested injunction would frustrate Congress's intent to protect the Act's public rights enforceable only by the Board.[103]

Moreover, SpaceX's request for relief should be denied because it has acted inequitably. It noticed its appeal two days before its requested deadline. SpaceX also waited two days to inform the district court of the May 2 teleconference and failed to seek further expedition or a TRO from the district court if May 2 was not soon enough. It should not be

---

[100] 29 U.S.C. § 113; *see Boys Markets, Inc. v. Retail Clerks Union*, 398 U.S. 235, 253 (1970).

[101] 29 U.S.C. § 113.

[102] *Id.* at §§ 107, 113.

[103] *Nathanson v. NLRB*, 344 U.S. 25, 27 (1953) ("The Board is the public agent chosen by Congress to enforce the [NLRA]."); *Amal. Util. Workers v. Consol. Edison Co. of N.Y.*, 309 U.S. 261, 270 (1940) (Board is the "sole authority to secure" the prevention of ULPs).

permitted to obtain relief from this Court it could have sought, but failed to seek, below.[104]

Furthermore, granting an injunction would encourage any employer or labor union unhappy with scrutiny of their labor practices to seek preliminary injunctions against NLRB proceedings. As the Fifth Circuit has repeatedly held, interfering with the enforcement of "statutes enacted by representatives of [the] people" is a "form of irreparable injury" to the government.[105] Depriving employees of the sole mechanism to vindicate their NLRA rights cannot serve the public interest, especially when SpaceX may obtain an adequate legal remedy if the Board ultimately issues an adverse decision.

## CONCLUSION

For the foregoing reasons, SpaceX's motion for an injunction pending appeal should be denied.

Respectfully submitted,

---

[104] Fed. R. App. P. 8(a)(2).

[105] *See, e.g., Tex. All. for Ret. Ams. v. Hughs*, 976 F.3d 564, 569 (5th Cir. 2020); *Valentine v. Collier*, 956 F.3d 797, 803 (5th Cir. 2020).

NATIONAL LABOR RELATIONS
BOARD
*Contempt, Compliance, and
  Special Litigation Branch*

KEVIN P. FLANAGAN
*Deputy Assistant General
Counsel*

GRACE L. PEZZELLA
*Trial Attorney*

s/*David P. Boehm*
DAVID P. BOEHM
*Trial Attorney*
D.C. Bar No. 1033755 – *pro
hac vice*
1015 Half Street, S.E. - 4th
Floor
Washington, DC 20003
Telephone: (202) 273-4202
Email: David.boehm@nlrb.gov

Dated this 2d day of May, 2024.

## CERTIFICATE OF COMPLIANCE

This petition complies with the type-volume limitations of

Fed. R. App. P. 27(d)(2)(A) because this petition contains 5,191 words.

This petition complies with the typeface requirements of Fed.

R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P.

32(a)(6) because this petition has been prepared in a proportionally

spaced typeface using Microsoft Word 365 in 14-point Century

Schoolbook font.

Dated at Washington, D.C.
  this 2d day of May, 2024

s/ David P. Boehm
DAVID P. BOEHM
Attorney
(202) 273-4202
David.Boehm@nlrb.gov

27