UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SPACE EXPLORATION TECHNOLOGIES CORP., <br><br>           Plaintiff, <br>     v. <br><br> NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board, LAUREN M. McFERRAN, in her official capacity as the Chairman of the National Labor Relations Board, MARVIN E. KAPLAN, GWYNNE A. WILCOX, and DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board, and JOHN DOE in his official capacity as an Administrative Law Judge of the National Labor Relations Board, <br><br>           Defendants. | Case No. 6:24-cv-00203-ADA-DTG |

**DEFENDANTS' UNOPPOSED MOTION FOR AN EXTENTION OF TIME TO FILE ANSWER TO COMPLAINT OR RULE 12 MOTION**

Pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure, Defendants National Labor Relations Board, *et al.*, ("NLRB") move this Court to postpone the date to file an Answer or Rule 12 motion in response to the Complaint filed by Plaintiff Space Exploration Technologies Corp. ("SpaceX") until the latter of 30 days after the pending Motion to Stay Further Proceedings ("Motion to Stay") is disposed of or 30 days after any stay is lifted. Currently, Defendants' Answer or Rule 12

1

motion is due on June 24, 2024. In support of this motion, the NLRB states as follows:

1.  This case is a collateral attack on an administrative complaint issued by the NLRB's Regional Office in Seattle, Washington ("Region 19") against SpaceX. Dkt. 11-3. That administrative complaint, in turn, is based on a charge filed by an individual with Region 19 in NLRB Case No. 19-CA-309274. *Id.* at 1.

2.  Region 19 issued that administrative complaint on March 20, 2024. *Id.* at 8. That same day, Region 19 also issued a Notice of Hearing, setting an administrative hearing that was scheduled to begin in Seattle on October 29, 2024. *Id.*

3.  On April 17, 2024, SpaceX filed its answer to the NLRB's administrative complaint. Dkt. 11 at 1.

4.  On April 19, 2024, SpaceX filed the instant district court suit, which principally alleges that its action "stems from an unlawful attempt by the [NLRB] to subject SpaceX to an administrative proceeding . . . whose structure violates Article II of the Constitution of the United States." Dkt. at 1, ¶1.

5.  On April 30, 2024, the Regional Director for Region 19 postponed the administrative hearing indefinitely. "RD's Order to Reschedule Hearing," Apr. 30, 2024, https://www.nlrb.gov/case/19-CA-309274.

6.  Pursuant to Fed. R. Civ. P. 12(a)(2), Defendants' Answer is due June 24, 2024. But "[w]hen an act may or must be done within a specified time, the court

may, for good cause, extend the time" if the request is made before the time expires. Fed. R. Civ. P. 6(b)(1).

7. A matter involving the same parties and issues is currently pending before the United States District Court for the Southern District of Texas. *See Space Expl. Techs. Corp. v. NLRB*, No. 1:24-cv-00001 (S.D. Tex.). In recognition of that action, Defendants filed with this Court on May 23, 2024, a Motion to Stay Further Proceedings ("Motion to Stay") under the first-to-file rule. Dkt. 23.

8. As explained in the Motion to Stay, the instant case is subject to the first-to-file rule because its claims are completely encompassed by the lawsuit before the Southern District of Texas. Dkt. 23 at 5-6. As such, the proper role of this Court, as the second-filed forum, is only to decide whether Defendants have shown a "likelihood of substantial overlap between the two suits." *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971). The question of whether both cases should proceed is properly left to the Southern District of Texas. *Id.* at 407.

9. Because the disposition of the pending Motion to Stay will inform this Court's continued oversight of any subsequent Answer or Rule 12 motion, Defendants believe that this requested extension of time will prevent duplication of judicial and party efforts and avoid any rulings which may encroach on the authority of the Southern District of Texas or potentially conflict with a decision of that court. *Cf. Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997); *W. Gulf Mar. Ass'n v. ILA Deep Sea Loc. 24*, 751 F.2d 721, 728-30 (5th Cir. 1985).

10. Moreover, because the underlying agency proceedings that SpaceX challenges in this action have been indefinitely postponed, SpaceX will suffer no prejudice from this extension.

11. Defendants conferred with SpaceX's counsel via email on June 14, 2024, and counsel represented that SpaceX does not oppose the relief sought by this motion.

## CONCLUSION

Because good cause exists to extend the time for the NLRB to answer or otherwise respond to SpaceX's Complaint, this Court should grant the NLRB's request and grant Defendants until the latter of 30 days after the pending Motion to Stay is disposed of or 30 days after any stay is lifted to file their Answer or Rule 12 motion.

Respectfully submitted,

NATIONAL LABOR RELATIONS BOARD
*Contempt, Compliance, and*
    *Special Litigation Branch*

KEVIN P. FLANIGAN
*Deputy Assistant General Counsel*

PAUL A. THOMAS
*Supervisory Attorney*

GRACE L. PEZZELLA
*Trial Attorney*

MATHEUS TEIXERIA
*Trial Attorney*

s/David P. Boehm
DAVID P. BOEHM
*Trial Attorney*

                                            D.C. Bar No. 1033755  
                                            1015 Half Street, S.E. - 4th Floor  
                                            Washington, DC 20003  
                                            Telephone: (202) 273-4202  
                                            Email: David.boehm@nlrb.gov

Dated this 17th day of June, 2024.