# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| **SPACE EXPLORATION TECHNOLOGIES CORP.,** | |
| **Plaintiff,** | Civil Action No. 6:24-cv-00203-ADA-DTG |
| **v.** | |
| **NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board, LAUREN M. McFERRAN, in her official capacity as the Chairman of the National Labor Relations Board, MARVIN E. KAPLAN, GWYNNE A. WILCOX, and DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board, and JOHN DOE in his official capacity as an Administrative Law Judge of the National Labor Relations Board,** | |
| **Defendants.** | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION OF DEFENDANTS TO STAY FURTHER PROCEEDINGS

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................1

BACKGROUND .........................................................................................................3

ARGUMENT ..............................................................................................................6

I.      The two actions arise from and seek relief regarding distinct administrative proceedings. .........................................................................................................8

II.     Compelling circumstances make a stay inappropriate. .....................................11

III.    In all events, the Court should not stay this action before resolving SpaceX's fully briefed preliminary injunction motion. ..........................................................14

CONCLUSION...........................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cadle Co. v. Whataburger of Alice, Inc.*,
174 F.3d 599 (5th Cir. 1999) ...................................................7

*Chamber of Commerce of United States v. FTC*,
No. 6:24-CV-00148, 2024 WL 1954139 (E.D. Tex. May 3, 2024) ...................................9, 10

*Columbia Plaza Corp. v. Security National Bank*,
525 F.2d 620 (D.C. Cir. 1975) ...................................................7

*Guyton v. Legacy Pressure Control, Inc.*,
No. SA-15-CV-1075-XR, 2016 WL 5794801 (W.D. Tex. Oct. 4, 2016)............................7, 11

*Hart v. Donostia LLC*,
290 F. Supp. 3d 627 (W.D. Tex. 2018)...................................................7, 14

*Int'l Fid. Ins. Co. v. Sweet Little Mex. Corp.*,
665 F.3d 671 (5th Cir. 2011) ...................................................6

*Loyalty Conversion Sys. Corp. v. Am. Airlines, Inc.*,
66 F. Supp. 3d 795 (E.D. Tex. 2014)...................................................9

*Mann Mfg., Inc. v. Hortex, Inc.*,
439 F.2d 403 (5th Cir. 1971) ...................................................7, 11

*Save Power Ltd. v. Syntek Fin. Corp.*,
121 F.3d 947 (5th Cir. 1997) ...................................................9, 10

*Shirey v. Helix Energy Sols. Group, Inc.*,
No. CV H-17-2741, 2018 WL 1586347 (S.D. Tex. Apr. 2, 2018) ...............................7, 11, 13

*SpaceX v. NLRB*,
1:24-cv-001 (S.D. Tex. Jan. 4, 2024)................................................... passim

*State v. Biden*,
538 F. Supp. 3d 649 (W.D. La. 2021)...................................................7, 11

*Tidel Technologies, Inc. v. Corporate Safe Specialists, Inc.*,
No. 2:05-CV-260, 2005 WL 8161338 (E.D. Tex. Aug. 15, 2005).........................................10

*United Nat. Foods, Inc. v. NLRB*,
66 F.4th 536 (5th Cir. 2023) ...................................................3

*United States v. Samples*,
   897 F.2d 193 (5th Cir. 1990) ........................................................................15

*W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO*,
   751 F.2d 721 (5th Cir. 1985) ...............................................................6, 7, 10

**Statutes**

28 U.S.C. § 1391 ............................................................................................4

28 U.S.C. § 1404 .......................................................................................4, 12

28 U.S.C. § 1406 .......................................................................................4, 12

28 U.S.C. § 1657 .....................................................................................14, 15

**Other Authorities**

29 C.F.R. § 102.18 ........................................................................................3

Fed. R. App. P. 12.1 .......................................................................................5

Fed. R. Civ. P. 65 ..........................................................................................5

## INTRODUCTION

Defendants (together, "the NLRB") move to stay this action under the first-to-file rule. Dkt. #23 (the "Motion"). To date, they have made no argument that this Court lacks proper venue or jurisdiction over this action. Nor could they, as this action was filed in a district where the NLRB unquestionably alleges unfair labor practices occurred, targeting agreements entered into by employees at SpaceX's multiple facilities in the district, and seeks through the challenged administrative proceeding to impose regulatory burdens on SpaceX facilities and personnel in this district. Nor has the NLRB suggested that SpaceX can more efficiently or expeditiously obtain rulings on its preliminary injunction motion or claims in this action in some other forum—or even that the supposed "first-filed" forum could currently adjudicate the motion given the current procedural posture of the alleged "first-filed" case and that the cases arise from entirely different sets of events. Rather, for the time being, they merely seek to stop any adjudication of this lawsuit. But the first-to-file rule does not entitle the NLRB to a total stay of these proceedings for an indeterminate length of time, particularly when SpaceX has no other realistic avenue toward getting the relief it timely and properly sought from this Court. The Motion should be denied for two core reasons.

*First*, the Court should not apply the first-to-file rule because there is insufficient overlap between the two cases to trigger the comity and efficiency concerns underlying the rule. This action and the action in the Southern District of Texas seek relief regarding entirely different administrative proceedings. And each action has its own fully briefed preliminary injunction motion pending that seeks preliminary relief targeted exclusively to the administrative proceedings at issue in each case. Although the administrative proceedings underlying this action and the administrative proceedings underlying the Southern District action suffer from similar constitutional infirmities, the two actions seek preliminary and permanent injunctive relief

regarding an entirely different set of events, involve different claims, and do not have complete party overlap. Resolving this action in favor of SpaceX would not enjoin the administrative proceeding underlying the Southern District action, and resolving the Southern District action in favor of SpaceX would not enjoin the administrative proceeding here. And the NLRB has forfeited any argument that there could be a potential for conflict in complying with orders from two separate courts or argument about the comparative interests of the two forums, such that this Court should yield to the Southern District of Texas. In these circumstances, the NLRB has not shown this Court should exercise discretion to apply the first-to-file rule.

*Second*, there are compelling circumstances that warrant not applying the first-to-file rule and staying this case for the indeterminate future. The NLRB asks for a stay "[u]ntil *SpaceX I* reaches its destination venue,"[1] which, in the NLRB's eyes, is the Central District of California. Mot. 7, 9. Notably, the NLRB does not ask this Court to transfer this case to the Southern District of Texas—which is the more typical relief requested in a first-to-file motion—presumably because the NLRB wants this case out of the Fifth Circuit too. But the first-to-file rule is designed to promote comity and avoid conflicting rulings or piecemeal litigation. The NLRB's Motion does not serve those goals. The Southern District is currently without jurisdiction because of SpaceX's Fifth Circuit appeal, and the NLRB's view is that the Southern District is not a proper venue for that case anyway. The NLRB merely seeks to delay the adjudication of the pending preliminary injunction in this action, in the hope that it can someday be decided in a venue more to the NLRB's liking. The NLRB provides this Court no reason why in these circumstances it should exercise its

---

[1] This response refers to the pending action in the Southern District of Texas, which arises from an entirely different administrative proceeding and set of facts than this action, as the "Southern District of Texas" or "Southern District" action, and not by the NLRB's loaded nomenclature, "*SpaceX I*."

discretion to deny SpaceX any forum to timely resolve its fully briefed preliminary injunction in this matter.

Finally, aside from the first-to-file standards, the Court should not grant the Motion without first ruling on SpaceX's preliminary injunction motion. Doing so would effectively shut SpaceX out of court on that motion for the foreseeable future, as it could take many months to sort through the venue issues that underlie the NLRB's present Motion, as well as any future venue issues the NLRB might raise afterward. Courts are required—by the NLRB's own recent admissions—to give preliminary injunction requests expedited consideration. An indeterminate stay of any ruling on SpaceX's promptly filed, and fully briefed, preliminary injunction motion would violate that requirement.

## BACKGROUND

SpaceX filed this action on April 19, 2024, Dkt. #1, and moved for a preliminary injunction on April 25, 2024. The preliminary injunction motion is now fully briefed and ripe for adjudication. Dkts. #11, 24, 26.

Just six days after SpaceX moved for a preliminary injunction here, the Regional Director—who had issued the administrative complaint only the month before—purported to "postpone[]" the ALJ hearing "indefinitely." Dkt. #26-3.[2] The NLRB now argues that this unilateral action on the agency's part makes SpaceX's injury "wholly speculative." Dkt. #24 at 1, 3. But the Regional Director has not withdrawn the administrative complaint and dismissed the charges (which he is free to do, 29 C.F.R. § 102.18). Nor has the General Counsel, a Defendant here, ordered the Regional Director to do so (which she is free to do, *see United Nat. Foods, Inc.*

---

[2] Although the Regional Director stated that the decision was "[d]ue to the filing of a new, related charge in Case 31-CA-337385," Ex. A, this explanation is not credible. The supposedly "new" charge was filed on March 5, 2024, weeks before the Regional Director issued the complaint here. Space Exploration Techs. Corp., No. 31-CA-337385, https://www.nlrb.gov/case/31-CA-337385.

*v. NLRB*, 66 F.4th 536, 542–43 (5th Cir. 2023)). The Regional Director has merely postponed the hearing to an unspecified future date. And with no injunction in place, the NLRB is free to reinstate that hearing at any time it feels litigation conditions are more favorable.

The first-to-file stay Motion is yet another attempt to thwart judicial review. The NLRB waited until May 23, 2024—over a month after the complaint was filed and nearly a month after the preliminary injunction motion—to file the present Motion. Rather than ask this Court to transfer the case to the Southern District of Texas, where the purported "first-filed" case is pending, the NLRB seeks an indefinite stay based on a venue ruling that may or may not come to pass in that action. *See SpaceX v. NLRB*, 1:24-cv-001 (S.D. Tex. Jan. 4, 2024).

An explanation of the Southern District of Texas action's procedural history is necessary to understand, in part, why this case should not be stayed for that case under the first-to-file rule. In the Southern District of Texas action, the NLRB moved to transfer venue to the Central District of California under 28 U.S.C. § 1406 and § 1404. 1:24-cv-001 (S.D. Tex.), Dkt. #29. The district court issued an order finding that venue was not proper under 28 U.S.C. § 1391 and transferring the case. 1:24-cv-001 (S.D. Tex.), Dkt. #82. But before the transfer could be completed, the Fifth Circuit stayed the transfer while it reviewed SpaceX's mandamus petition regarding the venue decision. After an evenly divided en banc court decided by an eight-to-eight vote not to grant mandamus relief against the transfer, SpaceX moved for reconsideration of the transfer decision in light of the further guidance from the detailed opinions from the dissenting Fifth Circuit judges in the mandamus proceedings. 1:24-cv-001 (S.D. Tex.), Dkt. #112. In the alternative, SpaceX asked that the district court grant its long-pending preliminary injunction motion in that case before initiating the transfer. *Id.* After an administrative law judge scheduled a hearing, SpaceX asked the district court for a preliminary injunction before that hearing, 1:24-cv-001 (S.D. Tex.), Dkt. #117,

and when one was not timely granted, SpaceX appealed from the effective denial. 1:24-cv-001

(S.D. Tex.), Dkt. #119. The Southern District action remains on appeal in the Fifth Circuit. No.

24-40315 (5th Cir.). The Fifth Circuit moved quickly to grant SpaceX an injunction pending

appeal, which precludes the NLRB from proceeding with the administrative proceedings

underlying the Southern District action, and also denied the NLRB's motion to dismiss SpaceX's

appeal for lack of jurisdiction. *See* Dkt. #26-1; No. 24-40315 (5th Cir.), Dkt. #47-2.

        In an attempt to thwart the Fifth Circuit's appellate review of SpaceX's entitlement to a

preliminary injunction, the NLRB filed a procedurally and substantively deficient Rule 62.1

motion for an indicative ruling; the NLRB has said that if the indicative ruling is made, it will

move the Fifth Circuit under Federal Rule of Appellate Procedure 12.1 to remand the appeal so

the Southern District of Texas can effect the transfer. *See* 1:24-cv-001 (S.D. Tex.), Dkt. #124. The

NLRB's Rule 62.1 motion asks the Southern District of Texas to provide an indication that it

would grant an "Alternative Relief Order" if it regained jurisdiction to do so. *See* 1:24-cv-001

(S.D. Tex.), Dkt. #112. The NLRB asserts that its Alternative Relief Order would provide, "in

substance," the alternative relief that SpaceX requested from the Southern District of Texas, but

that is not true. SpaceX asked that court for a preliminary injunction, which under well-settled law

requires findings under Rule 65 of the Federal Rules of Civil Procedure and verification that the

traditional four-factor injunction test is satisfied. Yet the Alternative Relief Order that the NLRB

proposed disclaims any finding "that the standards for contested injunction relief under the Federal

Rules of Civil Procedure have been met." 1:24-cv-001 (S.D. Tex.), Dkt. #122-4 at 2. And, notably,

the proposed Alternative Relief Order only applies to "NLRB Case Nos. 31-CA-307446, 31-CA-

307532, 31-CA-307539, 31-CA-307546, 31-CA-307551, 31-CA-307555, 31-CA-307514, and 31-

CA-307525." *Id.* It thus would not apply to NLRB Case No. 19-CA-309274, the NLRB proceeding

that this lawsuit seeks to enjoin.

Separately, the NLRB asked the Fifth Circuit to stay the appeal to afford time for the NLRB's indicative-ruling tactics to play out. But the Fifth Circuit recently denied the NLRB's motion to stay. No. 24-40315 (5th Cir.), Dkt. #80.

In short, the NLRB has gone to great lengths to avoid any ruling under Fifth Circuit precedent on the substance of SpaceX's constitutional challenges, and its current Motion to stay this action is more of the same. The NLRB is asking this Court to stay its hand deciding the preliminary injunction in this case, in favor of a case where it is currently attempting to avoid any adjudication of SpaceX's motion for a different preliminary injunction of different NLRB proceedings.

## ARGUMENT

The application of the first-to-file rule to a second-filed action rests within the sound discretion of a district court. *Int'l Fid. Ins. Co. v. Sweet Little Mex. Corp.*, 665 F.3d 671, 677-78 (5th Cir. 2011) (affirming district court's exercise of discretion in denying first-to-file motion). "Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Id.* (cleaned up). A court can transfer, dismiss, or stay the second-filed action if it finds the rule applicable—though here the NLRB has moved only for a stay. For the rule to apply, "the cases [do not need] to be identical; instead courts may consider the extent of overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute." *Id.* at 678 (citations omitted).

The animating concern behind the rule is to avoid the "waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24, S. Atl. & Gulf Coast*

*Dist. of ILA, AFL-CIO*, 751 F.2d 721, 729 (5th Cir. 1985). For this reason, the application of the rule is not mandatory, but instead only applies where "[c]onsiderations of comity and orderly administration of justice dictate that two courts of equal authority should not hear the same case simultaneously." *Id.* (citing *Columbia Plaza Corp. v. Security National Bank*, 525 F.2d 620 (D.C. Cir. 1975)).

Courts generally look, first, to whether there is substantial overlap between the cases in determining whether to exercise discretion to apply the first-to-file rule. But even if substantial overlap exists, courts may exercise discretion and decline application of the first-to-file rule in light of "compelling circumstances." *State v. Biden*, 538 F. Supp. 3d 649, 654 (W.D. La. 2021) (citing *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971)); *see also Guyton v. Legacy Pressure Control, Inc.*, No. SA-15-CV-1075-XR, 2016 WL 5794801, at *2 (W.D. Tex. Oct. 4, 2016) (declining to exercise discretion to apply first-to-file rule).

Courts chose to exercise discretion not to stay a case under the first-to-file rule when some right of a plaintiff may be impaired. *Shirey v. Helix Energy Sols. Group, Inc.*, No. CV H-17-2741, 2018 WL 1586347, at *2 (S.D. Tex. Apr. 2, 2018) ("the court does not find it appropriate or necessary to stay Shirey's case until the [first-filed] case is resolved."). Another circumstance where courts exercise discretion to not apply the first-to-file rule is where there may be jurisdictional or venue issues in the first forum. *Hart v. Donostia LLC*, 290 F. Supp. 3d 627, 633 (W.D. Tex. 2018) (declining to apply rule where "jurisdictional and venue questions likely render it impossible to join Defendant in the NDIL litigation" and "the cases cannot be resolved in a single forum."). The Fifth Circuit has confirmed that while "resolving the dispute in favor of that [first] court's jurisdiction is never a condition precedent to applying" the rule, "the likelihood of a jurisdictional dispute in the first-filed court may be a factor to consider." *Cadle Co. v. Whataburger*

*of Alice, Inc.*, 174 F.3d 599, 605 (5th Cir. 1999).

Under applicable standards and the particular context of this case, the NLRB cannot show that this Court should exercise its discretion to stay this action.

**I.    The two actions arise from and seek relief regarding distinct administrative proceedings.**

This action and the Southern District of Texas action involve requests for different injunctive relief regarding different administrative proceedings. Here, SpaceX seeks to preliminarily enjoin "[a]ll administrative proceedings in [NLRB] Case 19-CA-309274 … pending further order of this Court." Dkt. #13. In contrast, in the Southern District of Texas, SpaceX seeks to preliminarily enjoin "[a]ll administrative proceedings in [NLRB] Cases 31-CA-307446, 31-CA-307532, 31-CA-307539, 31-CA-307546, 31-CA-307551, 31-CA-307555, 31-CA-307514, and 31-CA-307525." *See* 1:24-cv-001 (S.D. Tex.), Dkt. #37-5. And because the NLRB proceedings giving rise to the Southern District of Texas action involve completely unrelated unfair labor practice allegations against SpaceX and threaten additional forms of relief for the charging parties, the Southern District case includes additional claims not present here that the administrative proceedings underlying that case violate the Seventh Amendment and Due Process clause.

Thus, although SpaceX is the plaintiff in both cases, the relief it is seeking is targeted at different administrative proceedings arising from different sets of facts. Because the NLRB proceedings are separate (and arise out of different regional offices of the NLRB), the parties in the two federal lawsuits do not completely overlap. In particular, there are two ALJs assigned in the NLRB proceedings giving rise to the Southern District action who are defendants there, but there is no reason to think that the ALJ here, once named, will be one of those two. The NLRB attempts to dismiss the complete lack of overlap in defendants by claiming the NLRB is "is the only real defendant in interest here." Mot. 7. But there is no basis for that assertion, which ignores

that injunctions in the two federal actions would be binding on whichever ALJ is named as a party in each action and presiding over the relevant NLRB proceeding.

Where, as here, "the overlap between two suits is less than complete, the judgment [of whether to apply the first-to-file rule] is made case by case, based on such factors as the extent of overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 951 (5th Cir. 1997) (citation omitted). The NLRB has made no argument in its Motion about the potential for a conflict or the comparative advantage and interest of each forum in resolving the dispute between this Court and the Southern District of Texas (or even the Central District of California for that matter), and has therefore forfeited any argument on this basis. *See, e.g.*, *Loyalty Conversion Sys. Corp. v. Am. Airlines, Inc.*, 66 F. Supp. 3d 795, 811 (E.D. Tex. 2014) (collecting cases). ("Failure to raise an argument in a motion waives the argument; raising it for the first time in a reply memorandum is too late."). Therefore, the NLRB has not met its burden to show to the rule applies.

But it is clear, in any event, that the risk of conflict here is not concerning. Currently, both cases are proceeding under the same Fifth Circuit precedent, which significantly reduces the risk of inconsistent outcomes. And the preliminary injunction motions in the two cases are supported by different records and target different proceedings—and while relief is merited in both cases, there need not be any conflict if they were resolved differently. *Compare* Dkt. #11, *with* 1:24-cv-00001 (S.D. Tex.), Dkt. #37. Unlike in *Chamber of Commerce of United States v. FTC*, No. 6:24-CV-00148, 2024 WL 1954139, at *5 (E.D. Tex. May 3, 2024), which the NLRB cites, SpaceX is not seeking vacatur of a single agency action (a nationwide final rule), but instead to have administrative proceedings arising from entirely separate facts enjoined until constitutional

infirmities are fixed.[3] If this Court or the Southern District of Texas reached different conclusions, the NLRB makes no argument it could not comply with both outcomes.

And the other cases the NLRB cites do not support the application of the rule in these circumstances either. *Save Power Ltd.* involved a party that could have intervened in the original action—and in fact did before withdrawing the motion. 121 F.3d at 951. Moreover, the case involved questions regarding whether a party could proceed with foreclosure on any or all of its security interest in certain assets, creating severe concerns about the possibility of conflicting judgments. *Id.* Similarly, *Tidel Technologies, Inc. v. Corporate Safe Specialists, Inc.*, involved two cases adjudicating the validity of the same patent. No. 2:05-CV-260, 2005 WL 8161338, at *2 (E.D. Tex. Aug. 15, 2005) ("Both actions will require determining whether the '281 patent is valid, enforceable, and infringed."). Asset foreclosure and patent validity are questions on which inconsistent court judgments pose alarming comity and enforcement issues. The NLRB made no argument in its Motion that such concerns exist to a comparable degree here.

Nor could the NLRB plausibly raise such concerns—at least about the preliminary injunction motions—in light of its stated position on the proper path forward in the Southern District case. Although SpaceX does not believe there is any merit to the NLRB's request there for an indicative ruling, if that request were granted, it would remove any concern that a ruling by this Court on SpaceX's pending motion for a preliminary injunction would be duplicative of the Southern District of Texas action. *See W. Gulf Mar. Ass'n*, 751 F.2d at 729. After all, the NLRB's proposal in the indicative-ruling motion is to *avoid* having any court adjudicate the merits of the

---

[3] Nor does the NLRB suggest that it would be proper to amend the Southern District of Texas complaint to add these claims and defendants given the two cases arise from entirely separate administrative proceedings. *Cf. Chamber of Commerce*, 2024 WL 1954139, at *7-8 (holding the proper course was for the plaintiff to intervene in the first-filed suit).

preliminary injunction motion in that case. Thus, there would be no overlap from this Court adjudicating the preliminary injunction motion in this case that would warrant staying this Court's hand.

## II.    Compelling circumstances make a stay inappropriate.

Even if this Court concluded that the NLRB has met its burden to show sufficient overlap between the two cases, there are compelling circumstances that warrant not applying the first-to-file rule to this action given the procedural complications. *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d at 407; *State v. Biden*, 538 F. Supp. at 654; *Guyton*, 2016 WL 5794801, at *2; *Shirey*, 2018 WL 1586347, at *2. Granting the NLRB's Motion would create, rather than reduce, the likelihood of piecemeal adjudication the first-to-file rule is meant to avoid and would risk harming SpaceX by seriously delaying a resolution of its preliminary injunction motion.

Indeed, the Motion itself presents a request for piecemeal adjudication—at least of procedural issues. Rather than take the more well-trodden path of asking for transfer under the first-to-file rule, the Motion merely seeks a stay until, the NLRB hopes, the Southern District of Texas transfers its case to California. Mot. 7-9. If that happens, the NLRB apparently will file a *second* motion to "lift the requested stay and transfer the action to the appropriate venue." Mot. 2. So, rather than file one first-to-file motion, the NLRB is proposing to file two.

Worse, the NLRB is entirely unclear about its plans in the event the Southern District of Texas ultimately retains venue. That is not an insignificant possibility because the NLRB has put venue at issue in the preliminary injunction appeal now before the Fifth Circuit. Dkt. 26-2, at 17-18 (arguing that injunctive relief before the Fifth Circuit is unwarranted because the Southern District of Texas supposedly lacks proper venue). The NLRB suggests that it will ultimately object to venue in this action—creating the need for yet another round of procedural motions practice. Notably, the NLRB does not concede that it believes venue would be proper in the Southern

District of Texas, much less in this Court. Mot. 5 n.12 ("the NLRB does not concede that venue is otherwise proper in this Court, or that transfer would not be warranted for the convenience of the parties in the interests of justice."); Dkt. #24 ("[T] the NLRB does not concede that venue is … proper in this Court. If and when it becomes appropriate, the NLRB will raise venue arguments as an issue within the timeframe set forth in the Federal Rules of Civil Procedure."). And given the lack of concession by the NLRB that venue could be proper in the Southern District of Texas, its decision not to move to transfer in the first-to-file Motion suggests the NLRB does not think venue would be proper there. *See* Mot. 7-9.

In these ways, the NLRB appears to be seeking the application of the first-to-file rule only to the extent it can secure its preferred venue in the earlier case. What the NLRB will do if it cannot secure its preferred venue is anybody's guess. The first-to-file doctrine is not meant to allow a party to pick-and-choose the circumstances for its application based solely on what that party perceives would best serve its interests at the present moment. The NLRB although not conceding venue, has not set forth for this Court in the Motion any reason why it cannot adjudicate this case in this district, such that it should exercise discretion to allow another forum to go first.[4] And the NLRB made a knowing, strategic decision not to alternatively at this time seek transfer under 28 U.S.C. § 1404 or § 1406 to allow this Court to make a timely consideration of such arguments— thus creating more piecemeal litigation while at the same time asking this Court to stay the adjudication of timely sought preliminary injunctive relief.

What's more, applying the first-to-file rule here would prejudice SpaceX's interests by postponing, for an indefinite period, any ruling on SpaceX's preliminary injunction motion. As SpaceX has argued, it faces irreparable harm based on the unconstitutional structure of the NLRB

---

[4] And any such arguments first raised on reply would be forfeited.

proceeding challenged here. The NLRB may disagree with that argument, but until some court has resolved the preliminary injunction motion, the NLRB cannot merely assume that SpaceX is wrong. But the NLRB offers no proposal for allowing SpaceX to receive an adjudication on its request for preliminary relief. Indeed, its present Motion seems aimed preventing SpaceX from having a court resolve its promptly filed and fully briefed preliminary injunction motion. It will likely be many months before the Fifth Circuit resolves the pending appeal from the Southern District of Texas action. SpaceX's opening brief is due July 17, 2024, so briefing will consume several more months, and then some months more will be required for argument and a decision from the Fifth Circuit. While the administrative proceedings underlying the Southern District action are enjoined during the appeal, that injunctive order does not reach the administrative proceeding underlying this case. And even if the NLRB were successful with its multistep indicative-ruling-and-transfer strategy in the other action, that strategy will take quite some time to fully work itself out. So regardless of whether the Fifth Circuit moves forward with the current appeal, the NLRB's proposal here would seriously threaten any timely adjudication of SpaceX's pending preliminary injunction motion. Because nothing precludes the NLRB from returning the administrative case to its active calendar at any point, SpaceX would be prejudiced from staying any adjudication of the preliminary motion in this case. *Shirey*, 2018 WL 1586347, at \*2 (finding no stay would be warranted where the plaintiff would be impaired by waiting for resolution of first-filed action).

Nor would any alternative proposal—such as transferring this case to the Southern District of Texas—be an appropriate use of the first-to-file rule. Both sides agree that such a transfer would result in significant procedural complications. *See* Mot. 9. Given the NLRB's prior statements, there is every reason to expect the NLRB to contest venue in the Southern District of Texas.

Although SpaceX maintains the Southern District of Texas action was filed in the proper venue, and although this case arises from an entirely separate set of venue facts, the questions regarding venue that would arise in the event of transfer given the NLRB's likely arguments are compelling reasons not to apply the first to file rule. *See, e.g.*, *Hart*, 290 F. Supp. 3d at 633 (declining to apply first-to-file rule where there were jurisdictional and venue questions).

Given the procedural complications of the Southern District of Texas action, the fact that the indefinite stay the NLRB seeks would prevent any court from adjudicating the pending preliminary injunction motion, and the questions regarding the propriety of venue, there are compelling circumstances that warrant not applying the first-to-file rule.

**III.    In all events, the Court should not stay this action before resolving SpaceX's fully briefed preliminary injunction motion.**

As discussed above, granting the NLRB's Motion before ruling on SpaceX's preliminary injunction motion runs the risk of depriving SpaceX of any forum in which to obtain a reasonably prompt ruling on its request for preliminary relief. The NLRB has previously stressed that 28 U.S.C. § 1657 requires expedited consideration of preliminary injunction motions. No. 24-40315 (5th Cir.), Dkt. #70 at 2. Before the Fifth Circuit, the NLRB recently went so far as to move for reconsideration of an ordinary, 30-day extension request for SpaceX's opening appellate brief on the ground that even that modest amount of additional time violated Section 1657's requirement for expedition. *Id.* ("SpaceX's arguments in favor of a 30-day extension are insufficient to overcome Section 1657's textual command. Because of this provision, the wide discretion courts ordinarily enjoy over their calendars is replaced here with 'an obligation' to expedite this case, thanks to Congress's use of the mandatory 'shall.'" (citation omitted)). But in yet another example of the NLRB taking whatever position it deems most consistent with its current litigating interests—no matter how inconsistent with its prior arguments—the NLRB shows zero concern

14

here about timely consideration of SpaceX's fully briefed preliminary injunction motion.

If the Court does not deny the stay Motion outright, it should, at a minimum, decide the preliminary injunction motion before staying this action. Doing so would ensure SpaceX does not have to wait many months before any ruling on its request for preliminary relief and claims of irreparable harm. And it would not prejudice the NLRB. Conversely, entering the NLRB's requested stay pending the uncertain timeline of the Southern District/Fifth Circuit proceedings would effectively deny SpaceX any opportunity to obtain a timely ruling on its preliminary injunction motion. While Section 1657 does not impose absolute deadlines for resolving covered motions, *see United States v. Samples*, 897 F.2d 193, 195 (5th Cir. 1990), an indeterminate stay of the sort that the NLRB requests here surely violates both the letter and the spirit of the statutory provision. Neither the Fifth Circuit appeal nor the Southern District case currently has any prospect of enjoining the NLRB proceeding that SpaceX moved to enjoin here. So staying this case without deciding that preliminary injunction motion is equivalent to denying the motion for the foreseeable future. Regardless of how the Court resolves the first-to-file issues, it should not delay ruling on SpaceX's preliminary injunction motion.

## CONCLUSION

For all these reasons, the Court should deny the NLRB's stay Motion and adjudicate SpaceX's preliminary injunction motion.

Dated: June 20, 2024                    Respectfully submitted,

                                        By:    *s/ Catherine L. Eschbach*

                                        **MORGAN, LEWIS & BOCKIUS LLP**
                                        Catherine L. Eschbach
                                        Texas Bar No. 24097665
                                        1000 Louisiana Street, Suite 4000
                                        Houston, TX 77002-5006
                                        catherine.eschbach@morganlewis.com
                                        T: (713) 890-5719

F: (713) 890-5001

Harry I. Johnson, III (*pro hac vice*)
2049 Century Park East, Suite 700
Los Angeles, CA 90067-3109
harry.johnson@morganlewis.com
(310) 907-1000

Michael E. Kenneally (*pro hac vice*)
Amanda L. Salz (*pro hac vice*)
1111 Pennsylvania Avenue, N.W.
Washington, DC  20004-2541
michael.kenneally@morganlewis.com
amanda.salz@morganlewis.com
(202) 739-3000

*Attorneys for Plaintiff*
*Space Exploration Technologies Corp.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 20, 2024, I electronically filed the foregoing with the Clerk of

the Court using the ECF system, which will send notification to all parties of record.


*<u>s/ Catherine L. Eschbach</u>*
Catherine L. Eschbach
