UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SPACE EXPLORATION TECHNOLOGIES CORP.,<br><br>        Plaintiff,<br>  v.<br><br>NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board, LAUREN M. McFERRAN, in her official capacity as the Chairman of the National Labor Relations Board, MARVIN E. KAPLAN, GWYNNE A. WILCOX, and DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board, and JOHN DOE in his official capacity as an Administrative Law Judge of the National Labor Relations Board,<br><br>        Defendants. | Case No. 6:24-cv-00203-ADA-DTG |

**REPLY IN SUPPORT OF
DEFENDANTS' MOTION TO STAY FURTHER PROCEEDINGS**

Defendants National Labor Relations Board, et al. (collectively, "the NLRB") reply to the opposition of Space Exploration Technologies Corp.'s ("SpaceX") to its motion to stay this action under the "first-to-file" rule. This case is a paradigm example of a duplicative suit governed by that rule. And a stay best accomplishes the rule's aims.[1] SpaceX makes no convincing argument otherwise. Instead, it ignores relevant legal standards and attempts to leverage its own procedural gambits into bespoke claims that the ordinary rules of litigation should not apply. The Court should reject these arguments.

I. **This is a textbook case for application of the first-to-file rule.**

Despite SpaceX's protestations, the core issues in this case and the case currently pending in the Southern District of Texas, *Space Expl. Techs. Corp. v. NLRB*, No. 24-cv-0001 (S.D. Tex., complaint filed Jan. 4, 2024) ("*SpaceX I*")*, substantially overlap, and the first-to-file rule applies. That rule provides that when two lawsuits sharing a "substantial overlap" of issues are pending in separate federal courts, the court where the first-filed suit is pending is the court of dominant jurisdiction. *See W. Gulf Mar. Ass'n v. ILA Deep Sea Loc. 24*, 751 F.2d 721, 728-30 (5th Cir. 1985). In determining substantial overlap, courts should examine whether "the core issue" in each case is the same and whether "much of the proof adduced . . . would likely be identical," *Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 678 (5th Cir. 2011), as well as "the

---

[1] To be clear, while Defendants believe that a stay is the wisest and most efficient course here [ECF 23 at 7-9], they in no way oppose dismissal or transfer of this action, should this Court determine that either option is more appropriate or better effectuates the principles underlying the first-to-file rule.

2

extent to which cases involve the same parties." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997).[2] Inherently, cases need not be identical to substantially overlap. *Id.*[3]

As fully explained in Defendants' Motion to Stay [ECF 23 at 5-6], the limited role of the second-filed court is simply to decide whether the movant has shown a "likelihood of substantial overlap between the two suits." *Mann Mfg.*, 439 F.2d at 408; *accord Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 606 (5th Cir. 1999). Once substantial overlap is demonstrated, it is no longer up to the second-filed court to resolve the question of whether both lawsuits should be allowed to proceed. *Cadle Co.*, 174 F.3d at 605.[4]

SpaceX has filed with this Court a carbon copy of two claims already contained in *SpaceX I*. In both cases, SpaceX alleges that the NLRB's administrative law judges ("ALJs") and

---

[2] SpaceX distinguishes *Save Power* because parties there could have intervened in the first-filed case. Dkt. 29 at 10. But SpaceX could have supplemented its complaint in the first-filed case to encompass the claims in this action. It had sufficient time to do so as of right, and in any event, could have sought leave of the court to do so at any time. *See* Fed. R. Civ. P. 15(a)(1)(B), (a)(2), (d). Instead, it decided to try its luck in a different court.

[3] Much of SpaceX's opposition seems dedicated to attempts to prove that the parties and issues are not *exactly identical*, which misses the point; exact identity of parties and issues is in no way required. *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 790-92 (6th Cir. 2016) (twice citing *Save Power,* 121 F.3d at 950–51). SpaceX's misleading use of *Save Power*'s quotation of a First Circuit case [Dkt. 29 at 13] does not correctly reflect the law of this circuit; as *Save Power*'s own analysis shows, district courts in this circuit do not have standardless discretion to refuse to apply the first-filed rule merely because they find that the overlap between two cases is "less than complete."

[4] Contrary to SpaceX's implication [Dkt. 29 at 11], nothing in *West Gulf* supports the notion that the first-to-file rule can be ignored any time a court chooses, merely because the second-filed court arbitrarily decides that "considerations of comity and orderly administration of justice" do not require it to follow the rule. 751 F. 2d at 729. *West Gulf reversed* a district court that had taken action practically on all fours with what SpaceX asks *this* Court to do: issue a preliminary injunction despite its awareness that similar issues were pending before another district court. *Id.* at 730.

Board members are unconstitutionally insulated from removal.[5] And because both lawsuits raise purely legal constitutional claims, SpaceX must win on the same arguments before this Court and in *SpaceX I*. Further, the parties substantially overlap; because the not-yet-assigned administrative law judge ("ALJ") is merely an official capacity defendant, it makes no difference that this case lists a "John Doe" as the relevant ALJ defendant. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("the real party in interest in an official-capacity suit is the governmental entity and not the named official"); *accord Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).[6] This case more than satisfies the requirements for applying the first-to-file rule.

SpaceX cannot obscure the identical nature of the claims in this action and those in *SpaceX I* by focusing on the "different injunctive relief" requested before the Southern District or on "the NLRB proceedings giving rise to" each case. [Dkt. 29 at 8.] In determining whether two cases substantially overlap, courts do not examine whether the relief sought is identical in every jot and tittle, nor should they; such a requirement would allow plaintiffs to take a second bite at the same legal apple merely by slightly varying their prayers for relief. And as Defendants previously explained [Dkt. 23 at 7], the specifics of the underlying Board proceedings are

---

[5] SpaceX argues that the two pending actions do not substantially overlap because the NLRB proceedings giving rise to *SpaceX I* "threaten additional forms of relief for the [administrative] charging parties" and thus necessitate the inclusion in that case of "additional claims not present here." [Dkt. 29 at 8.] But the core issues of SpaceX's action before this Court are entirely encompassed in—and would be addressed by—*SpaceX I*. *Compare* Compl. ¶¶ 51-64 (ALJ removability claim); 65-82 (Board member removability claim)*, SpaceX I*, No. 24-cv-0001 (S.D. Tex. Jan. 4, 2024), ECF No. 1. The relevant question when applying the first-to-file rule is whether the second case raises any issues the first case does not; if the *first* case raises issues the *second* case does not, that circumstance is, if anything, positive support for the primacy of the first case.

[6] Even were an official capacity defendant not a stand-in for the office, "substantial overlap is not complete overlap; complete identity of parties [] need not be shown to invoke the first-to-file rule." *Dxp Enters., Inc. v. Hill*, No. 4:15-CV-3471, 2016 WL 4159756, at *2 (S.D. Tex. Aug. 3, 2016); *see also Needbasedapps, LLC v. Robbins Rsch. Int'l, Inc.*, 926 F. Supp. 2d 907, 913 (W.D. Tex. 2013) (first-to-file rule does not require that the claims or even the parties be identical).

irrelevant to the constitutional claims raised in SpaceX's first-filed complaint in *SpaceX I* or the identical constitutional claims raised in the complaint currently before this Court. Indeed, it is only the "wholly collateral" nature of the suit that allows any district court to have subject-matter jurisdiction of it at all.[7]

Based on the above-described substantial overlap between this action and *SpaceX I*, both the "possibility of conflicting judicial resolutions," *Save Power*, 121 F.3d at 950, and the chance of "rulings which may trench upon the authority of sister courts," *W. Gulf*, 751 F.2d at 729, are obvious, as Defendants previously identified. [Dkt. 23 at 9, 5.] Here, success in the second-filed case would be preclusive on the first-filed court.[8] Application of the first-to-file rule is therefore warranted.

## II. SpaceX cannot rely on self-created exigencies to avoid the results of its own litigation choices.

SpaceX claims this case presents "compelling circumstances" that warrant departure from the first-to-file rule. But its thin arguments in support would allow virtually any party unhappy

---

[7] *Axon Enter., Inc. v. FTC*, 598 U.S. 175, 193 (2023).

[8] SpaceX vaguely suggests that the NLRB somehow forfeited this argument. [Dkt. 29 at 9.] There is no merit to this contention. First, application of governing legal standards is not subject to forfeiture by parties. *See Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 923 (11th Cir. 2018) ("[P]arties cannot waive the application of the correct law"); *accord Chicas-Machado v. Garland*, 73 F.4th 261, 267 (4th Cir. 2023); *cf. Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 99 (1991) (explaining that the court retains the authority to "identify and apply the proper construction of governing law"). Ours is a system of common law. Parties are not required to reargue the premises of controlling precedent from first principles in every case.

In any event, the NLRB's motion explicitly noted that the first-to-file rule should be applied, among other reasons, to prevent inconsistent judgments. *See* Dkt. 23 at 5, 9 (citing *W. Gulf*, 751 F.2d at 729 and *Save Power* 121 F.3d at 950. While the NLRB could obey a preliminary injunction to halt one administrative proceeding while another court inconsistently denies injunctive relief against a second [see Dkt. 29, at 14-15], such an outcome would both encourage duplicative litigation and result in "piecemeal resolution of issues that call for a uniform result"—core concerns that motivated the adoption of the first-to-file rule in the first place. *Id.*

with its first draw to file a second (or third, or fourth) case to litigate identical questions in what it perceives as a friendlier forum. Because the instant case involves exactly the type of misuse of judicial resources the first-to-file rule exists to prevent, this Court should apply the rule and stay this case.

SpaceX first points to its preliminary injunction bid before this Court as a basis for not applying the first-to-file rule. [Dkt. 29 at 11.] Puzzlingly, it claims that staying this action rather than proceeding with a duplicative lawsuit would be more likely to result in piecemeal adjudication.[9] But avoiding adjudication that could affect proceedings before another court is one of the primary reasons for the first-to-file rule. *See* above p. 5. And as Defendants previously argued to this Court, [Dkt. 23 at 9], there is no urgency in this case warranting a preliminary injunction at this juncture. Of course, were circumstances to change while a stay was in effect, SpaceX could ask to lift the stay and renew its injunction request. But granting a pass to any party in a second-filed suit who moved for a preliminary injunction would not only incentivize frivolous motions but would also allow a party unlimited opportunity to seek an injunction on the same legal theory (since decisions on preliminary injunctions are not generally considered legally preclusive).[10] The Court should not indulge SpaceX's request here and now.

---

[9] SpaceX argues that the fact that the "NLRB apparently will file a *second* motion to 'lift the requested stay and transfer the action to the appropriate venue'" [Dkt. 29 at 11 (emphasis SpaceX's)] weighs against a stay. The alternative would be to transfer the *entire record* of the proceeding —once to the Southern District of Texas—and potentially again to Central District of California. This would entail a mandatory 21-day stay under the rules of the first-filed court, Gen. Or. 2024-2 (S.D. Tex. Feb. 28, 2024), and logistical burdens on docket management inviting further opportunities for confusion. The logic of a stay, given the purposes of the first-to-file rule, speaks for itself. But as noted above at n. 1, if the Court were disposed to dismiss or transfer the case to the Southern District of Texas rather than issue the requested stay, Defendants would not be opposed.

[10] Nor does the statutory priority assigned to such injunction requests, *see* Dkt. 29 at 14 (citing 28 U.S.C. § 1657), create a loophole permitting parties to game the judiciary and undermine

Next, venue disputes and a pending appeal are offered—again—as off-ramps from the first-to-file rule. [Dkt. 29 at 13.] There is no support for the notion that a mere dispute over venue is a compelling circumstance for deviating from the first-to-file rule, particularly where (as here) the relief sought is a stay. *See Chamber of Com. of U.S. v. FTC*, ---- F. Supp. ----, No. 6:24-CV-00148, 2024 WL 1954139, at *8 (E.D. Tex. May 3, 2024) (staying second-filed case challenging agency action under "first-to-file" rule where court's authority to transfer case was unclear); c*ompare Hart v. Donostia LLC*, 290 F. Supp. 3d 627, 633-34 (W.D. Tex. 2018) (court may consider convenience factors for discretionary transfer when deciding whether to transfer under the first-to-file rule). Here, transfer to an improper or inconvenient venue is not contemplated.[11]

SpaceX moreover misconstrues the importance of the "jurisdictional and venue questions" present in *Hart* to that ruling. Critical to the district court's finding that the two lawsuits in question did not substantially overlap were the differences between the "core issue[s]" in each case, the outcomes of the cases would not be necessarily dispositive of the other, and the parties involved in the matters were different. *Id*. at 630-32. Only after its discussion of these distinctions between the two lawsuits did the district court in *Hart* look to additional circumstances such as doubts about jurisdiction and venue. Here, by contrast, there is almost complete overlap between SpaceX's two lawsuits against the NLRB and no jurisdictional issues exist that make it impossible for SpaceX's claims to be resolved in a single forum.

---

first-filed proceedings by requesting preliminary relief in another case. SpaceX derides the NLRB's reliance on this priority in the context of the pending appeal in *SpaceX I* as inconsistent with its stay request in this case. Dkt. 29 at 14-15. But the circumstances in the two cases are different. *SpaceX I* involves a halted proceeding affecting the rights of eight fired employees. There is no comparable basis for urgency here. *See* Dkt. 24 at 1.

[11] Nor could SpaceX establish that venue would be improper in the Central District of California, where it maintains its principal place of business, if this case were ultimately transferred there. *See* 28 U.S.C. § 1391(c)(2).

The dispute over venue in *SpaceX I* is not a reason for this Court to turn a blind eye to the substantial overlap between the two lawsuits. Venue is not jurisdictional, and even if it were, SpaceX acknowledges that the resolution of a jurisdictional dispute is "*never* a condition precedent to applying [the first-to-file rule]." *Cadle*, 174 F.3d at 604 (emphasis added). And whatever the parties' differences over venue, it is indisputable that this lawsuit will be resolved *somewhere*; this is not a case where the entire federal court system is legally inconvenient.

At bottom, this Court's role at this stage is strictly limited by precedent, and speculation about possible venue problems does not warrant deviation from that precedent. *See Tex. Instruments Inc. v. Micron Semiconductor, Inc.*, 815 F. Supp. 994, 999 (E.D. Tex.1993) ("Apprehension that the first-filed court will fail to appropriately consider the convenience of the parties and the witnesses is not a proper matter for the Court's consideration."); *Lear Siegler Servs. v. Ensil Int'l Corp.*, No. SA–05–CA–0679–XR, 2005 WL 2645008, at *2 (W.D. Tex. Sept. 20, 2005) ("The validity of the [first-filed] Action is not before this Court. The issue before this Court is whether the cases are so duplicative or involve substantially similar issues that one court should decide the subject matter of both actions.").

The present situation, moreover, simply reflects the natural consequences of SpaceX's litigation choices. SpaceX and its counsel alone are responsible for bringing its first lawsuit in an improper venue. And SpaceX persistently refuses to abide by the Southern District's venue determination, even after its mandamus bid challenging the Southern District's venue ruling was rejected by the *en banc* Fifth Circuit. Rather than accepting the results of its strategy and making its best arguments on the merits, SpaceX has committed to a path that would ensure months of additional delay in that case. With prospects for success on the merits uncertain, it hedged its bets by filing this suit.

SpaceX also made the decision to file an appeal in the first-filed case when the district court did not act on its preferred timeline for deciding its preliminary-injunction motion.[12] We note that there too, SpaceX has sought to drag out the proceedings by requesting (and obtaining) an additional month to file its opening brief. Order, *Space Exp. Tech. Corp. v. NLRB et al*, No. 24-40315 (5th Cir. June 3, 2024), ECF No. 69-1. It has also refused to agree to the NLRB's indicative-ruling request, which would obviate any need for an appeal. Opposition, *SpaceX I*, No. 24-cv-0001(S.D. Tex. June 6, 2024), ECF No. 126. In short, ever since the Southern District ruled against it on the venue question in the first-filed case, SpaceX has acted as though it has "filer's remorse" and wants to avoid a merits determination in a proper venue that SpaceX perceives as unfavorable.[13] But this Court should not exercise its discretion to rescue SpaceX from the results of its strategy so it may jump the queue and reach final judgment in a different court first.

SpaceX has no colorable argument that this action does not substantially overlap with *SpaceX I* under the first-to-file rule. And its arguments to be excused from ordinary requirements of the rule are no different than ones a great many plaintiffs could conjure. For the forgoing

---

[12] SpaceX's assertion that "the NLRB has put venue at issue in the preliminary injunction appeal now before the Fifth Circuit," Dkt. 29 at 11, is false. The only issue present in that appeal is whether the Southern District "effectively denied" SpaceX's preliminary-injunction motion, not the merits of the motion itself. *See Chamber of Commerce of U.S of Am. v. CFPB*, No. 24-10248 (5th Cir. Apr. 30, 2024) (unpublished order) (vacating effective denial of preliminary injunction and remanding to district court to decide motion). But even if that issue were under review—and even if the transfer decision were reversed—a stay would still be warranted here because the court of the first-filed action remains the one with dominant jurisdiction.

[13] Because this action is governed by the first-to-file rule, venue questions are not properly addressed by this court at this juncture, but may be raised in a responsive pleading or other appropriate posture. *See* Fed. R. Civ. P. 12(h). Contrary to SpaceX's implication [Dkt. 29 at 12], Rule 12(h) makes perfectly clear when parties are—and are not—required to consolidate motions raising threshold issues, and the NLRB has not somehow waived its right to object to this case's venue by waiting to raise that issue until it actually becomes necessary to do so.

reasons, and those urged in the NLRB's motion, we respectfully request that this Court enter a stay of all further proceedings in this case pursuant to the first-filed rule until venue over SpaceX's first-filed suit is properly determined.

                                                                      Respectfully submitted,

                                                                      NATIONAL LABOR RELATIONS BOARD
*Contempt, Compliance, and*
  *Special Litigation Branch*

KEVIN P. FLANAGAN
*Deputy Assistant General Counsel*

GRACE L. PEZZELLA
*Trial Attorney*

MATHEUS TEIXEIRA
*Trial Attorney*

DAVID P. BOEHM
*Trial Attorney*
D.C. Bar No. 1033755
National Labor Relations Board
1015 Half Street, S.E. - 4th Floor
Washington, DC 20003
Telephone: (202) 273-4202
Email: David.boehm@nlrb.gov

Dated this 27th day of June, 2024.