

**United States Government**
**NATIONAL LABOR RELATIONS BOARD**
**Office of the General Counsel**

CONTEMPT, COMPLIANCE, & SPECIAL LITIGATION BRANCH
1015 Half Street SE, Fourth Floor        Direct:        202-273-4202
Washington, D.C.  20003                  Fax:           202-273-4244
                                         David.Boehm@nlrb.gov

Via ECF Only                                         July 9, 2024

The Honorable Judge Alan D. Albright
US District Court for the Western District of Texas, Waco Division
800 Franklin Avenue, Room 301
Waco, Texas 76701

> Re: *Space Exploration Technologies Corp., v. National Labor Relations Board, et. al.*, Case No. 6:24-cv-00203-ADA-DTG

Dear Judge Albright:

On July 8, 2024, this Court requested that the parties file supplemental letter briefs regarding the impact, if any, on this case of the Supreme Court's decisions in *SEC v. Jarkesy,* No. 22-859, 603 U.S. __, 2024 WL 3187811(U.S. June 27, 2024), and *Loper Bright Enterprises v. Raimondo*, No. 22-1219, 603 U.S. __, 2024 WL 3208360 (U.S. June 28, 2024). Simply put, neither case has any impact on this one.

In *Jarkesy*, the Supreme Court held that the Securities and Exchange Commission's choice to order civil penalties for securities fraud through administrative proceedings rather than seeking them through a jury trial in federal court violated the Seventh Amendment. *Id.* at *7. But the remedies at issue in *Jarkesy*—punitive fines totaling $300,000—only implicated the Seventh Amendment in the first place because they were designed to "punish" the wrongdoer and not to "restore the status quo" or to make victims of unlawful conduct whole. 2024 WL 3187811, at *8-9. Indeed, "the SEC [wa]s not obligated to return any money to victims." *Id.* at *9.

SpaceX does not argue that this case implicates any alleged Seventh Amendment jury trial right. Nor could it—the remedies sought by the NLRB's General Counsel in the unfair-labor-practice proceeding that SpaceX seeks to enjoin are entirely nonmonetary in nature—to wit, prohibitory injunctive relief in the form of an order to "cease and desist from [specified] unfair labor practices," 29 U.S.C. § 160(c), and mandatory injunctive relief in the form of an order to take specified "affirmative action" including rescission of unlawful contract provisions, *id.*

What's more, the Court reaffirmed longstanding precedent holding that the Board's unfair-labor-practice proceedings are one of the quintessential examples of the "public rights" exception to the Seventh Amendment. *See id.* at *16-17 (citing *Atlas Roofing Co. v. OSHRC*, 430 U.S. 442, 453 (1977), and *NLRB v. Jones & Laughlin Steel Corp.*, 301 U.S. 1, 48-49 (1937)). The public-rights exception controls regardless of whether the remedies ordered by the Board in a particular case can be characterized as purely "equitable." *Atlas Roofing*, 430 U.S. at 453 n.10 (clarifying alternate holdings in *Jones & Laughlin*).

Finally, the Supreme Court expressly declined to reach or even comment upon the question of whether Congress may constitutionally insulate administrative law judges from removal without cause. *Jarkesy*, 2024 WL 3187811, at *7 ("Since the answer to the jury trial question resolves this case, we do not reach the nondelegation or removal issues."). As such, no modification of the parties' briefing on the removability question is necessary or warranted here.

*Loper Bright* is even further afield. Overruling the framework established by *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U. S. 837 (1984), the Supreme Court held that the Administrative Procedure Act (APA) requires courts to exercise independent judgment when determining the correctness of an agency's interpretation of a statute. 2024 WL 3208360, at *22. But this case does not involve review of agency action under the APA or any other statute. Accordingly, *Loper Bright* is inapposite.

Respectfully submitted,

NATIONAL LABOR RELATIONS BOARD
*Contempt, Compliance, and*
*Special Litigation Branch*

KEVIN P. FLANAGAN
*Deputy Assistant General Counsel*

PAUL A. THOMAS
*Supervisory Attorney*

MATHEUS TEIXEIRA
*Trial Attorney*

s/*David P. Boehm*
DAVID P. BOEHM
*Trial Attorney*
D.C. Bar No. 1033755 – *pro hac vice*
1015 Half Street, S.E. – 4th Floor
Washington, DC 20003

s/*Maxie Gallardo Miller*
MAXIE GALLARDO MILLER
*Field Attorney*
National Labor Relations Board,
Region 16
819 Taylor Street, Room 8A24
Fort Worth, Texas 76102
Telephone: (682) 703-7222
Email: Maxie.Miller@nlrb.gov

Dated this 9th day of July, 2024