UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SPACE EXPLORATION TECHNOLOGIES CORP.,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board, LAUREN M. McFERRAN, in her official capacity as the Chairman of the National Labor Relations Board, MARVIN E. KAPLAN, GWYNNE A. WILCOX, and DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board, and JOHN DOE in his official capacity as an Administrative Law Judge of the National Labor Relations Board,<br><br>    Defendants. | Civil Action No. 6:24-cv-00203-ADA-DTG |

**PLAINTIFF'S SUPPLEMENTAL BRIEFING IN SUPPORT OF ITS
MOTION FOR A PRELIMINARY INJUNCTION**

This Court by email from its law clerk on July 7, 2024, requested that the parties file any supplemental briefing in advance of the July 10 hearing on the SpaceX's preliminary injunction motion by 3 p.m. today. The Court expressed specific interest in the Supreme Court's recent decisions in *Jarkesy* and *Loper Bright*. Pursuant to that request, SpaceX provides the following[1]:

**I.    *SEC v. Jarkesy*, — U.S. —, 2024 WL 3187811 (June 27, 2024).**

The Supreme Court's *Jarkesy* ruling, affirming the Fifth Circuit panel decision, confirms

---

[1] SpaceX reserves all rights regarding any further or additional arguments about the effects of the cases and issues discussed herein as may be appropriate in this action in the future and does not waive any argument that may become relevant outside the context of this motion.

1

that the Fifth Circuit decision remains binding law in this Circuit on the ALJ removal-protection claim in this case. Defendants have never disputed that the Fifth Circuit's panel decision is binding precedent for this Court. *See* PI Opp. 16. Nothing in the Supreme Court's disposition of the case changes that.

In *Jarkesy*, the Supreme Court granted certiorari on three questions presented for review by the U.S. Solicitor General:

> 1. Whether statutory provisions that empower the Securities and Exchange Commission (SEC) to initiate and adjudicate administrative enforcement proceedings seeking civil penalties violate the Seventh Amendment.
>
> 2. Whether statutory provisions that authorize the SEC to choose to enforce the securities laws through an agency adjudication instead of filing a district court action violate the nondelegation doctrine.
>
> 3. Whether Congress violated Article II by granting for-cause removal protection to administrative law judges in agencies whose heads enjoy for-cause removal protection.

*SEC v. Jarkesy*, Petition for a Writ of Certiorari, 2023 WL 2478988, at *I.

The Supreme Court addressed only the first question—regarding the Fifth Circuit's Seventh Amendment holding—and agreed with the Fifth Circuit's finding of a Seventh Amendment violation. *SEC v. Jarkesy*, — U.S. —, 2024 WL 3187811, at *7 (June 27, 2024). In doing so, the Supreme Court did not disturb the Fifth Circuit's other holdings in the opinion. *Id.* ("Since the answer to the jury trial question resolves this case, we do not reach the nondelegation or removal issues."); *id.* at *17 (U.S. June 27, 2024) ("We do not reach the remaining constitutional issues and affirm the ruling of the Fifth Circuit on the Seventh Amendment ground alone."). The Court's ultimate disposition was to "affirm[]": "[t]he judgment of the Court of Appeals for the Fifth Circuit is affirmed." *Id.* Under Fifth Circuit precedent, the Fifth Circuit's holding on the ALJ removal-protection issue remains binding law.

First, the grant of certiorari on the ALJ removal question had no impact on the precedential nature of the Fifth Circuit's holding. *United States v. Lopez-Velasquez*, 526 F.3d 804, 808 n.1 (5th Cir. 2008) ("Absent an intervening Supreme Court case overruling prior precedent, we remain bound to follow our precedent even when the Supreme Court grants certiorari on an issue."). The Fifth Circuit, and therefore this Court, "remain bound by [its] precedent until the Supreme Court says otherwise." *United States v. Smith*, 813 F. App'x 981, 983 (5th Cir. 2020) (grant and subsequent dismissal of certiorari did not alter status of Fifth Circuit precedent). Thus, the grant of certiorari and later decision not to address the ALJ removal-protection holding does not change the binding nature of the Fifth Circuit *Jarkesy* panel decision.

Second, under the Fifth Circuit's rule of orderliness, "three-judge panels abide by a prior Fifth Circuit decision until the decision is overruled, expressly or implicitly, by either the United States Supreme Court or by the Fifth Circuit sitting en banc." *Gahagan v. United States Citizenship & Immigration Services*, 911 F.3d 298, 302 (5th Cir. 2018). "[F]or a Supreme Court decision to change [the Fifth] Circuit's law, it 'must be more than merely illuminating with respect to the case before [the court]' and must 'unequivocally' overrule prior precedent." *In re Bonvillian Marine Serv., Inc.*, 19 F.4th 787, 792 (5th Cir. 2021) (citation omitted); *see also Mercado v. Lynch*, 823 F.3d 276, 279 (5th Cir. 2016) ("For a Supreme Court decision to satisfy this Court's rule of orderliness, it must 'be unequivocal, not a mere "hint" of how the Court might rule in the future.'" (citation omitted)). And district courts generally remain bound by Fifth Circuit precedent unless the Fifth Circuit itself revisits that precedent. *See, e.g.*, *United States v. Jordan*, 650 F. Supp. 3d 531, 538 (W.D. Tex. 2023) ("District Courts have no power to declare that an intervening Supreme Court case inters an otherwise-binding Fifth Circuit case."); *United States v. Brown*, No. 18-cr-117, 2024 WL 1076250, at *2 (S.D. Miss. Mar. 12, 2024) ("Until the Fifth Circuit makes a

'judgment call' that a Supreme Court decision 'implicitly overruled' circuit precedent, a district court 'correctly [finds] itself bound by the [Fifth Circuit] rule.'" (citation omitted)). Here, the Supreme Court did not voice any disagreement with the Fifth Circuit's ALJ holding, much less expressly or implicitly overrule it. Courts in this Circuit therefore have no license to disregard the ALJ holding in the *Jarkesy* Fifth Circuit opinion.

Thus, the NLRB cannot escape the binding nature of *Jarkesy* which squarely controls this Court's analysis of SpaceX's likelihood of success on the merits as to the ALJ claim.

As of now, this action does not present a Seventh Amendment claim,[2] so the primary relevance of *Jarkesy* to this motion is not what the Supreme Court's holding does, but what it does not do. Because the Supreme Court did not reverse or otherwise call into question the Fifth Circuit's holding on the ALJ removal issue, that holding remains binding precedent on this Court. SpaceX's prior briefing on the ALJ removal issue is undisturbed. As even the NLRB appears to acknowledge (*see* PI Opp. 16), Fifth Circuit precedent dictates that SpaceX has shown a likelihood of success on the merits of the ALJ removal claim. *See* PI Mot. 7 & PI Reply 1-2.

**II.    *Loper Bright Enters. v. Raimondo*, — U.S. —, 2024 WL 3208360 (June 28, 2024).**

*Loper Bright* shows the Supreme Court's concern with judicial deference to administrative agency interpretations of its own authority at the expense of Congress's expressed intent. *Loper Bright* holds that:

> Courts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority, as the APA requires. Careful attention to the judgment of the Executive Branch may help inform that inquiry. And when a particular statute delegates authority to an agency consistent with constitutional limits, courts must respect the delegation, while ensuring that the agency acts within

---

[2] SpaceX expressly reserves the right to amend its complaint to add a Seventh Amendment claim should developments in the facts or the law merit doing so. However, the preliminary injunction motion does not request relief based on an impending Seventh Amendment violation. Should SpaceX amend its complaint to add a Seventh Amendment claim, it reserves all rights to seek all appropriate relief at that time.

> it. But courts need not and under the APA may not defer to an agency interpretation of the law simply because a statute is ambiguous.

*Loper Bright Enters. v. Raimondo*, — U.S. —, 2024 WL 3208360, at *22 (June 28, 2024).

SpaceX's preliminary injunction request is primarily based on constitutional claims and not the text of the National Labor Relations Act (NLRA). Yet while *Loper Bright* may not directly impact SpaceX's likelihood of success on its two constitutional claims, *Loper Bright* is relevant to how this Court should view the NLRB's arguments on the remaining preliminary injunction factors. *Loper Bright* cautions courts against deferring to agencies' views about the scope of their authority based on agencies' "subject matter expertise regarding the statutes they administer" and ability to engage in political "policymaking." *Id.* at *16. Judges, on the other hand, have an obligation "to apply their 'judgment' *independent* of the political branches when interpreting the laws those branches enact." *Id.* at *21. Here, that means that in balancing the equities or determining where the public interest lies, the NLRB does not get a thumb on the scale in favor of its own evaluation of the importance of its statutory mission, including whether the legal theory it is pursuing in the underlying administrative proceeding (here, that the challenged agreements violate the NLRA) results in harm to the employees or the public interest.

Another Supreme Court case from this term—involving the NLRB itself—confirms this. In a case involving the NLRB's authority under 29 U.S.C. 160(j) to seek a so-called 10(j) injunction, the Court held that "deference to what is 'nothing more than an agency's convenient litigating position' is 'entirely inappropriate.'" *Starbucks Corp. v. McKinney*, 144 S. Ct. 1570, 1571 (2024) (quoting *Bowen v. Georgetown Univ. Hospital*, 488 U. S. 204, 213 (1988)). That same principle applies where the NLRB is opposing an injunction. This Court may not simply take the NLRB's word that issuing a preliminary injunction here to prevent constitutional injury will harm employees or the public interest.

*Loper Bright* also has relevance to the severability question in this case. The NLRB has long relied on *Chevron* for securing courts' deference to the NLRB's interpretations of the NLRA. *See, e.g.*, *NLRB v. United Food & Com. Workers Union*, 484 U.S. 112, 123 (1987). Now, however, courts may not defer to the NLRB's interpretations, including Defendants' characterization here of what Congress would have wanted in determining whether or how the provisions offending the constitution can be severed from the relevant statutory schemes. But as SpaceX's motion explained, the issue of severability is **not** before this Court in deciding whether to grant a preliminary injunction—which preserves the status quo pending the resolution of the merits—and is solely a question of final remedy after the merits have been determined. At that time, if appropriate, SpaceX will provide full briefing on *Loper Bright*'s relevance.

**III.    The exhibits submitted in support of SpaceX's motion are already in the record for purposes of deciding the preliminary injunction motion.**

Before the preliminary injunction hearing, SpaceX also wishes to raise an evidentiary matter that the parties have been unable to resolve between themselves. SpaceX submitted three exhibits in support of its motion for a preliminary injunction and three in support of its reply in support of the motion. The NLRB did not file any objection to those exhibits, or any of their contents, or move to strike them. Because they were unobjected to on grounds of either authenticity or admissibility, it is SpaceX's position these exhibits have already been admitted into evidence for purposes of deciding the preliminary injunction motion. (After all, the NLRB had no guarantee this Court would hold a hearing on the motion as opposed to deciding it on the papers.) However, out of an abundance of caution and desire to streamline the issues before the Court tomorrow, SpaceX asked the NLRB via email on July 5 to stipulate or otherwise agree these exhibits were already admitted into the record. The NLRB responded on July 8, "Given the short notice and concomitant lack of time to evaluate precise nature and effect of any stipulations, Defendants

cannot so stipulate or agree." In other words, the NLRB has refused to stipulate that exhibits it did not object to at the time of filing—and the motion has been on file since April 25 and the reply since June 6—are properly before this Court.

This should have been an easy ask: the exhibits include (1) the declaration of Bryanne-Michelle Mlodzianowski; (2) the public docket for the NLRB administrative proceeding hosted on the NLRB's website; (3) the redacted administrative complaint; (4) the Fifth Circuit's order granting a preliminary injunction pending appeal in the Southern District of Texas action; (5) the NLRB's response in opposition to SpaceX's motion for a preliminary injunction pending appeal in the Southern District of Texas action; and (6) the NLRB's April 30, 2024 administrative order. In other words, three are the NLRB's own agency documents, one is a Fifth Circuit order, one is the NLRB's public brief in a Fifth Circuit proceeding, and one is an unobjected to declaration.

A district court may "issue a preliminary injunction without an evidentiary hearing when the facts are not disputed." *Sierra Club, Lone Star Chapter v. FDIC*, 992 F.2d 545, 551 (5th Cir. 1993). Thus, where, as here, Defendants submitted no evidence in opposition to the preliminary injunction, the facts are undisputed and no evidentiary hearing is required. And all six exhibits are properly before the Court to establish the undisputed facts supporting SpaceX's motion.

Five of these exhibits are subject to judicial notice. Judicial notice may be taken of "matters of public record" that are not subject to reasonable dispute. Fed. R. Evid. 201(b); *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). The NLRB agency records and documents, as well as the Fifth Circuit order and NLRB filing, are all types of documents that are subject to judicial notice. *Caha v. United States*, 152 U.S. 211, 222 (1894) (taking judicial notice of rules and regulations prescribed by interior department); *Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 314 (5th Cir. 2020) (taking judicial notice of court judgments and opinions); *Funk*

*v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (taking judicial notice of publicly available documents and transcripts produced by Food and Drug Administration); *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996) (taking judicial notice of filings with Securities and Exchange Commission). There is no question that these exhibits can properly be considered by this Court in deciding the preliminary injunction motion.

Declarations submitted in support of preliminary injunction motions are routine and properly considered by the court deciding the motion. The declaration, while not an exhibit subject to judicial notice, is thus admissible for purposes of deciding the preliminary injunction motion. *Valentine v. Collier*, 956 F.3d 797, 801 n.1 (5th Cir. 2020) ("It long has been true that parties can present evidence at the preliminary-injunction stage with declarations or affidavits."). Further, "at the preliminary injunction stage, the procedures in the district court are less formal, and the district court may rely on otherwise inadmissible evidence, including hearsay evidence[.]" *Sierra Club*, 992 F.2d at 551; *JTH Tax LLC v. White*, No. 6-20-CV-00140-ADA, 2020 WL 3843691, at *2 (W.D. Tex. July 8, 2020) (Albright, J.) (same). SpaceX properly submitted the declaration in support of its motion and its contents are admissible for purposes of the motion.

Even if Defendants could have any potential basis to object to the declaration's admission or the contents of the declaration at the preliminary injunction stage, it forfeited the objection by failing to timely raise the issue. The declaration was submitted in support of the motion, so Defendants had an opportunity to respond or file objections to the declaration but failed to do so. Any objection raised now through supplemental briefing or before the court is forfeited because Defendants failed to raise the objection in connection with its response in opposition. Fed. R. Evid. 103(a) (failure to timely move to strike waives claim). Courts in this Circuit generally treat evidentiary objections as waived if not raised in a timely motion to strike in response to the filing.

*See, e.g.*, *Guerrero v. Total Renal Care, Inc.*, 932 F. Supp. 2d 769, 776 (W.D. Tex. 2013); *see also Sarco Creek Ranch v. Greeson*, 167 F. Supp. 3d 835, 848 (S.D. Tex. 2016) ("Parmley did not object to the email from Lexar, see Docket Entry Nos. 138, 139, 141, so any challenge to its admissibility is forfeited."). Here, Defendants chose not to raise any evidentiary objection or move to strike the declaration when it filed its response. Therefore, Defendants forfeited its right to object to the declaration being admitted into evidence already for purposes of the hearing, as well as to raise any specific evidentiary objection to certain statements.

Similarly, to the extent the other exhibits are not otherwise subject to judicial notice or admissible pursuant to some other Federal Rule of Evidence, Defendants have forfeited any objection to their admission by not raising the issue at the time the exhibits were filed or with their response in opposition.

Dated: July 9, 2024

Respectfully submitted,

By: *s/ Catherine L. Eschbach*

**MORGAN, LEWIS & BOCKIUS LLP**
Catherine L. Eschbach
Texas Bar No. 24097665
1000 Louisiana Street, Suite 4000
Houston, TX 77002-5006
catherine.eschbach@morganlewis.com
T: (713) 890-5719
F: (713) 890-5001

Harry I. Johnson, III (*pro hac vice*)
2049 Century Park East, Suite 700
Los Angeles, CA 90067-3109
harry.johnson@morganlewis.com
(310) 907-1000

Michael E. Kenneally (*pro hac vice*)
1111 Pennsylvania Avenue, N.W.
Washington, DC  20004-2541
michael.kenneally@morganlewis.com
(202) 739-3000

*Attorneys for Plaintiff*
*Space Exploration Technologies Corp.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2024, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification to all parties of record.

<div style="text-align: right;">

*s/ Catherine L. Eschbach*
Catherine L. Eschbach

</div>