# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| SPACE EXPLORATION TECHNOLOGIES CORP., §<br>§<br>§<br>**Plaintiff,** §<br>§<br>v. §<br>§<br>NATIONAL LABOR RELATIONS BOARD, JENNIFER ABRUZZO, IN HER OFFICIAL CAPACITY AS THE GENERAL COUNSEL OF THE NATIONAL LABOR RELATIONS BOARD; LAUREN MCFERRAN, IN HER OFFICIAL CAPACITY AS THE CHAIRMAN OF THE NATIONAL LABOR RELATIONS BOARD; MARVIN E KAPLAN, IN HIS OFFICIAL CAPACITY AS BOARD MEMBER OF THE NATIONAL LABOR RELATIONS BOARD; GWYNNE A WILCOX, IN HER OFFICIAL CAPACITY AS BOARD MEMBER OF THE NATIONAL LABOR RELATIONS BOARD; DAVID M PROUTY, IN HIS OFFICIAL CAPACITY AS BOARD MEMBER OF THE NATIONAL LABOR RELATIONS BOARD; AND JOHN DOE - ADMINISTRATIVE LAW JUDGE NLRB, §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>**Defendants.** §  | **CIVIL NO. W-24-CV-00203-ADA** |

# **ORDER**

The National Labor Relations Board ("NLRB") was established to provide a mechanism for employees to vindicate the rights provided to them under the National Labor Relations Act ("NLRA"). The policies and practices of the employers, employees, and labor unions that the NLRB regulates are not before this Court. Instead, the question before this Court is a constitutional one. Specifically, the issue is what amount of control over executive officers the Constitution

imputes to the President. This Court must determine what level of removal protections preventing the President from firing administrative law judges and controlling officers are constitutional.

NLRB Members are tasked with adjudicating allegations that an employer or union has committed an "unfair labor practice" ("ULP"). 29 U.S.C. § 160. Board members serve five-year, staggered terms, and may only be removed "for neglect of duty or malfeasance in office"—not for inefficiency. 5 U.S.C. § 3105. While the NLRB employs Administrative Law Judges ("ALJ"), appointed in accordance with the Civil Service Reform Act and the NLRA, the NLRB is not bound to accept an ALJ's findings of fact or conclusions of law. 5 U.S.C. § 3105; 29 U.S.C. § 160(c); 29 U.S.C. § 154(a); *see WestRock Services, Inc.*, 366 N.L.R.B. No. 157, slip op. at 3 (2018). ALJs may be removed "only for good cause established and determined by the Merit Systems Protection Board [("MSPB")] on the record after an opportunity for hearing before the [MSPB]." 5 U.S.C. § 7521(a). A member of the MSPB may only "be removed by the President, upon notice and hearing, for neglect of duty or malfeasance in office, but for no other cause." 5 U.S.C. § 1202(d).

Congress clearly intended to protect the NLRB from the volatility of the political machine and allow consistent adjudication of employee rights provided by the NLRA. However, Congress is not permitted to "interfere with the President's exercise of the executive power and his constitutionally appointed duty to take care that the laws be faithfully executed under Article II." *Morrison v. Olson*, 487 U.S. 654, 689 (1988).

The questions faced by this Court are whether SpaceX Exploration Technologies Corp. ("SpaceX") is likely to succeed on the merits in demonstrating that the NLRB Members are unconstitutionally protected from removal and whether NLRB ALJs are likewise unconstitutionally protected from removal. Under binding precedent, this Court is satisfied that SpaceX has demonstrated a substantial likelihood of success on its claims that Congress has impermissibly protected

both the NLRB Members and the NLRB ALJs from the President's Article II power of removal. For this and other reasons enumerated below, the Court finds it necessary to issue a preliminary injunction to prevent the irreparable harm of being subject to the unconstitutional administrative proceeding.

## I. BACKGROUND

Before the Court is Plaintiff SpaceX Exploration Technologies Corp.'s Motion for Preliminary Injunction (ECF No. 11). SpaceX filed its Motion on April 25, 2024. The National Labor Relations Board ("NLRB"), Jennifer Abruzzo, Lauren M. McFerran, Marvin E. Kaplan, Gwynne A. Wilcox, and David M. Prouty, and the "John Doe" Administrative Law Judge ("ALJ") who will soon be assigned to preside over the administrative hearing (collectively, "Defendants") filed their Response—after being granted an extension—on May 23, 2024. ECF No. 24. Defendants also contemporaneously filed a motion to stay this case. ECF No. 23. On July 2, 2024, the Court held a remote hearing. After considering the parties arguments, the Court orally denied defendant's motion to stay because Defendants did not meet their burden to show a stay was in the best interests of justice. The Cour then heard argument on the pending Motion for Preliminary Injunction on July 10, 2024. Now, having considered the parties' briefs, the record, the relevant law, and the parties' oral argument, the Court finds that the motion for preliminary injunction (ECF No. 11), is **GRANTED** to the extent set forth below.

## II. LEGAL STANDARD

### A. Preliminary Injunction

A preliminary injunction is appropriate if a movant establishes: "(1) they are likely to succeed on the merits, (2) there is a substantial threat they will suffer an irreparable injury otherwise, (3) the potential injury outweighs any harm that will result to the other side, and (4) an injunction

will not disserve the public interest." *State v. Biden*, No. 23-30445, 2023 WL 5821788, at *12 (5th Cir. Sept. 8, 2023), *administrative stay granted sub nom. Murthy v. Missouri*, No. 23A243 (U.S. Sept. 14, 2023) (Alito, J., in chambers); *Opulent Life Church v. City of Holly Springs*, 697 F.3d 279, 288 (5th Cir. 2012). These elements are not examined in isolation but balanced in consideration of each other. *State of Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 180 (5th Cir. 1975).

### III. DISCUSSION

**A.  Plaintiff has shown a substantial likelihood of success on the merits.**

The first element SpaceX must establish for this Court to issue a preliminary injunction is a "substantial likelihood of success on the merits." *Texas v. United States*, 809 F.3d 134, 150 (5th Cir. 2015), *as revised* (Nov. 25, 2015) (internal quotations omitted).  In Count One, SpaceX alleges that the NLRB's Administrative Law Judges (ALJs) are unconstitutionally insulated from removal and in Count Two that the NLRB's Members are unconstitutionally insulated from removal. ECF No. 1. To succeed on the merits of Count One, SpaceX must demonstrate that the NLRB ALJs are unconstitutionally protected from removal, and likewise, to succeed on the merits of Count Two, SpaceX must demonstrate that the NLRB Members are unconstitutionally protected from removal.

The Fifth Circuit held "that the statutory removal restrictions for SEC ALJs are unconstitutional" without determining "whether vacating would be appropriate based on that defect alone." *Jarkesy v. Sec. & Exch. Comm'n*, 34 F.4th 446, 465–66 (5th Cir. 2022), *cert. granted*, 143 S. Ct. 2688 (2023), *cert. denied*, 143 S. Ct. 2690 (2023), *aff'd and remanded*, 144 S. Ct. 2117 (2024).[1]

---

[1] While the Supreme Court granted cert on three issues raised by *Jarkesy v. Sec. & Exch. Comm'n*, it never reached Issue Two or Issue Three as it resolved the case on the Seventh Amendment issue. 144 S. Ct. 2117 (2024). The issue before the Court today is Issue Three. "[F]or a Supreme Court decision to change [the Fifth] Circuit's law, it 'must be more than merely illuminating with respect to the case before [the court]' and must 'unequivocally' overrule prior precedent." *In re Bonvillian Marine Serv., Inc.*, 19 F.4th 787, 792 (5th Cir. 2021). SCOTUS did not voice disagreement with,

4

However, the issue here is not whether this Court should vacate an ALJ's judgment, but whether there is a substantial likelihood of success that the Court should find the statutes, regulatory provisions, guidance, and/or policies restricting the removal of NLRB ALJs and NLRB Members unconstitutional. *See* ECF No. 1.

SpaceX seeks relief in the form of declaratory judgment declaring the ALJs and Members unconstitutional, a preliminary injunction enjoining Defendants from subjecting SpaceX to unconstitutionally structured administrative proceedings pending the final resolution of this action, and a permanent injunction enjoining Defendants from implementing or carrying out the unconstitutional removal-protection provisions. ECF No. 1 at 13. Defendants argue that because SpaceX may not be entitled to *all* of this relief, SpaceX is not entitled to a preliminary injunction. *See* ECF No. 24 at 9–11. However, this argument misses the point. The issue of what final relief SpaceX is entitled to is not properly before the court today.

To analogize to the patent context, a patentee seeking a preliminary injunction against infringement need only show that "it will likely prove infringement of one or more claims of the patents-in-suit, and that at least one of those same allegedly infringed claims will also likely withstand the validity challenges presented by the accused infringer." *AstraZeneca LP v. Apotex, Inc.*, 633 F.3d 1042, 1050 (Fed. Cir. 2010) (quoting *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1351 (Fed. Cir. 2001)). Nowhere is there a requirement for the patentee to prove a substantial likelihood of receiving a permanent injunction after judgment in its favor, as opposed to ongoing royalties or some other form of relief. *See id.* Yet that is, by analogy, effectively what Defendants are arguing.

---

much less overrule, the Fifth Circuit's holdings with regards to Issue Three. *See Jarkesy,* 144 S. Ct. 2117. Accordingly, this Court remains bound by Fifth Circuit precedent in this case.

At the preliminary injunction stage, this Court need not determine how to fashion its final relief, merely that Plaintiff is entitled to relief. While a substantial likelihood of success on the merits of Count I or Count II would be sufficient, SpaceX has demonstrated a substantial likelihood of success for both Count I and Count II.

### i. Count I: The NLRB's ALJs are unconstitutionally insulated from removal.

In no uncertain terms, the Fifth Circuit holds that the "statutory removal restrictions for SEC ALJs are unconstitutional." *Jarkesy*, 34 F.4th at 463. The President's control over the officers performing substantial executive functions must be sufficient such that he is able to not only control the performance of their functions but also choose who holds said positions. *Id.* While not all protections against removal are unconstitutional, Supreme Court precedent generally forbids two or more layers of for-cause protection to impede the President's control. *Id.* "'Inferior officers' may retain some amount of for-cause protection from firing. Likewise, even principal officers may retain for-cause protection when they act as part of an expert board. But a problem arises when both of those protections act in concert." *Id.* Accordingly, the Fifth Circuit found that in similar manner to *Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*, 561 U.S. 477, 498 (2010), the SEC ALJs are unconstitutionally insulated from the President by at least two layers of for-cause protection from removal. *Jarkesy*, 34 F.4th at 463.

SpaceX alleges that in similar fashion to the SEC ALJs, the NLRB ALJs are unconstitutionally protected "inferior officers" who perform substantial executive functions. ECF No. 1 at ¶36; ECF No. 11 at 2, 7. Defendants do not attempt to distinguish the SEC ALJs from the NLRB ALJs. ECF No. 24 at 14. Both are "inferior officers" who "have substantial authority" in agency investigations and enforcement actions. *Jarkesy*, 34 F.4th at 464; *see Westrock Servs., Inc.*, 366 N.L.R.B. No. 157, slip op. at 1 (Aug. 6, 2018). The SEC and NLRB ALJS are only to be removed

6

when the MSPB finds good cause. 5 U.S.C. § 7521(a). Further, the MSPB members may only be removed by the President for "inefficiency, neglect of duty, or malfeasance in office." 5 U.S.C. § 1202(d). The Court finds that under current Fifth Circuit law, there is a substantial likelihood that SpaceX succeeds on the merits with regards to showing that the NLRB ALJs are unconstitutionally protected from removal.

### ii. Count II – The NLRB's members are unconstitutionally insulated from removal.

The NLRA explicitly creates removal protection for NLRB members, limiting the President power to remove them only "for neglect of duty or malfeasance in office, but for no other cause." 29 U.S.C. § 153(a). SpaceX alleges that this is an unconstitutional protection. ECF No. 1 at ¶55; ECF No. 11 at 8. Recent Supreme Court precedent suggests that this strict removal protection violates Article II of the Constitution given the substantial executive power that the Board wields. *Collins v. Yellen,* 141 S. Ct. 1761, 1787 (2021). It is worth noting that the Supreme Court has recognized a narrow exception "for multimember expert agencies that do not wield substantial executive power." *Seila L. LLC v. Consumer Fin. Prot. Bureau*, 591 U.S. 197, 218 (2020). However, the NLRB enforces the NLRA when determining appropriate units for collective bargaining, directing representation elections, deciding unfair labor practice charges, seeking enforcement of unfair labor practice orders in federal court, and appointing inferior officers including the executive secretary, attorneys, examiners, regional directors, ALJs, and others 29 U.S.C. §§ 154, 159, 160. Unlike in *Siela*, the NLRB members clearly wield substantial executive power through their administrative, policymaking, and prosecutorial authority.

Defendants argue that Fifth Circuit's decision in *Consumers' Rsch. v Prod. Safety Comm'n* holds that Humphrey's Executor remains good law and broadly "protects any 'traditional independent agency headed by a multimember board.'" 91 F.4th 342, 352 (5th Cir. 2024) (quoting

*Seila Law*, 140 S. Ct. at 2198); *see also Illumina, Inc. v. FTC*, 88 F.4th 1036, 1047 (5th Cir. 2023). SpaceX argues that there is no reason here to further expand *Humphrey's Executor* a step beyond the traditional type of agency presented in *Consumers' Research* to include agencies like the NLRB–whose distinctive structure divides prosecutorial authority between its Members (in the Section 10(j) context) and its politically accountable General Counsel (in unfair labor practice proceedings). *See id.*

The removal protections for NLRB Members are even stricter than those that have insulated the FTC Commissioners since 1935. The latter are removable "for inefficiency, neglect of duty, or malfeasance in office." *Humphrey's Ex'r*, 295 U.S. at 620 (quoting 15 U.S.C. § 41). In contrast, NLRB Members are removable only "for neglect of duty or malfeasance in office" but not for inefficiency. 29 U.S.C. § 153(a). The Fifth Circuit determined the logic of *Humphrey's Executor* would not extend to the NLRB General Counsel in part because the "position is not judicial or legislative, but core to the executive function." *Exela Enter. Sols., Inc. v. NLRB*, 32 F.4th 436, 443–44 (5th Cir. 2022). Like the General Counsel, the NLRB Members have executive prosecutorial power as "to petition [a] United States district court . . . for appropriate temporary relief or restraining order" in response to an alleged unfair labor practice. *See* 29 U.S.C. § 160(j).

Further, allowing Congress to eliminate the President's ability to remove principal officers for inefficiency would be an unjustified expansion of *Humphrey's Executor*. *See Collins*, 141 S. Ct. at 1787 ("The President must be able to remove not just officers who disobey his commands but also those he finds 'negligent and inefficient[.]'") (quoting *Myers*, 272 U.S. at 135). Finding that NLRB Member's removal protection constitutional would require this court to expand *Humphrey's Executor* where the Supreme Court has repeatedly declined to do so. *See Free Enterprise Fund* 561 U.S. 477; *see also Seila L. LLC* 591 U.S. 197; *Collins,* 141 S. Ct. 1761. In addition

to being substantially likely to succeed in showing the NLRB ALJ's are unconstitutionally protected, this Court finds that there is a substantial likelihood that SpaceX succeeds on the merits with regards to a finding that the NLRB Members are unconstitutionally protected from removal.

### iii. Severability

Defendants argue that a preliminary injunction is inappropriate because severance of the unconstitutional removal restrictions is the appropriate remedy. At the Preliminary Injunction stage, this Court does not believe it needs to reach the issue of whether it should sever or grant a permanent injunction. *See Scott v. Roberts*, 612 F.3d 1279, 1297 (11th Cir. 2010) ("Consideration of the issue of severance might be premature because we will not invalidate—only preliminarily enjoin—the excess subsidy provision, but we have no problem concluding that the excess spending subsidy is severable.") A preliminary injunction is not intended to fashion permanent relief, but rather preserve the status quo and protect the Court's ability to later provide meaningful permanent relief. *Id.*; *see also Wenner v. Tex. Lottery Comm'n*, 123 F.3d 321, 326 (5th Cir. 1997) ("Preliminary injunctions commonly favor the status quo and seek to maintain things in their initial condition so far as possible until after a full hearing permits final relief to be fashioned."); *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 627 (5th Cir. 1985) ("The purpose of a preliminary injunction is to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits.").

As noted above, SpaceX's requested relief includes a set of declarations that the statutes, regulatory provisions, guidance, and/or policies restricting the removal of NLRB ALJs and NLRB Members are unconstitutional. While statutes are severable if "the remainder of the law is capable of functioning independently and thus would be fully operative as a law," a statute must be found to be inoperative or unconstitutional as it was written before it can be severed. In *Free Enterprise*

9

*Fund*, the Supreme Court found the agency's removal protections unconstitutional, granted declaratory relief, and severed the offending statutory provisions. 561 U.S. at 508, 513. Accordingly, there is a substantial likelihood that SpaceX is entitled at least to some amount of the relief requested in Counts I and II of the Complaint in the form of a declaratory judgment.

The parties dispute whether potential severance of unconstitutional portions of the statute defeats SpaceX's claim for injunctive relief. Perhaps it would defeat a *permanent* injunction awarded after trial, summary judgment, or judgment on the pleadings in favor of SpaceX. But that is not what we are dealing with here. This is a motion for preliminary injunction, which requires a showing of likelihood of success on the merits of SpaceX's claim. Severance vs. permanent injunction is a question of appropriate *relief*, which is necessarily gated by a requirement that SpaceX actually succeed on the *merits* of its claim that the NLRB is unconstitutional. A statute must be found to be inoperative or unconstitutional as it was written before the issue of severance can be reached. If SpaceX shows that the NLRB is somehow unconstitutional, then this Court would either need to sever a portion of the statute or grant a permanent injunction. But until we have reached that point—which we have not—consideration of severance is premature. Accordingly, the Court holds that it is unnecessary to consider whether potential severance defeats SpaceX's claim for permanent injunctive relief, for it does not affect the likelihood of success on the merits.

However, even if the Court does need to reach the issue of severability, the requirement for a preliminary injunction is a substantial ***likelihood*** of success. SpaceX forcefully argues that there is no appropriate way to sever any of the removal protections here to remedy the constitutional problems with the NLRB's structure.

The NLRB ALJ conducting the administrative proceedings against SpaceX has three sets of removal protections, and it is not clear which, if any, Congress would be willing to give up.

10

The removal protections that the APA gives to ALJs are "a central part of the Act's overall scheme" to protect against the troubling questions that arise from an agency's commingling of adjudicative and prosecutorial functions. *Lucia*, 585 U.S. at 260 (Breyer, J., concurring in the judgment in part); *Ramspeck v. Fed. Trial Exam'rs Conf.*, 345 U.S. 128, 130 (1953). Congress designed the NLRB to be an independent agency insulated from presidential control. *See* NAT'L LABOR RELATIONS BD., LEGISLATIVE HISTORY OF THE NATIONAL LABOR RELATIONS ACT OF 1935, at 3255 (1949). And finally, to further insulate the ALJs, Congress created the MSPB in the Civil Service Act of 1978, Pub. L. No. 95-454, § 1202(d), 92 Stat. 1111, and enacted provisions designed to "confer upon [MSPB] members a tenure akin to that of the Federal judiciary." Civil Service Reform: Hearings on H.R. 11280 Before the H. Comm. on Post Off. & Civ. Serv., 95th Cong. 824 (1978); *see* 5 C.F.R. § 1200.1 ("The [MSPB] is an independent Government agency that operates like a court.").

While statutes are severable if "the remainder of the law is capable of functioning independently and thus would be fully operative as a law," doing so here would circumvent the legislature without clear congressional intent. *Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 140 S. Ct. 2335, 2353 (2020). Here there is no appropriate way to sever any of the removal protections to remedy the constitutional problems with the NLRB's structure.

The NLRB's principal case in support of its severability contentions is *Space Expl. Technologies, Corp. v. Bell*, No. 1:23-cv-137, 2023 WL 885128 (S.D. Tex. Nov. 8, 2023). In that case, the Southern District of Texas denied a preliminary injunction for a claim that administrative law judges of the DOJ's Office of the Chief Administrative Hearing Officer ("OCAHO") were unconstitutionally insulated from removal. *Id.* at *4–5. The *Bell* court based this result on the fact that it could sever the removal protections, which meant that "there is no need to stay proceedings an

11

OCAHO ALJ may conduct." *Id.* at *5. The *Bell* court cited to *Collins v. Yellen*, 594 U.S. 220, 257–260 (2021). *Collins* held that while the Director of the Federal Housing Finance Agency was unconstitutionally insulated from removal, the shareholders challenging the Director's actions were not entitled to the retrospective relief of undoing the adoption and implementation of a "third amendment." 594 U.S. at 257–60.

This Court respectfully believes that *Bell* read *Collins* too broadly. *Collins* at most stands for the proposition that when a properly *appointed* officer with unconstitutional removal protections acts, appropriate retrospective relief does not include voiding said action. *See* 594 U.S. at 257–58. Critically, the challengers in *Collins* "no longer ha[d] a live claim for prospective relief" at the time the Supreme Court ruled. *Id. at 257*. Here, by contrast, SpaceX does have a live claim for prospective relief to halt the ongoing NLRB proceeding against it, as well as other claims for relief besides voiding the NLRB's actions. If the Court refused to enjoin that proceeding, then it could potentially finish before this Court could finally adjudicate the merits of SpaceX's claims. This would irreparably injure SpaceX, as discussed below, and vitiate the Court's ability to render meaningful merits relief. The Court therefore respectfully declines to follow *Bell* and holds that severability of unconstitutional removal protections does not defeat preliminary injunctive relief.

**B. Plaintiff has sufficiently demonstrated that not issuing a preliminary injunction will result in an irreparable injury.**

SpaceX argues that under *Axon Enterprises, Inc. v. FTC*, being forced to proceed before an unaccountable agency official is sufficient to satisfy the irreparable injury requirement. 598 U.S. 175, 191 (2023). The Defendants unpersuasively try to distinguish *Axon* on the basis that its holding addresses subject matter jurisdiction, not the requirements of a preliminary injunction.

As the Supreme Court has stated, ". . . it is still possible for an unconstitutional provision to inflict compensable harm. And the possibility that the unconstitutional restriction on the

12

President's power to remove a Director of the FHFA could have such an effect cannot be ruled out." *Collins v. Yellen*, 594 U.S. 220, 259–60, 141 S. Ct. 1761, 1788–89, 210 L. Ed. 2d 432 (2021). *Axon* states that for jurisdictional purposes, "being subjected to unconstitutional agency authority—a proceeding by an unaccountable ALJ . . . is a here-and-now injury." *Axon Enter., Inc. v. Fed. Trade Comm'n*, 598 U.S. 175, 191 (2023) (citing *Seila Law LLC v. Consumer Fin. Prot. Bureau*, 140 S.Ct. 2183, 2196 (2020) (internal quotation marks omitted). In *Axon*, "[t]he claim, again, is about subjection to an illegitimate proceeding, led by an illegitimate decisionmaker." *Id*. SpaceX has made the same claim. Even though the agency's order could be vacated after the proceeding, a "separation-of-powers claim" challenging unconstitutional removal protections "is not about that order" but about avoiding "an illegitimate proceeding." *Id*.

This is not an issue of first impression before this court. *See SpaceX v. Bell,* 2023 WL 8885128, at *2 (S.D. Tex. Nov. 8, 2023) (citing *Axon* and stating that "if Plaintiff can show that OCAHO ALJs are unconstitutionally insulated from removal, Plaintiff will be harmed by having to proceed before an unaccountable ALJ"); *see also Alpine Sec. Corp. v. FINRA*, 2023 WL 4703307, at *3 (D.C. Cir. July 5, 2023) (Walker, J., concurring) (injunction of administrative adjudication appropriate under Axon because plaintiff was likely to prevail on claim that officers were unlawfully "shielded from removal"); *cf. Cochran v. SEC*, 20 F.4th 194, 212–13 (5th Cir. 2021) (en banc) (if removal claim is "meritorious," plaintiff should not be "forc[ed] to litigate before an ALJ who is unconstitutionally insulated from presidential control"), *aff'd and remanded sub nom. Axon*, 598 U.S. at 175. Judge Olivara explicitly relies on *Axon's* discussion of jurisdiction to find that having to proceed before an unaccountable ALJ is an irreparable injury in the context of a Preliminary Injunction pursuant to a ALJ removal-protection claim—the same issue raised by Count I. 2023 WL 8885128, at *4 ("Plaintiff is being subjected 'to unconstitutional agency

authority,' which 'is impossible to remedy once the proceeding is over.'" (quoting *Axon*, 598 U.S. at 191)). It follows that being subjected to the authority of the unaccountable NLRB Members would also cause irreparable harm to SpaceX. SpaceX has sufficiently demonstrated that there will be an irreparable injury if this preliminary injunction is not granted.

**C. The balance of the harms and public interest weigh in favor of issuing a preliminary injunction.**

Where the government is a defendant, the balance of harms and the public interest factors merge. *Nken v. Holder*, 556 U.S. 418, 435 (2009). SpaceX's harm as outlined above is incorporated here. Defendants' arguments against granting a preliminary injunction on the balance of the harms and public interest are predicated on its assertion that SpaceX should fail on the merits.

The government suffers no cognizable harm from stopping "the perpetuation of unlawful agency action*." League of Women Voters of U.S. v. Newby*, 838 F.3d 1, 12 (D.C. Cir. 2016); *see also, e.g.*, *BST Holdings, L.L.C. v. OSHA*, 17 F.4th 604, 618 (5th Cir. 2021). Nor would an injunction preventing unlawful agency action "disserve the public interest." *Louisiana*, 55 F.4th at 1022; *see also BST Holdings*, 17 F.4th at 618*; Daniels Health Scis.*, 710 F.3d at 585 ("[T]he public is served when the law is followed."); *League of Women Voters*, 838 F.3d at 12.  It is not in the public interest to have an increasingly expansive Executive Branch that "slip[s] from the Executive's control, and thus from that of the people," *Free Enter.*, 561 U.S. at 499. Nor is it in the public interest for an agency to infringe upon the constitutional imperative that "the judiciary remain[] truly distinct from . . . the executive," *Stern*, 564 U.S. at 483 (alteration in original) (quoting THE FEDERALIST No. 78, at 466 (Alexander Hamilton) (C. Rossiter ed. 1961)). Here the balance of harms and public interest weigh in favor of granting a preliminary injunction.

## IV. CONCLUSION

The Court does not dispute that there is a strong public interest in providing employees a mechanism to vindicate their NLRA rights. Nor does this Court find that employers and labor unions should be free from scrutiny of their labor practices. That said, Congress exceeds its power when it attempts to neuter the President's constitutional power to remove and control executive officers by conferring a web of removal protections upon NLRB ALJs and the NLRB Members. Nothing in the injunction granted here prevents Congress from using a constitutional means to achieve its goals. Therefore, the Court **ORDERS** that Plaintiffs' Motion for Preliminary Injunction (ECF No. 11) is **GRANTED.**

**IT IS FURTHER ORDERED** that the National Labor Relations Board ("NLRB"), Jennifer Abruzzo, Lauren M. McFerran, Marvin E. Kaplan, Gwynne A. Wilcox, and David M. Prouty, the NLRB Administrative Law Judges ("ALJ"), and all of their officers, agents, employees, attorneys, and other persons in active concert with them ("Defendants") are **ENJOINED** from administratively proceeding against Plaintiff SpaceX Exploration Technologies Corp. in the matter associated with NLRB case number 19-CA-309274.

**SIGNED** this 23rd day of July, 2024.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE