```
 1                  UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF TEXAS
 2                       WACO DIVISION

 3   SPACE EXPLORATION       ) Docket No. WA 24-CA-203 ADA
     TECHNOLOGIES CORP.      )
 4                           )
     vs.                     ) Waco, Texas
 5                           )
     NATIONAL LABOR RELATIONS )
 6   BOARD, ET AL            ) July 2, 2024

 7

             TRANSCRIPT OF VIDEOCONFERENCE MOTION HEARING
 8              BEFORE THE HONORABLE ALAN D. ALBRIGHT

 9

10   APPEARANCES:

11   For the Plaintiff:      Mr. Michael E. Kenneally
                             Morgan, Lewis & Bockius, LLP
12                           1111 Pennsylvania Avenue, NW
                             Washington, D.C. 20004
13
                             Ms. Catherine L. Eschbach
14                           Morgan, Lewis & Bockius, LLP
                             1000 Louisiana street, Suite 4000
15                           Houston, Texas 77002

16

17   For the Defendant:      Mr. David P. Boehm
                             National Labor Relations Board
18                           Contempt, Compliance and Special
                             Litigation Branch
19                           1015 Half Street, SE
                             Fourth Floor
20                           Washington, D.C. 20003

21

22   Court Reporter:         Ms. Lily Iva Reznik, CRR, RMR
                             501 West 5th Street, Suite 4153
23                           Austin, Texas 78701
                             (512)391-8792
24

25   Proceedings reported by computerized stenography,
     transcript produced by computer-aided transcription.
```

| | | |
|---|---|---|
| 14:30:54 | 1 | THE COURT:  Good afternoon, everyone. |
| 14:30:55 | 2 | Jen, would you call the case, please. |
| 14:30:57 | 3 | THE CLERK:  A civil action in Case 6:24-CV-203, |
| 14:31:02 | 4 | Space Exploration Technologies Corp. vs. National Labor |
| 14:31:05 | 5 | Relations Board, Et Al.  Case called for a motions |
| 14:31:07 | 6 | hearing. |
| 14:31:07 | 7 | THE COURT:  I'll have announcements from counsel, |
| 14:31:11 | 8 | please. |
| 14:31:15 | 9 | MR. BOEHM:  David Boehm for the National Labor |
| 14:31:17 | 10 | Relations Board on behalf of defendants. |
| 14:31:18 | 11 | THE COURT:  Is it -- I'm sorry, is it "Bem"? |
| 14:31:23 | 12 | MR. BOEHM:  Correct. |
| 14:31:25 | 13 | THE COURT:  Thank you, sir. |
| 14:31:26 | 14 | MS. ESCHBACH:  Catherine Eschbach on behalf of |
| 14:31:28 | 15 | SpaceX, along with my colleague, Michael Kenneally, who |
| 14:31:31 | 16 | will be handling the argument today. |
| 14:31:32 | 17 | THE COURT:  Okay.  I thank you all for letting |
| 14:31:34 | 18 | me, on short notice, change the time of the Zoom call.  It |
| 14:31:39 | 19 | helped me a lot to be able to have it this afternoon so I |
| 14:31:41 | 20 | appreciate y'all's flexibility. |
| 14:31:43 | 21 | And also, Lily, thank you for being here this |
| 14:31:46 | 22 | afternoon, all-star substitute court reporter who needs no |
| 14:31:53 | 23 | introduction.  Otherwise, I'm happy to take the motion up. |
| 14:31:59 | 24 | MR. BOEHM:  Thank you, your Honor. |
| 14:32:00 | 25 | Under clear Fifth Circuit precedent, the |

| | | |
|---|---|---|
| 14:32:04 | 1 | first-to-file rule requires that when a case shares a |
| 14:32:06 | 2 | substantial overlap with an existing matter pending before |
| 14:32:09 | 3 | another district court, the first-filed case takes |
| 14:32:12 | 4 | precedence and the second-filed case should be stayed, |
| 14:32:15 | 5 | dismissed, or transferred.  The rule exists to avoid |
| 14:32:17 | 6 | duplicative litigation, to avoid rulings trenching on the |
| 14:32:21 | 7 | authority of sister courts, and to avoid piecemeal |
| 14:32:23 | 8 | resolution of issues calling for a uniform result. |
| 14:32:27 | 9 | Calling this case a substantial overlap at the |
| 14:32:31 | 10 | existing matter in the Southern District would be an |
| 14:32:34 | 11 | understatement here.  The -- |
| 14:32:36 | 12 | THE COURT:  I'm sorry, where -- which judge has |
| 14:32:39 | 13 | -- where is it filed in the Southern District? |
| 14:32:42 | 14 | MR. BOEHM:  It's at Brownsville.  It's Judge |
| 14:32:45 | 15 | Olvera. |
| 14:32:45 | 16 | THE COURT:  Okay.  Thank you. |
| 14:32:47 | 17 | MR. BOEHM:  So the action's a virtual carbon copy |
| 14:32:50 | 18 | of two claims from that case involves identical parties |
| 14:32:54 | 19 | except for an unnamed administrative law judge that's sued |
| 14:32:58 | 20 | in an official capacity.  And here, SpaceX has to win on |
| 14:33:02 | 21 | the exact same arguments it would have to prevail on in |
| 14:33:06 | 22 | that first-filed case.  And what's more, SpaceX could have |
| 14:33:09 | 23 | supplemented its pleadings in that case to encompass its |
| 14:33:12 | 24 | claims here, but perhaps sensing it might not make a |
| 14:33:15 | 25 | decision it wanted, it decided to try its luck in another |

| | | |
|---|---|---|
| 14:33:18 | 1 | court. |
| 14:33:20 | 2 | We believe this is -- |
| 14:33:22 | 3 | THE COURT:  Wait.  What is your basis for saying |
| 14:33:26 | 4 | that? |
| 14:33:27 | 5 | MR. BOEHM:  Well, they filed it in a improper |
| 14:33:31 | 6 | venue as Judge Olvera found and he issued a decision |
| 14:33:37 | 7 | transferring that case to California where the locus of |
| 14:33:43 | 8 | the dispute was, and SpaceX has persistently fought that |
| 14:33:46 | 9 | decision, including through mandamus petition to the Fifth |
| 14:33:53 | 10 | Circuit that was ultimately denied by the en banc court. |
| 14:33:55 | 11 | So it seems as though they have filer's remorse here and |
| 14:34:00 | 12 | they want to try their luck in a different court that see |
| 14:34:06 | 13 | if they can get a different result. |
| 14:34:08 | 14 | So our position is that this is not an acceptable |
| 14:34:11 | 15 | use of judicial resources.  It invites the possibility of |
| 14:34:16 | 16 | the embarrassment of conflicting judgments.  And SpaceX |
| 14:34:21 | 17 | can't muster any convincing argument that the first-filed |
| 14:34:25 | 18 | rule shouldn't be applied here.  I can go into their |
| 14:34:30 | 19 | arguments if you'd like. |
| 14:34:33 | 20 | THE COURT:  I'll give you a chance to respond. |
| 14:34:35 | 21 | I'll let them make them and then, you'll have whatever |
| 14:34:37 | 22 | time you want to respond. |
| 14:34:40 | 23 | MR. BOEHM:  Okay. |
| 14:34:41 | 24 | THE COURT:  But if you have anything else to say, |
| 14:34:43 | 25 | you're welcome to take as much time as you want to. |

| | | |
|---|---|---|
| 14:34:45 | 1 | MR. BOEHM:  I mean, the first-to-file rule says |
| 14:34:49 | 2 | when there's a substantial overlap of issues, the case |
| 14:34:53 | 3 | should be -- |
| 14:34:54 | 4 | THE COURT:  Who -- I'm not -- I've not dealt with |
| 14:35:00 | 5 | this an awful lot.  Who determines -- is the job for me to |
| 14:35:08 | 6 | determine the amount of overlap and if so, what is the |
| 14:35:12 | 7 | standard I'm supposed to use? |
| 14:35:14 | 8 | MR. BOEHM:  So under pretty clear Fifth Circuit |
| 14:35:20 | 9 | authority, if there's a substantial possibility of |
| 14:35:24 | 10 | overlap, the second-filed court is the one that -- or the |
| 14:35:27 | 11 | first-filed court, rather, is the one that should be |
| 14:35:30 | 12 | deferred to in the case, you know, to determine if both |
| 14:35:34 | 13 | cases should go forward.  We've advocated for a stay here |
| 14:35:38 | 14 | because there are, at least for the time being, issues |
| 14:35:43 | 15 | that are holding up that case.  We hope to have them |
| 14:35:45 | 16 | resolved quickly.  But we think a stay best accomplishes |
| 14:35:49 | 17 | the purposes of the rule because once venue is determined |
| 14:35:53 | 18 | by the first-filed court finally and conclusively, any |
| 14:35:59 | 19 | transfer can be transferred to the proper court. |
| 14:36:04 | 20 | So, you know, there's no compelling circumstance |
| 14:36:12 | 21 | that would warrant proceeding with this case and deviating |
| 14:36:17 | 22 | from a rule that's designed to prevent duplicative |
| 14:36:21 | 23 | litigation. |
| 14:36:22 | 24 | THE COURT:  What about the concern that this is |
| 14:36:27 | 25 | all just an effort by you all to get this out to a court |

14:36:32  1    in California and out of Texas altogether?

14:36:34  2            MR. BOEHM:  Well, I mean, I think that's a case

14:36:39  3    of a hit dog will holler.  They were the ones who decided

14:36:44  4    to file their first case in an improper court as Judge

14:36:47  5    Olvera found.  You know, they sought a venue that was

14:36:52  6    improper and they have to deal with the results of that

14:36:55  7    decision.  So we are simply applying the standard rules of

14:37:00  8    litigation and, you know, there's no one responsible for

14:37:04  9    that but SpaceX and its counsel.

14:37:09  10           THE COURT:  You may have responded to my question

14:37:11  11   and I just didn't hear it.  Is the ultimate goal that you

14:37:16  12   all are trying to accomplish is to get back to California?

14:37:20  13           MR. BOEHM:  Well, that all depends on what

14:37:23  14   happens in the Southern District.  If the case is

14:37:28  15   ultimately not transferred, it's going to have to be taken

14:37:31  16   up with the Southern District in Judge Olvera's court.

14:37:34  17   But in any case, this should all proceed in one court and

14:37:37  18   that's the import of the first-filed rule.  You don't get

14:37:40  19   to maintain essentially the same case under the same legal

14:37:46  20   issues with unimportant differences against the same

14:37:55  21   parties.

14:37:58  22           THE COURT:  Who determines whether the

14:37:59  23   differences are unimportant?

14:38:03  24           MR. BOEHM:  Under the authorities we laid out in

14:38:08  25   our papers, the first-filed court should really make that

14:38:13  1   determination once there's a possibility of overlap.  So

14:38:21  2   that's --

14:38:22  3        THE COURT:  I'm not following you.  So is what

14:38:24  4   you're telling me, I should stay this and let Judge Olvera

14:38:29  5   decide whether or not there's overlap?  I'm not -- yeah,

14:38:32  6   I'm sure it's me that's having a problem.

14:38:35  7        MR. BOEHM:  I apologize.  So I think our position

14:38:36  8   is until the venue issue is ironed out, this case should

14:38:41  9   be stayed pending that determination.  And then, once it's

14:38:47  10  decided whether the case is going to remain in Texas or

14:38:49  11  California, this court should transfer it in accordance

14:38:53  12  with that determination --

14:38:56  13        THE COURT:  Wait, wait.  So Judge Olvera's

14:39:00  14  decision on whether to transfer his case will control

14:39:03  15  whether I do?

14:39:04  16        MR. BOEHM:  Yes.  The second-filed court should

14:39:07  17  normally defer to the first-filed court's determination on

14:39:11  18  venue.

14:39:13  19        THE COURT:  Okay.  What if -- is there any

14:39:16  20  argument on your part that venue is -- let's forget the

14:39:20  21  first-filed rule for just a second and the order of

14:39:24  22  filing.  Do you have an argument that venue is improper in

14:39:28  23  Waco?

14:39:30  24        MR. BOEHM:  We have not thoroughly examined that

14:39:34  25  issue.  I suspect it may suffer from some of the same

14:39:38  1   infirmities that were true in the Brownsville case.  But I

14:39:41  2   think because the first-filed rule clearly governs here,

14:39:44  3   we don't have to reach that issue at this point.

14:39:48  4           THE COURT:  And what are those venue issues in

14:39:51  5   Brownsville?

14:39:52  6           MR. BOEHM:  Well, the issue we ultimately

14:39:55  7   prevailed on in the district court was the fact that the

14:40:02  8   -- a substantial amount -- or a substantial proportion of

14:40:06  9   the events giving rise to the action did not occur in the

14:40:10  10  district where they brought the suit where they laid venue

14:40:13  11  and neither party resided there, and under the applicable

14:40:17  12  venue provisions, there's no basis for venue in that

14:40:23  13  district.

14:40:25  14          THE COURT:  So if they filed in the Southern --

14:40:27  15  again, I'm pretty ignorant on this area of the law.  I

14:40:32  16  know some areas very well.  Not this one very well.  So if

14:40:37  17  they filed in the Southern District -- and I know you keep

14:40:38  18  saying they made a mistake, whatever.  I'll leave that

14:40:42  19  alone.  But it seems to me, it is beyond argument that

14:40:50  20  Waco, again, leaving the first-to-file -- I mean, SpaceX

14:40:55  21  is in Waco so you don't really have an argument that

14:40:59  22  there's not venue in my -- they don't have venue in my

14:41:04  23  court, right?  I mean, that would be -- can you imagine a

14:41:06  24  scenario where they would not have venue in my court?

14:41:09  25          MR. BOEHM:  I can.  If -- the fact that they have

| | |
|---|---|
| 14:41:14 | 1 |
| 14:41:17 | 2 |
| 14:41:21 | 3 |
| 14:41:25 | 4 |
| 14:41:28 | 5 |
| 14:41:33 | 6 |
| 14:41:37 | 7 |
| 14:41:41 | 8 |
| 14:41:41 | 9 |
| 14:41:44 | 10 |

14:41:14  1  a presence in Waco is not sufficient to confer venue over

14:41:17  2  a dispute.  That's essentially a Washington state unfair

14:41:21  3  labor practice case that's a west coast issue, which this

14:41:25  4  is.  So as I said, we haven't fully --

14:41:28  5          THE COURT:  So the fact that -- you know, look,

14:41:33  6  this isn't -- oh, gosh, I'll pick somebody, this isn't

14:41:37  7  Acme who has a presence somewhere.  SpaceX is in Waco.  I

14:41:41  8  mean, that's -- I mean, in other words, all I'm trying to

14:41:44  9  make clear so I understand everything is it is -- there's

14:41:47  10  nothing manufactured -- again, I'm leaving aside the

14:41:52  11  first-to-file rule.  But there's nothing manufactured

14:41:54  12  about them having filed in Waco, which is -- at least in

14:41:58  13  terms of where they are located is -- it is the place --

14:42:06  14  it's very rational from that perspective, is it not?  Why

14:42:08  15  do they have to file where the activities took place?  Is

14:42:13  16  that -- and I'm asking a question.  I don't know.  Is that

14:42:15  17  the law?

14:42:16  18          MR. BOEHM:  So under the applicable venue

14:42:18  19  provision, venue's proper where SpaceX resides.  That's in

14:42:24  20  California where their principal place of business is

14:42:27  21  located where any of the --

14:42:28  22          THE COURT:  Is the SpaceX principal place of

14:42:31  23  location in California or in Waco?

14:42:33  24          MR. BOEHM:  California.

14:42:35  25          THE COURT:  Okay.

| | | |
|---|---|---|
| 14:42:36 | 1 | MR. BOEHM:  So it's proper either where they have |
| 14:42:38 | 2 | their principal place of business.  In the case of |
| 14:42:41 | 3 | official capacity defendant, it's where they exercise the |
| 14:42:44 | 4 | duties of their office or it's where, you know, a |
| 14:42:48 | 5 | substantial portion of the events giving right to the |
| 14:42:53 | 6 | cause of action arose.  So here -- |
| 14:42:57 | 7 | THE COURT:  Is there a venue statute which |
| 14:43:00 | 8 | specifically controls?  I know in patent law, for example, |
| 14:43:03 | 9 | there's a specific venue statute.  Is there a specific |
| 14:43:07 | 10 | venue statute that controls this that we can look at that |
| 14:43:10 | 11 | maybe you cited already? |
| 14:43:14 | 12 | MR. BOEHM:  Yeah.  Well, I haven't cited it in |
| 14:43:16 | 13 | this case.  Or perhaps I did, actually.  It's 28 U.S.C. |
| 14:43:20 | 14 | 1391 is the applicable statute. |
| 14:43:22 | 15 | THE COURT:  I'm sorry.  1291? |
| 14:43:24 | 16 | MR. BOEHM:  1391. |
| 14:43:25 | 17 | THE COURT:  1391.  Okay.  Thank you. |
| 14:43:26 | 18 | MR. BOEHM:  Actually, let me look at the papers |
| 14:43:28 | 19 | just a moment just to make sure. |
| 14:43:29 | 20 | THE COURT:  Please do.  I mean, there's no hurry |
| 14:43:31 | 21 | here. |
| 14:43:41 | 22 | MR. BOEHM:  Yes, it's 28 U.S.C. 1391.  And unlike |
| 14:43:45 | 23 | patent cases that have virtually unlimited venue |
| 14:43:47 | 24 | provisions, the venue provisions of that statute are |
| 14:43:52 | 25 | governed by what's called a perhaps misleadingly |

14:43:57  1  transactional venue provision, which involves not simply

14:44:02  2  transactions but other occurrences, as well.  So it does

14:44:07  3  place limits on a court's venue.  It's not virtually

14:44:10  4  unlimited as it would be in a patent case.

14:44:14  5          THE COURT:  Did you -- I may have just

14:44:17  6  misunderstood you.  Did you say that patent venue is

14:44:19  7  virtually unlimited?

14:44:21  8          MR. BOEHM:  I probably misspoke there.  I'm sorry

14:44:23  9  but it's -- I know the venue provisions are quite liberal

14:44:26 10  in patent cases.

14:44:27 11          THE COURT:  It's just the opposite.  Have you

14:44:29 12  seen TC Heartland?  I mean, that's exactly the opposite of

14:44:34 13  what they are.  They're extremely not -- they're extremely

14:44:37 14  limited.

14:44:38 15          MR. BOEHM:  Well, I apologize.

14:44:42 16          THE COURT:  Okay.  Very good.  I do know a little

14:44:45 17  bit about the patent venue laws.  So is there anything

14:44:50 18  else you care to say?

14:44:52 19          MR. BOEHM:  I can address their arguments in

14:44:57 20  rebuttal, I suppose, but nothing that they've laid out

14:45:01 21  provides a compelling reason not to apply this

14:45:04 22  well-settled rule.

14:45:05 23          THE COURT:  Okay.  Got it.

14:45:07 24          A response.

14:45:09 25          MR. KENNEALLY:  Thank you, your Honor.  And may

| | | |
|---|---|---|
| 14:45:10 | 1 | it please the Court. |
| 14:45:11 | 2 | Defendants' motion, respectfully, would turn the |
| 14:45:15 | 3 | first-to-file doctrine on its head because rather than |
| 14:45:18 | 4 | promote comity between courts or judicial efficiency, |
| 14:45:22 | 5 | defendants are really just proposing to block SpaceX from |
| 14:45:25 | 6 | obtaining any of the relief it's seeking in this action |
| 14:45:29 | 7 | for an indefinite period of time.  Defendants never argue, |
| 14:45:33 | 8 | nor could they, that the Southern District case is |
| 14:45:36 | 9 | positioned to grant any relief for the administrative |
| 14:45:39 | 10 | proceeding at issue here.  Those two actions, the Southern |
| 14:45:43 | 11 | District action and this action, are asking for relief |
| 14:45:46 | 12 | with respect to different NLRB proceedings brought in |
| 14:45:52 | 13 | different regions of the NLRB's geographic offices; and |
| 14:45:56 | 14 | therefore, there's nothing in the Southern District case |
| 14:45:58 | 15 | that would provide the preliminary injunction that SpaceX |
| 14:46:03 | 16 | has moved for here or even permanent relief with respect |
| 14:46:08 | 17 | to the proceeding that's at issue here. |
| 14:46:11 | 18 | Nor would defendants' proposal expedite or |
| 14:46:14 | 19 | facilitate any ruling on SpaceX's preliminary injunction |
| 14:46:17 | 20 | motion in this case or its claims in this case, and that's |
| 14:46:21 | 21 | because the Southern District case is effectively on hold |
| 14:46:25 | 22 | in that court while the Fifth Circuit considers SpaceX's |
| 14:46:30 | 23 | appeal from that court's denial of the preliminary |
| 14:46:33 | 24 | injunction that SpaceX requested there. |
| 14:46:35 | 25 | So that is why defendants are making the somewhat |

14:46:39 1  unusual request here not to transfer this case for now at

14:46:44 2  least but, instead, to stay the case so that they can

14:46:47 3  decide at some future date whether they want to ask for

14:46:49 4  transfer, whether they want to move to dismiss for

14:46:52 5  improper venue, whatever else they want to do.  And that

14:46:56 6  is exactly the opposite of the attempt to limit piecemeal

14:47:00 7  litigation that the first-to-file rule is meant to

14:47:02 8  promote.

14:47:03 9      It's also notable that the defendants have not

14:47:06 10  asked for a stay pending resolution of Fifth Circuit

14:47:09 11  appeal.  They haven't argued -- they certainly haven't

14:47:14 12  conceded that a preliminary injunction in that case would

14:47:16 13  be controlling in this one.  If the two cases

14:47:19 14  substantially overlapped, however, that shouldn't be a

14:47:21 15  hard concession to make.  Instead, both parties seem to

14:47:26 16  recognize that these are separate cases arising from

14:47:29 17  separate administrative proceedings.  And if the stay

14:47:32 18  motion that the defendants have made is granted here, then

14:47:37 19  there won't be any ruling on SpaceX's request for

14:47:40 20  preliminary injunctive relief for the foreseeable future,

14:47:44 21  at least until the Fifth Circuit appeal plays out.

14:47:47 22      And by defendants' own concession, they have no

14:47:49 23  way of knowing when that will happen or when the venue

14:47:52 24  determination that they're hoping for in the Southern

14:47:55 25  District to get that case into California might actually

| | |
|---|---|
| 14:47:58 | 1 |
| 14:48:03 | 2 |
| 14:48:05 | 3 |
| 14:48:09 | 4 |
| 14:48:10 | 5 |
| 14:48:13 | 6 |
| 14:48:17 | 7 |
| 14:48:22 | 8 |

1  happen.  They say on page 9 of their motion, it's unclear
2  at present when such a ruling would occur and that's quite
3  right.  In fact, as SpaceX has argued, that may never
4  happen because the Fifth Circuit could still provide
5  guidance on the venue question in the Southern District
6  case and may reverse the district court's conclusion,
7  which only escaped en banc review in a writ of mandamus
8  posture by an eight-to-eight vote.

9  So it's very much a close question whether venue
10  is proper in that case and the Fifth Circuit may still
11  weigh in on that because, according to defendants, the
12  Southern District of Texas cannot afford a preliminary
13  injunction having ruled that it lacks venue.  So that's
14  very much a live issue in that pending Fifth Circuit
15  appeal.

16  And defendants haven't argued that there's really
17  a meaningful risk of conflicting rulings between the two
18  cases as we've pointed out in our opposition.  In fact,
19  they mostly argue that they don't need to make such a
20  showing under the first-to-file rule and they accuse us of
21  misquoting the Save Power case from the Fifth Circuit,
22  which, in turn, quoted from a First Circuit case called
23  TPM Holdings.  And the quote there, which I think goes
24  exactly to the question your Honor posed to Mr. Boehm
25  about who's supposed to decide whether there's substantial

14:49:17  1  overlap and if so, on what basis, there the court, the

14:49:21  2  Fifth Circuit recognized that where the overlap between

14:49:24  3  two suits is less than complete, the judgment is made

14:49:28  4  case-by-case based on such factors as the extent of

14:49:32  5  overlap, the likelihood of conflict, the comparative

14:49:36  6  advantage, and the interest of each forum in resolving

14:49:38  7  this dispute.

14:49:39  8       And the Fifth Circuit, contrary to defendants'

14:49:43  9  portrayal, has since reaffirmed that rule in the

14:49:46  10  International Fidelity Insurance case that both sides

14:49:48  11  discussed.  And then, district courts in this circuit have

14:49:52  12  applied it, as well, including some of the cases we cited,

14:49:54  13  Louisiana vs. Biden from the Western District of

14:49:58  14  Louisiana, and Hart vs. Donostia from the Western District

14:50:02  15  of Texas, and defendants did not grapple with those

14:50:05  16  courts' invocation of this same standard.

14:50:08  17       Here, we don't think there is a meaningful risk

14:50:11  18  of conflicting rulings because the two cases target

14:50:14  19  different NLRB proceedings.  And the NLRB concedes in

14:50:19  20  footnote 8 on page 5 of its reply brief that it could

14:50:23  21  comply with an injunction in one case even if the other

14:50:26  22  case isn't enjoined.  So the NLRB hasn't argued either

14:50:30  23  that the Southern District has a greater interest or

14:50:33  24  ability than this court in resolving the dispute.  If

14:50:36  25  anything, the NLRB has always argued that the Southern

|          |    |                                                              |
|----------|----|--------------------------------------------------------------|
| 14:50:40 | 1  | District shouldn't be resolving either case.                 |
| 14:50:41 | 2  | So in all these ways, defendants are attempting              |
| 14:50:44 | 3  | to use the first-to-file doctrine for strategic advantage    |
| 14:50:47 | 4  | and it would not promote judicial efficiency and comity to   |
| 14:50:51 | 5  | do what they're asking this court to do and indefinitely     |
| 14:50:54 | 6  | stay these proceedings.  We don't think that the             |
| 14:50:56 | 7  | substantial overlap necessary to invoke the first-to-file    |
| 14:50:59 | 8  | doctrine is present here.                                     |
| 14:51:01 | 9  | But even if there were substantial overlap, we               |
| 14:51:03 | 10 | think there are compelling circumstances for this court to   |
| 14:51:06 | 11 | exercise its discretion not to apply the doctrine and        |
| 14:51:08 | 12 | certainly not to stay this case indefinitely because by      |
| 14:51:12 | 13 | the NLRB's own admission, staying the case will              |
| 14:51:14 | 14 | indefinitely postpone any resolution of SpaceX's timely      |
| 14:51:18 | 15 | filed motion for preliminary injunction.  The Southern       |
| 14:51:22 | 16 | District proceedings, as I noted, are effectively on pause   |
| 14:51:24 | 17 | pending the Fifth Circuit's disposition of our appeal and    |
| 14:51:28 | 18 | that is -- that appeal's still in its early briefing phase   |
| 14:51:32 | 19 | and could take many more months to be fully resolved.        |
| 14:51:34 | 20 | And the NLRB could reschedule the hearing in this            |
| 14:51:38 | 21 | case anytime it chooses.  It didn't withdraw its complaint   |
| 14:51:42 | 22 | or dismiss the charge against SpaceX; instead, it sort of    |
| 14:51:47 | 23 | left the case in limbo and presents the risk that if the     |
| 14:51:50 | 24 | NLRB unilaterally decides to put the hearing back on its     |
| 14:51:55 | 25 | calendar, the parties will have to rush back into court on   |

14:51:58  1  an emergency timeline and ask for a lifting of a stay, a

14:52:02  2  renewal of the request for preliminary injunctive relief,

14:52:04  3  and who knows what else, all on a highly expedited

14:52:07  4  timetable potentially.  And there's no reason to do that

14:52:10  5  when here, there's a fully briefed preliminary injunction

14:52:13  6  motion that's already before the Court.

14:52:17  7         I think it's also important to underscore that

14:52:19  8  the cases that the NLRB is relying on here involves quite

14:52:23  9  different circumstances where there were, in fact, serious

14:52:26  10  risks of conflicting judicial rulings.  In West Gulf,

14:52:30  11  there was an intrusion by the second court on the first

14:52:33  12  court's authority because the core issue in both cases was

14:52:38  13  the same, whether a particular arbitrable decision in a

14:52:41  14  labor arbitration was valid, and the second court had

14:52:45  15  issued an injunction that was inconsistent with the first

14:52:47  16  court's ruling on that -- on that question of the validity

14:52:50  17  of the arbitrable decision.

14:52:52  18         In Mann Manufacturing, the second court similarly

14:52:55  19  interfered with the first court's authority.  In

14:52:57  20  particular, the first court's continuing power to

14:53:00  21  supervise an injunction that it had already issued.  In

14:53:03  22  Save Power, there was another possible risk of conflicting

14:53:06  23  injunctions and the courts had, in fact, both courts had

14:53:10  24  already issued rulings on a creditor's entitlement to

14:53:14  25  foreclose on a particular debtor's assets that were

```
14:53:18   1   reconcilable.
14:53:19   2            And then, most recently, in the Chamber Of
14:53:21   3   Commerce case from the Eastern District of Texas, you had
14:53:24   4   two cases challenging the same FTC rule, the same agency
14:53:29   5   action, and in both those cases, the relief sought was
14:53:32   6   identical.  Both plaintiffs wanted that rule vacated in
14:53:36   7   its entirety and had that been granted in either case, it
14:53:40   8   would have redounded to the benefit of both plaintiffs.
14:53:43   9   And the second court in that case was encouraging the
14:53:46  10   plaintiff to intervene in the first action because it
14:53:49  11   would have provided the relief that that plaintiff was
14:53:52  12   seeking.
14:53:53  13            Here again, there's nothing that the Southern
14:53:55  14   District can currently do to rule on SpaceX's preliminary
14:53:59  15   injunction motion or resolve the underlying claims while
14:54:03  16   those issues are up on appeal in the Fifth Circuit.  And
14:54:07  17   to Mr. Boehm's argument that it was improper for us not to
14:54:13  18   amend the complaint in the Southern District of Texas, to
14:54:17  19   me, that sounds like a pretty odd suggestion given that
14:54:19  20   the Court there had found that it lacked proper venue.
14:54:23  21            So the argument would be we were supposed to
14:54:25  22   amend the complaint to add a claim where the Court lacked
14:54:28  23   proper venue rather than file in a court which I think
14:54:31  24   clearly has venue.  And in that case, again, we had
14:54:35  25   already moved at the time we filed this action for
```

14:54:38  1  reconsideration of the venue decision and there was no

14:54:41  2  telling when the district court there was going to grant

14:54:44  3  that motion, act on it one way or the other.

14:54:47  4         So the idea that we had to add this case into

14:54:51  5  that case despite the huge question mark about what the

14:54:56  6  status of that case was going to be going forward, I

14:54:59  7  think, is unrealistic.  And finally, the NLRB argues on

14:55:04  8  pages 5 through 6 of its reply that if we prevail on this

14:55:08  9  motion, parties would be able to dodge the first-to-file

14:55:11  10  doctrine in any case.  That simply isn't true.  A party

14:55:15  11  can't file actually identical lawsuits over and over again

14:55:19  12  and SpaceX does not argue otherwise.

14:55:21  13         Here, however, the NLRB made the decision to

14:55:24  14  initiate a wholly separate administrative proceeding

14:55:27  15  against SpaceX in a different part of the country

14:55:30  16  involving different underlying allegations, and in doing

14:55:33  17  so, it created a new dispute between the parties and it

14:55:37  18  opened the door to a new lawsuit, as well.  I'd be happy

14:55:42  19  to address any questions that your Honor has.

14:55:46  20         THE COURT:  A response.

14:55:49  21         MR. BOEHM:  Certainly.  Counsel seems to admit

14:55:57  22  that the purpose of this lawsuit was to get a second bite

14:55:59  23  of the apple because the first case was not proceeding to

14:56:05  24  their liking.  As to the suggestion that amending the

14:56:11  25  pleadings or supplementing the pleadings would have been a

14:56:16  1   problem, the first-filed rule teaches us that the

14:56:21  2   propriety of venue or even jurisdiction in the first-filed

14:56:24  3   court is not a consideration under the rule.

14:56:26  4          So if they believed that they were in the right

14:56:28  5   court, they should have stuck to their position and

14:56:32  6   litigated all these claims in one case before one court.

14:56:37  7          As to the issue of the preliminary injunction,

14:56:41  8   you know, that issue is not the subject of this hearing.

14:56:43  9   But I will say with regard to their concerns that we could

14:56:47  10  reschedule the hearing anytime, I can represent to the

14:56:50  11  Court that in no case will the hearing proceed before the

14:56:53  12  original October hearing date.  So any sort of unfounded

14:56:59  13  speculation that we were going to pull a fast one and

14:57:00  14  schedule it, you know, I'm sure notice is not something

14:57:05  15  the Court should be concerned about.

14:57:08  16         The other thing I would note is that, you know,

14:57:12  17  the issue of a stay versus a transfer was one that was

14:57:16  18  confronted in the Chamber Of Commerce case that they

14:57:19  19  discussed and the Court ultimately decided the stay was

14:57:22  20  proper in that case.  So I don't think it's a unusual

14:57:25  21  request as they've characterized it.  I think, you know,

14:57:29  22  there are circumstances that warrant it and cases where

14:57:31  23  there's confusion about where a case should proceed might,

14:57:37  24  you know -- is -- was one of the circumstances where a

14:57:40  25  stay, at least until those issues are ironed out, makes

14:57:44  1    sense.

14:57:48  2            In terms of there's no threat of conflicting

14:57:51  3    judgments, I think the illogic of that speaks for itself

14:57:54  4    that this is a -- these two claims are a virtual carbon

14:58:00  5    copy of the claims in SpaceX 1 and a decision in one court

14:58:04  6    would be preclusive on the other as between the same

14:58:06  7    parties.  The fact that they arise from different

14:58:10  8    administrative proceedings is under the first-filed rule

14:58:15  9    of no import because what we're supposed to look at is

14:58:17  10   what they have to prove in each case.  And the vagaries of

14:58:23  11   the particular administrative law judge, you know, who's

14:58:27  12   deciding the case are not important to the ultimate issues

14:58:29  13   before this court.  And the first-filed rule's very clear

14:58:34  14   that the case does not have to be identical, a substantial

14:58:39  15   overlap is sufficient.

14:58:41  16           And in fact, in the West Power case that they

14:58:44  17   discussed, a preliminary injunction which wasn't a final

14:58:50  18   judgment was sufficiently intrusive on this -- on the

14:58:54  19   other court's authority that it came within the

14:58:59  20   prohibition of the first-filed rule.  As to the sort of

14:59:08  21   issue of the appeal holding up the case, we have proposed

14:59:12  22   a solution that would obviate any need to prosecute the

14:59:16  23   appeal.  We've asked for indicative ruling -- for an order

14:59:20  24   that would enjoin the administrative proceeding at issue

14:59:23  25   in the first-filed case.  We did that so that we could

14:59:26  1   move that case towards final judgment, which is something

14:59:29  2   that SpaceX seems to be persistently avoiding.  SpaceX has

14:59:37  3   fought us on that note too even though the relief we've

14:59:40  4   offered through that order would give them everything they

14:59:42  5   would get through a successful appeal, and probably more

14:59:44  6   because it would be -- we'd be precluded from further

14:59:48  7   challenge to it, but they have not cooperated with that

14:59:54  8   effort.  They seem intent on litigating that to the hilt.

15:00:01  9        And let's see.  And just they'd mentioned the

15:00:17  10  Save Power case, that case is very clear that the

15:00:19  11  first-filed court is the one that has the ultimate say

15:00:24  12  over whether both cases should go forward.  So I think we

15:00:27  13  should preserve that court's ability to adjudicate the

15:00:32  14  issues before it and we ask the Court issue a stay or, you

15:00:39  15  know, if it decides dismissal or transfer is proper, we

15:00:42  16  would not oppose that, as well.

15:00:46  17       THE COURT:  Any response?

15:00:48  18       MR. KENNEALLY:  Thank you, your Honor.

15:00:52  19       You know, I think the one thing that came through

15:00:55  20  clearly is that there isn't a way for SpaceX to get a

15:01:01  21  ruling on its preliminary injunction motion that's already

15:01:04  22  briefed.  And the representation that it won't go back on

15:01:08  23  the calendar before the end of October isn't a lot of

15:01:12  24  comfort given how fast moving the parties would need to be

15:01:18  25  and the courts would need to be to issue a ruling in just

15:01:22  1   under a few months if that were to happen.  We don't know

15:01:24  2   when it would go on the calendar and these actions, both

15:01:29  3   of them have seen a lot of motions practice already.  So I

15:01:34  4   think that the issuance of the stay really just runs the

15:01:37  5   risk of more fast-moving motions practice later on.

15:01:40  6            The Save Power case, I disagree, says that only

15:01:44  7   the first court decides whether there's substantial

15:01:48  8   overlap.  What the Court was saying there is that once the

15:01:51  9   second court finds that there is substantial overlap,

15:01:55  10  which would be something that this court would need to

15:01:58  11  determine about this case, then whether the second case

15:02:02  12  should move forward is presumptively an issue for the

15:02:06  13  first court to resolve.  But here, as we've argued, there

15:02:08  14  isn't enough substantial overlap because the two cases

15:02:11  15  deal with separate NLRB proceedings.  Other than that,

15:02:17  16  your Honor, I don't have a further response.

15:02:22  17            THE COURT:  Very good.  I'll be back in a few

15:02:24  18  minutes.

15:07:06  19            Okay.  The issue before the Court is whether or

15:07:11  20  not to stay the case.  The Court is not going to stay the

15:07:14  21  case.  I am going to set it for a preliminary injunction

15:07:16  22  hearing.  I think I'm free next week.  Is there a date

15:07:23  23  next week that works particularly well for you?  Well,

15:07:26  24  actually, my clerk will reach out to you and we'll get a

15:07:29  25  date and we could do that.

```
15:07:31   1          What I would ask the parties to do -- and I may
15:07:33   2   butcher the name.  I apologize in advance.  But we're
15:07:38   3   aware and y'all are, too, I'm certain, of the SEC vs.
15:07:43   4   Jarkesy, or J-A-R-K-E-S-Y, case.  If there's any briefing
15:07:48   5   you want to do based on what was held in that case for us,
15:07:52   6   that would be extremely helpful.  We think it's relevant
15:07:54   7   to what we're going to do.
15:07:56   8          Having said that, is there anything else we need
15:07:58   9   to take up at this time?
15:08:06  10          MR. KENNEALLY:  Not from our perspective, your
15:08:09  11   Honor.
15:08:09  12          MR. BOEHM:  Just as a housekeeping matter in
15:08:10  13   terms of the scheduling, is the case manager going to
15:08:13  14   reach out to us about a time?
15:08:14  15          THE COURT:  Yes.
15:08:15  16          MR. BOEHM:  Okay.
15:08:16  17          THE COURT:  Yeah.  I've got a great staff and so,
15:08:20  18   maybe as early as today.  But no.  We do our best to try
15:08:23  19   and accommodate y'all's schedules if we can but I would --
15:08:27  20   I plan on doing it next week for sure.  So my clerks are
15:08:34  21   texting me.  I don't really have a case manager.  I have
15:08:36  22   four phenomenal clerks so one of them will be reaching out
15:08:40  23   to you and getting it arranged.
15:08:43  24          MS. ESCHBACH:  And, your Honor, should we plan
15:08:45  25   for that to be in person or will it likely be over Zoom?
```

15:08:49  1          THE COURT:  I'm happy to do it by Zoom.  I'm
15:08:52  2  happy to do it -- next week, I am mostly in Austin.  I'm
15:08:58  3  in Austin, I think, Monday, Thursday and Friday and then,
15:09:01  4  Waco, Tuesday in a hearing and Wednesday in sentencings.
15:09:05  5  So, you know -- but why don't we plan on doing this.
15:09:10  6  Let's plan on doing it -- my clerks said the best time for
15:09:13  7  us, our availability is in Waco, next Wednesday afternoon.
15:09:20  8  Let's plan on doing it at 2:00 in the afternoon next
15:09:23  9  Wednesday in person.
15:09:28 10          Anything else?  Okay.  I hope you guys have a
15:09:36 11  happy 4th of July.  Take care.  We'll see you next week.
15:09:40 12          MR. BOEHM:  Thank you, your Honor.
         13          (Proceedings concluded.)
         14
         15
         16
         17
         18
         19
         20
         21
         22
         23
         24
         25

*LILY I. REZNIK, CERTIFIED REALTIME/REGISTERED MERIT REPORTER*
*U.S. DISTRICT COURT, WESTERN DISTRICT OF TEXAS (AUSTIN)*

1                              *   *   *   *   *   *

2

3   UNITED STATES DISTRICT COURT  )

4   WESTERN DISTRICT OF TEXAS     )

5

6       I, LILY I. REZNIK, Certified Realtime Reporter,

7   Registered Merit Reporter, in my capacity as Official

8   Court Reporter of the United States District Court,

9   Western District of Texas, do certify that the foregoing

10  is a correct transcript from the record of proceedings in

11  the above-entitled matter.

12      I certify that the transcript fees and format comply

13  with those prescribed by the Court and Judicial Conference

14  of the United States.

15      WITNESS MY OFFICIAL HAND this the 19th day of July,

16  2024.

17                              *Lily Iva Reznik*

18                              ~~~~~~~~~~~~~~~~~~~~~~~~
                                *LILY I. REZNIK, CRR, RMR*
19                              *Official Court Reporter*
                                *United States District Court*
20                              *Austin Division*
                                *501 West 5th Street,*
21                              *Suite 4153*
                                *Austin, Texas 78701*
22                              *(512)391-8792*
                                *SOT Certification No. 4481*
23                              *Expires:  1-31-25*

24

25

LILY I. REZNIK, CERTIFIED REALTIME/REGISTERED MERIT REPORTER
U.S. DISTRICT COURT, WESTERN DISTRICT OF TEXAS (AUSTIN)